UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
UNITED STATES OF AMERICA,   :
: MEMORANDUM & ORDER
-against-   :
: 1:20-cr-390 (ENV)
JAVIER AGUILAR,   :
:
　　　　　　　　　　　Defendant.   :
---------------------------------------------------------------- x

VITALIANO, D.J.

On April 6, 2023, this Court issued a Memorandum & Order that, *inter alia*, denied without prejudice a motion by defendant Javier Aguilar to dismiss the "Mexico-related charges," consisting of the entirety of Counts Two and Four of the Superseding Indictment and that portion of Count Five of the Superseding Indictment that pertained to Mexico rather than Ecuador, or, in the alternative, to transfer the Mexico-related charges to the Southern District of Texas. Severance Order, Dkt. 140, at 1, 13–17. On April 27, 2023, defendant filed a renewed motion to dismiss the Mexico-related charges, but without renewing his request for transfer as alternative relief. Mot., Dkt. 147.

The disposition of this motion with respect to Counts Two and Four has been well-foreshadowed. As discussed in the Court's previous order and as conceded by the government in its briefing on this motion, venue does not lie in this district on those charges. Severance Order at 14 (citing Gov't Mem. re Severance, Dkt. 133, at 29); Gov't Mem., Dkt. 150, at 9–10 (conceding lack of venue on Counts Two and Four).[1] A court cannot try a defendant on a criminal charge

---

[1] Page citations to the parties' memoranda are with reference to ECF pagination rather than internal pagination.

lacking venue unless that defendant waives any objection as to venue. *See United States v. Novak*, 443 F.3d 150, 160–61 (2d Cir. 2006). Aguilar has affirmatively declined to do so here. *See* Def.'s Mem., Dkt. 147-1, at 17–18. Those counts are therefore dismissed without prejudice to their refiling in a court of competent jurisdiction.

As for the request to splice Count Five and dismiss the portion of that count concerning the Mexico-related scheme, the issue is more complicated. "Venue is proper for conspiracy charges 'in any district in which an overt act in furtherance of the conspiracy was committed.'" *United States v. Lange*, 834 F.3d 58, 70 (2d Cir. 2016) (quoting *United States v. Tzolov*, 642 F.3d 314, 319–20 (2d Cir. 2011)). In the Superseding Indictment, the government contends that the money laundering conspiracy took place "within the Eastern District of New York and elsewhere." Superseding Indictment, Dkt. 120, at 23–24, ¶ 56. Such an allegation is typically sufficient at this stage of the proceedings. *See, e.g.*, *United States v. Bellomo*, 263 F. Supp. 2d 561, 579 (E.D.N.Y. 2003) (An "indictment, alleging on its face that the offenses occurred 'within the Eastern District of New York and elsewhere,' suffices to sustain it against [a] pretrial attack on venue."); *United States v. Ji*, No. 21 Cr. 265 (PKC) (S-1), 2022 WL 595259, at *9 & n.10 (E.D.N.Y. Feb. 28, 2022) (collecting cases).

At first blush, venue over money laundering charges relating to the proceeds of the Mexico-related scheme might appear mislaid. In its briefing, the government concedes that no part of the underlying Mexico-related scheme took place in this district. *See* Gov't Mem. at 7, 9–10; Reply Mem., Dkt. 152, at 9; *see also id.* at 12–19 (noting Aguilar's contention that "venue for the underlying specified unlawful activities related to Mexico does not lie in this district" and not disputing the fact of lack of venue for that underlying conduct). But this fact alone does not necessarily defeat venue. The money laundering statute separates the "specified unlawful activity"

2

that produces the funds laundered in a money laundering scheme, *see* 18 U.S.C. § 1956(c)(7), from the financial transactions that constitute the scheme to launder those funds, *see id.* at § 1956(c)(3), (c)(4). *See also id.* at § 1956(a)(1) (prohibiting any person from "conduct[ing] or attempt[ing] to conduct . . . a financial transaction which in fact involves the proceeds of specified unlawful activity").

Indeed, the statute separately provides that venue for a charge of conspiracy to commit money laundering is proper in any of three sets of places: any district where the specified unlawful activity underlying the scheme took place, *see id.* at § 1956(i)(1)(B), any district where the financial transactions constituting the scheme itself are conducted, *see id.* at § 1956(i)(1)(A), or any district "where an act in furtherance of the . . . conspiracy took place," *id.* at § 1956(i)(2). *See also United States v. Zvi*, 168 F.3d 49, 60 (2d Cir. 1999) ("The fact that the wire fraud charge itself was dismissed for lack of venue does not preclude its use as the 'specified unlawful activity' for money laundering charges."), *abrogated in part on other grounds by United States v. Weingarten*, 713 F.3d 704, 710 n.5 (2d Cir. 2013).

