JPL/MRG
F. #2019R01460

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -                    Docket No. <u>20-CR-390 (S-1) (ENV)</u>

JAVIER AGUILAR,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

THE GOVERNMENT'S MEMORANDUM OF LAW IN RESPONSE TO
THE DEFENDANT'S MOTION TO DISMISS
<u>THE MEXICO-RELATED PORTION OF COUNT FIVE AS DUPLICITOUS</u>

                         BREON PEACE
                         UNITED STATES ATTORNEY
                         Eastern District of New York
                         271 Cadman Plaza East
                         Brooklyn, New York 11201

Jonathan P. Lax
Matthew R. Galeotti
Assistant United States Attorneys

Derek J. Ettinger
Jonathan P. Robell
Assistant Chiefs, Fraud Section
Clayton P. Solomon
Trial Attorney, Fraud Section
      (Of Counsel)

Adam Schwartz
Deputy Chief, Money Laundering and Asset Recovery Section
D. Hunter Smith
Trial Attorney, Money Laundering and Asset Recovery Section
      (Of Counsel)

TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................. 1

RELEVANT BACKGROUND ................................................................. 1

LEGAL STANDARD............................................................................... 3

ARGUMENT ........................................................................................... 5

    I.   COUNT FIVE ADEQUATELY ALLEGES A SINGLE MONEY LAUNDERING CONSPIRACY .................................................................. 5

    II.  AGUILAR'S ARGUMENTS IN SUPPORT OF DISMISSAL LACK MERIT............... 7

        A.  Aguilar Ignores the Standard of Review................................... 7

        B.  The Government's Charging Decisions Do Not Show That Count Five Is Duplicitous.......................................................... 8

        C.  Aguilar's Claims Of Prejudice Are Irrelevant And Incorrect .................................... 10

CONCLUSION..................................................................................... 13

TABLE OF AUTHORITIES

PAGE(S)

CASES

Braverman v. United States,
 317 U.S. 49 (1942)........................................................................................ 3

Frohwerk v. United States,
 249 U.S. 204 (1919)...................................................................................... 5

United States v. Barret,
 824 F. Supp. 2d 419 (E.D.N.Y. 2011) ......................................................... 4

United States v. Berger,
 224 F.3d 107 (2d Cir. 2000) ..................................................................... 4, 10

United States v. Coffey,
 361 F. Supp. 2d 102 (E.D.N.Y. 2005) ....................................................... 5, 6

United States v. Felix,
 503 U.S. 378 (1992)...................................................................................... 11

United States v. Gabriel,
 920 F. Supp. 498 (S.D.N.Y. 1996, aff'd, 125 F.3d 89 (2d Cir. 1997).................. 4, 6, 7, 8, 10

United States v. Greenberg,
 No. 21-CR-92 (AJN), 2022 WL 827304 (S.D.N.Y. Mar. 9, 2022) ...................... 4, 6

United States v. Hanst,
 Cr. No. 22-075 (ENV) .................................................................................. 9

United States v. Kakos,
 483 F.3d 441 (6th Cir. 2007) ....................................................................... 7

United States v. Molina,
 No. 11 CR 528 JFK, 2013 WL 2455922 (S.D.N.Y. June 5, 2013) ................ 4, 7, 10

United States v. Murray,
 618 F.2d 892 (2d Cir. 1980) ..................................................................... 3, 4, 8

United States v. Ohle,
 678 F. Supp. 2d 215 (S.D.N.Y. 2010) ......................................................... 4

United States v. Potamitis,
 793 F.2d 784 (2d Cir. 1984) ................................................................... 5, 7, 10

ii

United States v. Rajarantnam,
    No. 13 CR. 211 NRB, 2014 WL 1554078 (S.D.N.Y. Apr. 17) ................................... 4, 5, 8, 9

United States v. Ricciardi,
    40 F.R.D. 135 (S.D.N.Y. 1965) ................................................................................... 7

United States v. Sturdivant,
    244 F.3d 71 (2d Cir. 2001) ............................................................................... 3, 4, 7, 8

United States v. Thompson,
    76 F.3d 442 (2d Cir.1996) ......................................................................................... 8

United States v. Viserto,
    596 F.2d 531 (2d Cir. 1979) ..................................................................................... 7

STATUTES

18 U.S.C. § 1952 ................................................................................................................ 3

18 U.S.C. § 1956(a)(2)(B)(i) ............................................................................................ 3

Tex. Pen. Code § 32.43 ..................................................................................................... 3

RULES

Fed R. Crim. P. 8(a) .......................................................................................................... 3

Fed. R. Crim. P. 7(c)(1) .................................................................................................... 9

PRELIMINARY STATEMENT

The government respectfully submits this memorandum of law in response to defendant Javier Aguilar's August 9, 2023 motion to dismiss.  See ECF Dkt. No. 169-1 ("Def. Mot.").  Aguilar's motion—filed over eight months after the return of the superseding indictment and five months after the deadline that the Court set for Rule 12 motions—is untimely and, ultimately, just a repackaging of arguments that have already been considered and rejected by the Court.  As discussed below, Count Five of the Superseding Indictment plainly alleges that Aguilar, Co-Conspirator #1, Hanst, and others engaged in one money laundering conspiracy.  Therefore, under controlling Second Circuit authority, Aguilar's argument that there were two "separate and distinct" money laundering conspiracies is a question of fact to be resolved by the jury, not by the Court on a pretrial motion.

RELEVANT BACKGROUND

On September 20, 2020, a grand jury in this district returned an indictment charging Aguilar with one count of conspiracy to violate the Foreign Corrupt Practices Act ("FCPA") and one count of conspiracy to commit money laundering.  ECF Dkt. No. 13.  Both counts related to a scheme to bribe Ecuadorian officials.

On December 2, 2022, a grand jury in this district returned a five-count superseding indictment.  See ECF Dkt. No. 120 (the "Superseding Indictment").  Counts One and Three charged Aguilar with conspiracy to violate and with violating the FCPA in relation to a scheme to bribe Ecuadorian officials alleged in the original indictment.  Counts Two and Four charged Aguilar with conspiracy to violate and with violating the FCPA in relation to a scheme to bribe Mexican officials.  Count Five charged a money laundering conspiracy in relation to the promotion of and concealment of the proceeds of the Ecuador and Mexico bribery schemes.

On March 3, 2023, Aguilar moved the Court to sever the Ecuador bribery scheme charges from the Mexico bribery scheme charges under Rules 8 and 14(a) of the Federal Rules of Criminal Procedure and, upon severance, conditionally moved to "either dismiss the Mexico-related charges for lack of venue in the Eastern District of New York under Rule 18, or transfer them to the Southern District of Texas under Rule 21(b)." ECF Dkt. No. 127-1 at 1.  On April 12, 2023, the Court denied Aguilar's motion.  ECF Dkt. No. 140 at 1.  The Court denied the motion with prejudice to the extent it sought severance, finding that "[t]he similarities in origin, structure, conduct, and operation, as revealed in the Superseding Indictment itself, show that the Mexico-related charges and the Ecuador-related charges are clearly related enough to justify joinder."  ECF Dkt. No. 140 at 7.  The Court denied the motion without prejudice to the extent it sought transfer or dismissal based on venue.  The Court explained that it did so to permit Aguilar to decide whether he still wished to maintain a venue objection to the Mexico-related counts "now armed with the knowledge that . . . evidence related to those charges will likely be admissible under Rule 404(b) in a trial before this Court on only the Ecuador-related charges."  Id. at 16.

On April 27, 2023, Aguilar filed a renewed "motion to dismiss Counts Two, Four, and the portion of Count Five predicated on alleged Mexico-related offense conduct."  ECF Dkt. No. 147.   The government did not object to the dismissal of Counts Two and Four on venue grounds.  See ECF Dkt. No. 150 at 9.  Accordingly, on May 31, 2023, this Court dismissed those two counts "without prejudice to their refiling in a court of competent jurisdiction," ECF Dkt. No. 154 at 2.  The Court observed, however, that Count Five alleged "that there existed one single [money laundering] conspiracy," and therefore denied Aguilar's motion to dismiss the Mexico "portion" of that count.  Id. at 3-6.  In doing so, the Court rejected Aguilar's argument that Count Five

contained two "'logically, legally, and practically separable' halves"—one for Mexico and the other for Ecuador. Id. at 2 (quoting Aguilar's brief).

On August 3, 2023, a grand jury in the Southern District of Texas returned a five-count indictment against Aguilar.  Each of the counts relate to the scheme to bribe Mexican officials.  Counts One and Two alleged a conspiracy to violate the FCPA and a substantive FCPA violation, and were substantially similar to the two counts that were dismissed without objection in this district on venue grounds.  Count Three alleged a violation of the Travel Act, 18 U.S.C. § 1952, in relation to the promotion and distribution of proceeds of violations of the Texas Commercial Bribery Statute, Tex. Pen. Code § 32.43.  Counts Four and Five alleged substantive money laundering violations under 18 U.S.C. § 1956(a)(2)(B)(i).

On August 9, 2023, Aguilar filed the present motion to dismiss, again seeking dismissal of the "Mexico-related portion of Count Five," Def. Mot. 17, this time on the ground that Count Five is allegedly duplicitous.

LEGAL STANDARD

An indictment is duplicitous "if it joins two or more distinct crimes in a single count." United States v. Sturdivant, 244 F.3d 71, 75 n.3 (2d Cir. 2001).  The doctrine of duplicity therefore implements Federal Rule of Criminal 8(a)'s "requirement that there be 'a separate count for each offense.'"  Id. (quoting Fed R. Crim. P. 8(a)).  It is, however, "well established that '(t)he allegation in a single count of a conspiracy to commit several crimes is not duplicitous.'" United States v. Murray, 618 F.2d 892, 896 (2d Cir. 1980) (quoting Braverman v. United States, 317 U.S. 49, 54 (1942)).  That is because "[t]he conspiracy is the crime and that is one, however diverse its objects." Id. at 896 (quoting Braverman, 317 U.S. at 54).

At the pre-trial stage, "[b]oilerplate allegations of a single conspiracy" generally suffice to defeat a motion to dismiss on duplicity grounds. United States v. Rajarantnam, No. 13

CR. 211 NRB, 2014 WL 1554078, at *4 (S.D.N.Y. Apr. 17); see, e.g., United States v. Gabriel, 920 F. Supp. 498, 505 (S.D.N.Y. 1996, aff'd, 125 F.3d 89 (2d Cir. 1997) ("boilerplate allegations" sufficed); United States v. Ohle, 678 F. Supp. 2d 215, 222 (S.D.N.Y. 2010) (same).  "This is true even where the indictment 'appears to actually allege two distinct conspiracies and thus to offend the prohibition against combining multiple conspiracies within a single conspiracy count.'" United States v. Molina, No. 11 CR 528 JFK, 2013 WL 2455922, at *1 (S.D.N.Y. June 5, 2013) (quoting Gabriel, 920 F. Supp. at 504-05).  That is because "[p]retrial dismissal is inappropriate" unless it is clear "on the basis of the pleadings alone that there is no set of facts that could warrant a reasonable jury in finding a single conspiracy.'" United States v. Greenberg, No. 21-CR-92 (AJN), 2022 WL 827304, at *11 (S.D.N.Y. Mar. 9, 2022) (quoting Gabriel, 920 F. Supp. at 505) (emphasis in original) (ellipses omitted).

Because that standard is rarely met, "a district court should ordinarily not grant a motion to dismiss for duplicity where the indictment sufficiently alleges a single conspiracy." Molina, 2013 WL 2455922, at *1.  And even where that standard has been met, a defendant must also "demonstrate prejudice" from the allegedly duplicitous count to be entitled to relief. Sturdivant, 244 F.3d at 75 (citing Murray, 618 F.2d at 896).

"If the Indictment on its face sufficiently alleges a single conspiracy, the question of whether a single conspiracy or multiple conspiracies exists is a question of fact for the jury." United States v. Barret, 824 F. Supp. 2d 419, 445 (E.D.N.Y. 2011); see United States v. Berger, 224 F.3d 107, 114 (2d Cir. 2000) ("Whether the government's proof shows a single conspiracy or multiple conspiracies is a question of fact for a properly instructed jury" (quotation marks

omitted)); United States v. Potamitis, 793 F.2d 784, 787 (2d Cir. 1984) (describing the question of a single or multiple conspiracies as "singularly well-suited to resolution by the jury").

ARGUMENT

I.    COUNT FIVE ADEQUATELY ALLEGES A SINGLE MONEY LAUNDERING CONSPIRACY

      The defendant cites no case in which a motion to dismiss premised on a supposedly duplicitous conspiracy count has been granted by a court in this Circuit.  That is because the "Government is generally given wide latitude in charging a conspiracy," Rajarantnam, 2014 WL 1554078, at *4, and here—as the Court has already found—the Superseding Indictment plainly alleges a single money laundering conspiracy involving the defendant's overlapping and intermingled promotion and concealment of both the Ecuador and Mexico bribery schemes.  See ECF Dkt. No. 120 at ¶¶ 55-56.  This allegation is enough to defeat Aguilar's motion to dismiss. Rajarantnam, 2014 WL 1554078, at *4.

      Even if the Court were to inquire beyond that allegation, the face of the Superseding Indictment makes plain that there was only one money laundering conspiracy: Aguilar conspired with at least two other individuals, Co-Conspirator #1 and Lionel Hanst, to promote or conceal the proceeds of both the Ecuador and the Mexico bribery schemes.  See ECF Dkt. No. 120 ¶¶ 16, 43, 49(f), 52(b), 52(f).  A "charge of conspiracy to commit several crimes in one count is not duplicitous because the crime is conspiracy which is one crime regardless of the diversity of its objects." United States v. Coffey, 361 F. Supp. 2d 102, 110 (E.D.N.Y. 2005) (citing Frohwerk v. United States, 249 U.S. 204, 210 (1919)).  Here, Aguilar and his co-conspirators carried out their money laundering scheme by paying the bribes to officials in Ecuador and Mexico out of the very same slush fund that they created through their illegitimate money laundering activities. Specifically, Aguilar and his co-conspirators created a slush fund by causing wire transfers from

5

Vitol S.A. bank accounts in the United Kingdom to Curaçao bank accounts in the name of Hanst's companies Lion Oil and Zanza Oil.  See id. at ¶¶ 29, 40.  They concealed and disguised these payments by having Lion Oil and Zanza Oil enter a series of sham brokerage and commodity swap agreements with Vitol, S.A., see id. at ¶¶ 31, 41, and then submitted sham invoices to Vitol S.A. under which the payments were purportedly made, id. at ¶¶ 32, 41.  To further conceal the money laundering scheme, and the illegitimate slush fund that they had created, Aguilar used alias email accounts to transmit and receive the sham agreements and invoices.  See, e.g., id. at ¶ 35.  From this common slush fund, Hanst, Aguilar and Co-Conspirator #1 then caused bribes to be paid to officials in both Ecuador and Mexico.  Id. at ¶¶ 30, 40.

These allegations of a common slush fund, created by the same co-conspirators, using the same methods, for the same purpose of paying bribes to win Aguilar and Vitol, Inc. business require denial of Aguilar's motion.  In light of them, "the Court cannot conclude on the basis of the pleadings alone that there is no set of facts falling within the scope of Count [Five] that could warrant a reasonable jury in finding a single conspiracy," Gabriel, 920 F. Supp. at 505 (emphasis in original); Greenberg, 2022 WL 827304, at *11.

But the allegations supporting a single money laundering conspiracy do not end there.  As the Superseding Indictment alleges, after they created the Hanst slush fund, Aguilar and his co-conspirators further laundered the money from the slush fund downstream to both Mexican and Ecuadorian bribe recipients through nearly identical means and methods.  These included payments from Hanst to intermediaries using sham agreements and sham invoices, see id. at ¶¶ 33-34, 42-43, and use of the same alias email accounts, e.g., id. ¶¶ 35, 43, 49(f) and, again, all for the

same general purpose—paying bribes to obtain and retain business for Aguilar and his employer, Vitol, Inc., see id. ¶¶ at 25, 37.

In the face of these allegations and other evidence that the government will put on at trial, Aguilar is "free to argue . . . to the jury" that there was more than one money laundering conspiracy. Molina, 2013 WL 2455922, at *2. But whether the evidence at trial ultimately shows one conspiracy or multiple is a question "singularly well-suited to resolution by the jury." Potamitis, 793 F.2d at 787.

## II. AGUILAR'S ARGUMENTS IN SUPPORT OF DISMISSAL LACK MERIT

Aguilar's arguments to dismiss the "Mexico-related" portion of Count Five as duplicitous lack merit. His motion (1) disregards the standard of review on a pretrial motion; (2) fails to show duplicity; and (3) fails to show prejudice.

### A. Aguilar Ignores the Standard of Review

Aguilar's motion fails to address the standard of review for a pretrial motion to dismiss on the basis of duplicity. Rather, the cases Aguilar cites in support of pretrial dismissal, see Def. Mot. 7, state only (in dicta) that a defendant "can request that a duplicitous indictment be dismissed," United States v. Kakos, 483 F.3d 441, 444 (6th Cir. 2007), that defendants "could have moved before trial to dismiss [a supposedly duplicitous] indictment," United States v. Viserto, 596 F.2d 531, 538 (2d Cir. 1979), and that a duplicitous count might be dismissed "in a proper case," United States v. Ricciardi, 40 F.R.D. 135, 135 (S.D.N.Y. 1965) (same). None of these cases actually resulted in dismissal of a duplicitous count before trial; nor do they say what a "proper case" for such dismissal might be, nor anything else about the standard of review on a pretrial motion. Aguilar also cites, see Def. Mot. 7, United States v. Sturdivant, 244 F.3d 71 (2d Cir. 2001)

but that case observed only that "[d]uplicity does not necessarily require dismissal of an indictment." Id. at 79.

As described above, the standard of review at this stage of the case is clear: a pretrial motion based on duplicity should be granted only if the Court can conclude, based on "the pleadings alone," that no "reasonable jury [could] find[] a single conspiracy," Gabriel, 920 F. Supp. at 505.  That high bar, which Aguilar ignores, has not been met here.

B.    The Government's Charging Decisions Do Not Show That Count Five Is Duplicitous

Aguilar's principal argument as to why Count Five is duplicitous is that the government's decision to charge separate FCPA conspiracies necessarily implies that the government must also charge two separate money laundering conspiracies.  Def. Mot. at 8.  That argument is flawed.[1]

First and foremost at this stage, "[t]he Government is generally given wide latitude in charging a conspiracy." Rajarantnam, 2014 WL 1554078, at *4.  Indeed, there are several legitimate reasons why the single money laundering conspiracy as charged in the Superseding Indictment is proper.

For example, offenses under the FCPA and the money laundering statutes have different elements and, therefore, the evidence that might support separate FCPA conspiracies

---

[1] Aguilar does not argue, because he cannot, that Count Five is duplicitous simply because the bribes to Mexican officials involved different money laundering transactions, involving different downstream intermediaries and beneficiaries, than the bribes to Ecuadorian officials.  As described above, "[t]he conspiracy is the crime and that is one, however diverse its objects," and thus "the allegation in a single count of a conspiracy to commit several crimes is not duplicitous." Murray, 618 F.2d at 896 (quotation marks omitted).  Further, "[t]he members of the conspiracy do not have to conspire directly with every other member of it, or be aware of all acts committed in furtherance of the conspiracy, or even know every other member." Id. (quotation marks omitted).  Moreover, "participants' goals need not be congruent for a single conspiracy to exist, so long as their goals are not at cross-purposes." United States v. Thompson, 76 F.3d 442, 454 (2d Cir.1996).

8

might not support separate money laundering conspiracies (and vice versa).    Relatedly, the evidence might show that all the participants in a money laundering conspiracy agreed to launder criminal proceeds (in which case a single money laundering conspiracy would be appropriate), but all of those same participants might not have agreed to engage in all the same predicate offenses (in which case separate conspiracy charges for the different underlying crimes might be more appropriate).  This is precisely why the government has discretion in its charging theories and why the question of duplicity is appropriately reserved until the end of trial.

In addition, the government's charging instruments in other cases have no bearing on the nature of the money laundering conspiracy alleged in the Superseding Indictment.  See Def. Mot. 8.  The informations against Espinosa Barba and Guzman Manzanilla required only a "plain, concise, and definite written statement of the essential facts constituting the offense charge," Fed. R. Crim. P. 7(c)(1) not a comprehensive accounting of every aspect of the money laundering conspiracy that they joined.  Therefore, those informations cannot be considered a concession by the government that Aguilar, Hanst, and Co-Conspirator #1's money laundering conspiracy was limited to Mexico.  In any event, if informations in other cases were relevant, the information against Hanst—which was filed after the Guzman and Espinosa informations—alleges one money laundering conspiracy, involving both Ecuador and Mexico.  See United States v. Hanst, Cr. No. 22-075 (ENV), ECF Dkt. No. 8.  Under Aguilar's rationale, the Hanst information would establish the singularity of the money laundering conspiracy involving both Ecuador and Mexico charged in Count Five.

Aguilar, no doubt, disagrees with how the government has exercised its "wide latitude," Rajarantnam, 2014 WL 1554078, at *4, in charging the conspiracies against him and his co-conspirators.  But that is not a basis for dismissal.  Ultimately, Aguilar's arguments as to the

number of conspiracies that in fact existed must be made to the jury on the record established at trial.  See Potamitis, 793 F.2d at 787; Berger, 224 F.3d at 114; Molina, 2013 WL 2455922, at *2.[2]

C.    Aguilar's Claims Of Prejudice Are Irrelevant And Incorrect

Aguilar's arguments as to prejudice are irrelevant because he has failed to show duplicity (much less to the standard required on a pretrial motion).  But those arguments are unpersuasive, in any event.

First, this Court has already rejected Aguilar's argument that Count Five presents an "unacceptable risk" of juror confusion.  Def. Mot. 10.  Just as this Court ruled when Aguilar made the same argument to dismiss Count Five on venue grounds, any such risk can "be resolved through a jury instruction and verdict sheet."  ECF Dkt. No. 154 at 4.  Aguilar disagrees, reasoning that this Court's instructions will be "no match" for the complexity of Count Five.  Def. Mot. 10. But there is no need to revisit this issue—particularly given that "the Court of Appeals has repeatedly cautioned that the determination of whether a conspiracy is single or multiple is an issue of fact singularly well suited to determination by a jury."  Gabriel, 920 F. Supp. at 504 (quotation marks omitted).  Moreover, as this Court previously noted, "even if such a risk [of juror confusion] is present, it does not defeat" the existence of a single money laundering conspiracy.  ECF Dkt. No. 154 at 4.

Second, Aguilar is mistaken that Count Five opens an "improper backdoor" to introduce evidence of the Mexico scheme.  Def. Mot. 11.  To the extent there is any legitimacy to this argument, any such "backdoor" could be improper only if Count Five were duplicitous, which

---

[2] Aguilar also contends that "the government's decision to charge Mr. Aguilar in Houston with two [Mexico-related] counts of substantive money laundering," Def. Mot. 8, somehow shows that the laundering of the Mexican bribes must have been a distinct conspiracy from the laundering of the Ecuadorian bribes.  This argument, which Aguilar does not explain, does not make sense for the reasons set forth above.

10

it is not.  Regardless, even if Count Five were duplicitous, the Mexico-related evidence would still be admissible at trial because, as this Court previously stated, evidence of the Mexico bribery scheme would "likely be admissible under Rule 404(b) in a trial before this Court on only the Ecuador-related charges."  ECF Dkt. No. 140 at 16.

Third, Aguilar's argument that Count Five undermines his venue rights, see Def. Mot. 12, both ignores this Court's prior rulings and necessarily assumes that Count Five is duplicitous.  Because it is not duplicitous, this prejudice argument fails.

Fourth, Aguilar's speculative double jeopardy concerns are unfounded for several reasons, including that an acquittal on Count Five would not bar prosecution on the substantive money laundering counts in the Southern District of Texas because of the "rule that a substantive crime and a conspiracy to commit that crime are not the 'same offence' for double jeopardy purposes."  United States v. Felix, 503 U.S. 378, 389 (1992).  In any event, the double jeopardy consequences of an acquittal on Count Five can—and should—be determined only if Aguilar is acquitted on Count Five.  They are no reason to dismiss part of Count Five now.

Finally, like his previous venue-based challenges to Count Five, Aguilar's latest attempt to splice the money laundering conspiracy count appears to be yet another attempt to shield him from prosecution as to the full range of conduct involved in the money laundering conspiracy. If Aguilar's request for separate trials on the Mexico- and Ecuador-related aspects of the money laundering conspiracy were granted, Aguilar would surely raise a double jeopardy challenge in light of the extensive factual overlap between the two aspects of the conspiracy.  As such, Aguilar's argument that only a portion of the money laundering conspiracy should be dismissed for the sake of protecting his double jeopardy rights, see Def. Mot. 13, rings hollow.  The Court should reject

11

Aguilar's apparent attempt to use double jeopardy protections to bar the government from trying him for a money laundering conspiracy in connection with the Mexico bribery scheme.

CONCLUSION

For the reasons set forth above, the Court should deny Aguilar's motion to dismiss.

Dated:      Brooklyn, New York
            August 21, 2023

                                        Respectfully submitted,

                                        BREON PEACE
                                        United States Attorney

                              By:       _____/s/_____
                                        Jonathan P. Lax
                                        Matthew R. Galeotti
                                        Assistant U.S. Attorneys

                                        GLENN S. LEON
                                        Chief, Fraud Section
                                        Criminal Division, U.S. Dept. of Justice

                              By:       _____/s/_____
                                        Derek J. Ettinger
                                        Jonathan P. Robell
                                        Assistant Chiefs, FCPA Unit
                                        Clayton P. Solomon
                                        Trial Attorney, FCPA Unit

                                        MARGARET A. MOESER
                                        Acting Chief, Money Laundering and Asset
                                          Recovery Section
                                        Criminal Division, U.S. Dept. of Justice

                              By:       _____/s/_____
                                        Adam Schwartz
                                        Deputy Chief, International Unit
                                        D. Hunter Smith
                                        Trial Attorney, International Unit