Notwithstanding defendant's claim that the money laundering count consists of "logically, legally, and practically separable" halves, *see* Reply Mem. at 8, as noted above, the government contends that there existed one single conspiracy, conducted "within the Eastern District of New York and elsewhere," to launder the proceeds of both the Ecuador- and Mexico-related schemes. *See* Superseding Indictment at 23–24, ¶ 56; Gov't Mem. at 16 ("[T]he Superseding Indictment alleges *one* money laundering conspiracy—as to both Ecuador- and Mexico-related conduct—and plainly alleges venue as to the single conspiracy."); *see also* Severance Order at 4 (noting that "Aguilar allegedly used two of the same co-conspirators . . . , the same accounts, and some of the same sham agreements" to effectuate both underlying schemes); *cf. United States v. Desnoyers*,

3

637 F.3d 105, 110 (2d Cir. 2011) (noting that a single conspiracy can have multiple objectives). Because the government separately alleges that that single conspiracy included financial transactions that were conducted in this district, it is of no consequence that some of the specified unlawful activity was conducted elsewhere, and venue is proper in this district for the entire money laundering scheme. *See Zvi*, 168 F.3d at 60; *see also United States v. Boruch*, 550 F. App'x 30, 33 (2d Cir. 2013); *Word v. United States*, 589 F. Supp. 806, 806–07 (S.D.N.Y. 1984) (rejecting defendant's argument that venue was lacking for conspiracy count where "two overt acts enumerated in the conspiracy count were committed outside this district" because "a conspiracy may be prosecuted in any district in which the agreement was formed or in which there was an act in furtherance of the conspiracy"). Defendant's motion to dismiss Count Five is therefore denied without prejudice to its renewal at trial in the event that defendant contends that the government has failed to show by the preponderance of the evidence that venue is proper as to that count. *See Bellomo*, 263 F. Supp. 2d at 579–80.

In his reply brief, Aguilar further argues that, if Count Five is not spliced and dismissed in part, it could create risks of a non-unanimous jury verdict on that claim, therefore necessitating that "the Court will have to instruct the jury precisely and carefully that it must 'identify the specified unlawful activity or activities upon which it unanimously agrees' using a 'special verdict form.'" Reply Mem. at 12–14 (quoting *United States v. Liersch*, No. 04 Cr. 2521 (JSR), 2005 WL 6414047, at *8 (S.D. Cal. May 2, 2005)). Even if such a risk is present, it does not defeat the venue established above. In any event, that risk need not be mitigated by splicing or dismissing the count, as it can concededly be resolved through a jury instruction and verdict sheet as discussed by defendant.

Aguilar's memorandum in support of his motion spills ample ink arguing that the Court was mistaken in its previous holding that it has the authority to transfer, rather than solely to dismiss, a count over which it does not have jurisdiction. *See* Def.'s Mem. at 12–23; *see also* Gov't Mem. at 10–12. But the Court need not joust with Aguilar on this point in the context of his renewed motion. Resolution travels a far simpler path: the fact that a court cannot transfer a criminal charge without a defendant's consent fully answers the question raised on the renewed motion. The plain language of Federal Rule of Criminal Procedure 21 provides for transfer only "[u]pon the defendant's motion." Fed. R. Crim. P. 21(a), (b); *see also United States v. Coriaty*, No. 99 Cr. 1251 (DAB), 2000 WL 1099920, at *4 (S.D.N.Y. Aug. 7, 2000) ("[I]f [the moving defendant's] case is transferred, the prosecution against the non-moving Defendant . . . will remain in New York."); *United States v. Clark*, 360 F. Supp. 936, 945 (S.D.N.Y. 1973) ("Although the action is to be transferred . . . as to the moving defendants . . . it is *not* to be transferred as to Clark, who opposes transfer[, or as to] McCollum and Miller, who have not requested transfer."); *United States v. Corallo*, 281 F. Supp. 24, 26 (S.D.N.Y. 1968) (refusing to transfer case as to non-moving defendants "not only because of the language of Rule 21(a) requiring that the transfer be upon motion of the defendant . . . [but] also because of the Sixth Amendment right of a defendant to a trial in the district wherein the crime shall have been committed" (internal quotation marks omitted)). In the instant motion, unlike in his previous motion, Aguilar pointedly moves only for dismissal, not for transfer, of the Mexico-related charges. *Compare* Def.'s Mot. to Sever, Dkt. 127, at 1 ("Defendant Javier Aguilar moves the Court . . . for orders . . . *either* dismissing [the Mexico-related] charges for lack of venue in the Eastern District of New York *or* transferring them to the Southern District of Texas." (emphases added)), *with* Mot. at 1 ("Defendant Javier Aguilar respectfully renews his motion to dismiss Counts Two, Four, and the portion of Count Five

predicated on alleged Mexico-related offense conduct . . . for lack of venue . . . . [T]he Court must dismiss—and lacks the power to transfer—the Mexico-related charges."). Accordingly, Aguilar's renewed motion to dismiss the Mexico-related charges for lack of venue in this district is granted as to Counts Two and Four and denied as to Count Five.

Finally, all other open pending or related pretrial matters will be addressed at the next status conference, currently scheduled for June 7, 2023.

So Ordered.

Dated: Brooklyn, New York
May 31, 2023

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge