**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**------------------------------------------------ x**
**--------------**
**UNITED STATES OF AMERICA**

**-against-**

**JAVIER AGUILAR,**

Defendant.x
**------------------------------------------------**
**--------------**

:
:
:
:
:
:
:
:
:
:
:

**FINAL JURY CHARGE**

**1:20-cr-390 (ENV)**

**VITALIANO, D.J.**

## TABLE OF CONTENTS

**I. GENERAL RULES** ...................................................**9**

**PRELIMINARY INSTRUCTIONS** ......................................**9**

**THE DUTIES OF THE JURY** .......................................**11**

**PARTIES ARE EQUAL BEFORE THE COURT** ...........................**14**

**PRESUMPTION OF INNOCENCE** ....................................**17**

1

**BURDEN OF PROOF** ........................................................................**19**

**REASONABLE DOUBT** ....................................................................**20**

**EVIDENCE GENERALLY** ................................................................**23**

**STIPULATIONS** ..................................................................................**24**

**WHAT IS NOT EVIDENCE**...............................................................**25**

**AUDIO AND VIDEO RECORDINGS AND TRANSCRIPTS** ........**29**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**..........................**31**

**INFERENCES** ......................................................................................**36**

**IMPERMISSIBLE TO INFER GUILT FROM ASSOCIATION** ...**38**

**NUMBER OF WITNESSES AND UNCONTRADICTED**

**TESTIMONY**........................................................................................**39**

**ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED** .....**42**

**INTERVIEWED WITNESSES** ...........................................................**43**

**2**

**SPECIFIC INVESTIGATIVE TECHNIQUES NOT REQUIRED 44**

**GUILTY PLEAS OF OTHER INDIVIDUALS ................................. 46**

**COOPERATING WITNESSES ........................................................ 47**

**OTHER INDIVIDUALS NOT ON TRIAL ..................................... 52**

**LAW ENFORCEMENT EMPLOYEE TESTIMONY ..................... 55**

**DEFENDANT'S RIGHT NOT TO TESTIFY ................................. 57**

**USE OF EVIDENCE OBTAINED PURSUANT TO SEARCH ...... 59**

**CHARTS AND SUMMARIES ......................................................... 61**

**DEMONSTRATIVE EXHIBITS .................................................... 63**

**REDACTIONS ................................................................................ 65**

**PRIOR INCONSISTENT STATEMENTS ...................................... 66**

**UNCHARGED ACTS CONSIDERED FOR A LIMITED**

**PURPOSE ....................................................................................... 69**

3

**CONSCIOUSNESS OF GUILT**............................................................**72**

**PROOF OF MOTIVE IS NOT NECESSARY**...................................**74**

**WEIGHING CREDIBILITY INCLUDING *FALSUS IN UNO***.......**75**

**II. LEGAL ELEMENTS OF THE CRIME CHARGED**..................**79**

**INTRODUCTION TO INDICTMENT**...............................................**79**

**VENUE**........................................................................................**82**

**DATES APPROXIMATE**...............................................................**88**

**USE OF CONJUNCTIVE AND DISJUNCTIVE IN INDICTMENT**

.................................................................................................**89**

**KNOWINGLY, WILLFULLY, AND INTENTIONALLY**..............**90**

**CONSPIRACY GENERALLY**........................................................**94**

**CO-CONSPIRATOR STATEMENTS AND CRIMINAL**

**LIABILITY**....................................................................................**96**

**COUNT ONE: CONSPIRACY TO VIOLATE THE FOREIGN CORRUPT PRACTICES BRIBERY PROVISION**........................100

**ELEMENTS OF COUNT ONE - CONSPIRACY TO VIOLATE THE FOREIGN CORRUPT PRACTICES ACT** .....106

**ELEMENTS OF CONSPIRACY** ........................................107

**SECOND ELEMENT – MEMBERSHIP IN THE CONSPIRACY** .................................................................110

**OVERT ACT** ........................................................................119

**OBJECTS OF THE CONSPIRACY CHARGED IN COUNT ONE**........................................................................................129

**OBJECT #1: DOMESTIC CONCERN PRONG – ELEMENTS AND DEFINITIONS** ...........................................133

**OBJECT 2: TERRITORIAL PRONG – ELEMENTS AND DEFINITIONS**..............................................................154

**COUNT TWO: VIOLATION OF THE FOREIGN CORRUPT**

PRACTICES ACT .................................................................167

AIDING AND ABETTING ...................................172

COUNT THREE: MONEY LAUNDERING CONSPIRACY .......181

ELEMENTS OF CONSPIRACY TO COMMIT MONEY

LAUNDERING...................................................................184

OBJECTS OF THE CHARGED CONSPIRACY TO

COMMIT MONEY LAUNDERING ..............................................186

OBJECTS OF THE MONEY LAUNDERING

CONSPIRACY – ELEMENTS.......................................................189

OBJECT #1 – VIOLATION OF THE MONEY

LAUNDERING STATUTE – INTERNATIONAL TRANSFER

TO PROMOTE SPECIFIED UNLAWFUL ACTIVITY

(§1956(A)(2)(A))................................................................191

OBJECT #2 – VIOLATION OF THE MONEY

LAUNDERING STATUTE – TRANSPORTATION OF

**MONETARY INSTRUMENTS OR FUNDS TO CONCEAL OR**

**DISGUISE PROCEEDS (§ 1956(A)(2)(B)(I))** ...........................217

**ADDITIONAL INSTRUCTION – LAWFULNESS OR BENEFITS**

**OF ACTS OR GOALS NO DEFENSE** ...............................................226

**MULTIPLE CONSPIRACIES** ........................................................228

**THEORY OF DEFENSE**................................................................232

**III. RULES GOVERNING JURY DELIBERATIONS** ..................233

**INTRODUCTION TO DELIBERATIONS** ......................................233

**SELECTING A FOREPERSON** ......................................................234

**DELIBERATIONS**.........................................................................235

**UNANIMOUS VERDICT** ...............................................................237

**TIME AND PLACE OF DELIBERATIONS**....................................238

**NO CONSIDERATION OF PUNISHMENT**....................................239

**NO COMMUNICATIONS RULE**....................................................241

**JURY RECOLLECTION AND JURY NOTES** .............................**243**

**COMPLETION OF VERDICT SHEET**............................................**245**

**BIAS** ..............................................................................................**247**

**JUROR'S OATH OF DUTY** ...........................................................**248**

**DISMISSAL OF ALTERNATE JURORS** ......................................**249**

**PAUSE FOR EXCEPTIONS TO CHARGE**....................................**250**

# I. GENERAL RULES

## PRELIMINARY INSTRUCTIONS

MEMBERS OF THE JURY, NOW THAT THE EVIDENCE IN THIS CASE HAS BEEN PRESENTED AND THE ATTORNEYS FOR THE GOVERNMENT AND THE DEFENDANT HAVE CONCLUDED THEIR CLOSING ARGUMENTS, IT IS MY RESPONSIBILITY TO INSTRUCT YOU AS TO THE LAW THAT GOVERNS THIS CASE. BEFORE I DO SO, I WANT TO THANK YOU FOR YOUR PATIENCE AND COOPERATION.

MY INSTRUCTIONS WILL BE IN THREE PARTS:

**FIRST**:  I WILL INSTRUCT YOU REGARDING THE GENERAL RULES THAT DEFINE AND GOVERN THE DUTIES OF A JURY IN A CRIMINAL CASE;

**SECOND**:  I WILL INSTRUCT YOU AS TO THE LEGAL

ELEMENTS OF THE CRIMES CHARGED IN THE INDICTMENT—THAT IS, THE SPECIFIC ELEMENTS THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT TO WARRANT A FINDING OF GUILT; AND

**THIRD**: I WILL GIVE YOU SOME GENERAL RULES REGARDING YOUR DELIBERATIONS.

10

## THE DUTIES OF THE JURY

BY WAY OF A REFRESHER, YOU HAVE NOW HEARD ALL OF THE EVIDENCE IN THE CASE, AS WELL AS THE FINAL ARGUMENTS OF THE LAWYERS FOR THE PARTIES.

IT IS YOUR DUTY TO FIND THE FACTS FROM ALL THE EVIDENCE IN THIS CASE.  YOU ARE THE SOLE JUDGES OF THE FACTS, AND IT IS, THEREFORE, FOR YOU AND YOU ALONE TO PASS UPON THE WEIGHT OF THE EVIDENCE, TO RESOLVE SUCH CONFLICTS AS MAY HAVE APPEARED IN THE EVIDENCE, AND TO DRAW SUCH INFERENCES AS YOU DEEM TO BE REASONABLE AND WARRANTED FROM THE EVIDENCE OR LACK OF EVIDENCE IN THIS CASE.

WITH RESPECT TO ANY QUESTION CONCERNING THE FACTS, IT IS YOUR RECOLLECTION OF THE EVIDENCE

11

THAT CONTROLS.

TO THE FACTS AS YOU FIND THEM, YOU MUST APPLY THE LAW IN ACCORDANCE WITH MY INSTRUCTIONS. WHILE THE LAWYERS MAY HAVE COMMENTED ON SOME OF THESE LEGAL RULES, YOU MUST BE GUIDED ONLY BY WHAT I INSTRUCT YOU ABOUT THEM. YOU MUST FOLLOW ALL THE RULES AS I EXPLAIN THEM TO YOU. YOU MAY NOT FOLLOW SOME AND IGNORE OTHERS; EVEN IF YOU DISAGREE WITH OR DO NOT UNDERSTAND THE REASONS FOR SOME OF THE RULES, YOU ARE BOUND TO FOLLOW THEM.

I EXPRESS NO VIEW WHETHER THE DEFENDANT IS GUILTY OR NOT GUILTY OR AS TO ANY FACT. YOU

**SHOULD NOT DRAW ANY INFERENCE OR REACH ANY CONCLUSION AS TO WHETHER THE DEFENDANT IS GUILTY OR NOT GUILTY FROM ANYTHING I MAY HAVE SAID OR DONE.  YOU WILL DECIDE THE CASE SOLELY ON THE FACTS YOU FIND AND THE LAW AS I GIVE IT TO YOU.**

**13**

## <u>PARTIES ARE EQUAL BEFORE THE COURT</u>

IN REACHING YOUR VERDICT, YOU ARE TO PERFORM THE DUTY OF FINDING THE FACTS WITHOUT BIAS OR PREJUDICE AS TO ANY PARTY. YOU MUST REMEMBER THAT ALL PARTIES STAND EQUAL BEFORE A JURY IN THE COURTS OF THE UNITED STATES. THE FACT THAT THE GOVERNMENT IS A PARTY AND THE PROSECUTION IS BROUGHT IN THE NAME OF THE UNITED STATES DOES NOT ENTITLE THE GOVERNMENT OR ITS WITNESSES TO ANY GREATER CONSIDERATION THAN THAT ACCORDED TO ANY DEFENDANT. BY THE SAME TOKEN, YOU MUST GIVE IT NO LESS CONSIDERATION. YOUR VERDICT MUST BE BASED SOLELY ON THE EVIDENCE OR LACK OF EVIDENCE.

FOR THE SAME REASONS, THE PERSONALITIES AND

14

THE CONDUCT OF COUNSEL ARE NOT IN ANY WAY IN ISSUE. IF YOU FORMED REACTIONS OF ANY KIND TO ANY OF THE LAWYERS IN THE CASE, FAVORABLE OR UNFAVORABLE, WHETHER YOU APPROVED OR DISAPPROVED OF THEIR BEHAVIOR, THOSE REACTIONS MUST NOT ENTER INTO YOUR DELIBERATIONS.

DURING THE COURSE OF THE TRIAL, I MAY HAVE ADMONISHED AN ATTORNEY. YOU SHOULD DRAW NO INFERENCE AGAINST THE ATTORNEY OR THE CLIENT. IT IS THE DUTY OF THE ATTORNEYS TO OFFER EVIDENCE AND PRESS OBJECTIONS ON BEHALF OF THEIR SIDE. IT IS MY FUNCTION TO CUT OFF COUNSEL FROM AN IMPROPER LINE OF ARGUMENT OR QUESTIONING AND TO STRIKE

**ANSWERS WHEN I THINK IT IS NECESSARY. BUT YOU SHOULD DRAW NO INFERENCE FROM THAT.**

## PRESUMPTION OF INNOCENCE

THE INDICTMENT THAT WAS FILED AGAINST THE DEFENDANT IS THE MEANS BY WHICH THE GOVERNMENT GIVES HIM NOTICE OF THE CHARGES AGAINST HIM AND BRINGS HIM BEFORE THE COURT.  THE INDICTMENT IS AN ACCUSATION AND NOTHING MORE.  THE INDICTMENT IS NOT EVIDENCE, AND YOU ARE TO GIVE IT NO WEIGHT IN ARRIVING AT YOUR VERDICT.

THE DEFENDANT, IN RESPONSE TO THE INDICTMENT, PLEADED "NOT GUILTY."  THE DEFENDANT IS PRESUMED TO BE INNOCENT UNLESS HIS GUILT HAS BEEN PROVEN BEYOND A REASONABLE DOUBT, AND THAT PRESUMPTION ALONE, UNLESS OVERCOME, IS SUFFICIENT TO ACQUIT HIM.  THE DEFENDANT IS ON TRIAL FOR THE CRIMES

17

**CHARGED AGAINST HIM IN THE INDICTMENT AND NOT FOR ANYTHING ELSE.**

## BURDEN OF PROOF

THE GOVERNMENT HAS THE BURDEN—THAT IS, THE OBLIGATION—OF PROVING GUILT BEYOND A REASONABLE DOUBT.  THIS BURDEN NEVER SHIFTS TO THE DEFENDANT.  THE DEFENDANT DOES NOT HAVE TO PROVE HIS INNOCENCE; HE NEED NOT SUBMIT ANY EVIDENCE AT ALL.  AND EVEN IF THE DEFENDANT HAS SUBMITTED EVIDENCE, AS HE DID DURING THIS TRIAL, THE BURDEN OF PROOF NEVER SHIFTS TO THE DEFENDANT. IT ALWAYS STAYS WITH THE GOVERNMENT.

## <u>REASONABLE DOUBT</u>

SINCE, IN ORDER TO CONVICT THE DEFENDANT OF A GIVEN CHARGE, THE GOVERNMENT IS REQUIRED TO PROVE THAT CHARGE BEYOND A REASONABLE DOUBT, THE QUESTION THEN IS: WHAT IS REASONABLE DOUBT?

THE WORDS ALMOST DEFINE THEMSELVES.  IT IS A DOUBT BASED UPON REASON.  IT IS A DOUBT THAT A REASONABLE PERSON HAS AFTER CAREFULLY WEIGHING ALL OF THE EVIDENCE OR LACK OF EVIDENCE.  IT IS A DOUBT THAT WOULD CAUSE A REASONABLE PERSON TO HESITATE TO ACT IN A MATTER OF IMPORTANCE IN HIS OR HER PERSONAL LIFE.  PROOF BEYOND A REASONABLE DOUBT MUST, THEREFORE, BE PROOF OF A CONVINCING CHARACTER THAT A REASONABLE PERSON WOULD NOT

HESITATE TO RELY UPON IN MAKING AN IMPORTANT DECISION.

A REASONABLE DOUBT IS NOT CAPRICE OR WHIM. IT IS NOT SPECULATION OR SUSPICION. IT IS NOT AN EXCUSE TO AVOID THE PERFORMANCE OF AN UNPLEASANT DUTY. THE LAW DOES NOT REQUIRE THAT THE GOVERNMENT PROVE GUILT BEYOND ALL POSSIBLE DOUBT: PROOF BEYOND A REASONABLE DOUBT IS SUFFICIENT TO CONVICT. BUT BEAR IN MIND THAT A CRIMINAL CASE IS DIFFERENT FROM A CIVIL CASE.

IF, AFTER FAIR AND IMPARTIAL CONSIDERATION OF THE EVIDENCE, YOU HAVE A REASONABLE DOUBT AS TO THE DEFENDANT'S GUILT WITH RESPECT TO A

PARTICULAR CHARGE AGAINST HIM, YOU MUST FIND THE DEFENDANT NOT GUILTY OF THAT CHARGE.  ON THE OTHER HAND, IF AFTER FAIR AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE, YOU ARE SATISFIED BEYOND A REASONABLE DOUBT OF THE DEFENDANT'S GUILT WITH RESPECT TO A PARTICULAR CHARGE AGAINST HIM, YOU MUST FIND THE DEFENDANT GUILTY OF THAT CHARGE.

## **EVIDENCE GENERALLY**

**I WISH TO EXPAND NOW ON THE INSTRUCTIONS I GAVE YOU AT THE BEGINNING OF THE TRIAL AS TO WHAT IS EVIDENCE AND HOW YOU SHOULD CONSIDER IT. EVIDENCE COMES IN SEVERAL FORMS, INCLUDING:**

**A.  SWORN TESTIMONY OF WITNESSES, BOTH ON DIRECT AND CROSS-EXAMINATION, AND REGARDLESS OF WHO CALLED THE WITNESS;**

**B.   EXHIBITS THAT HAVE BEEN RECEIVED IN EVIDENCE BY THE COURT; AND**

**C.  FACTS TO WHICH ALL THE LAWYERS HAVE AGREED OR STIPULATED.**

**23**

## **STIPULATIONS**

**THE PARTIES HAVE STIPULATED TO CERTAIN FACTS IN THIS CASE.  SUCH A STIPULATION IS AN AGREEMENT AMONG THE PARTIES THAT A CERTAIN FACT IS TRUE.  YOU MUST CONSIDER SUCH STIPULATED FACTS AS TRUE.**

## <u>WHAT IS NOT EVIDENCE</u>

AS I SAID AT THE BEGINNING OF THE TRIAL, CERTAIN THINGS ARE NOT EVIDENCE AND ARE TO BE DISREGARDED BY YOU IN DECIDING WHAT THE FACTS ARE. THEY ARE AS FOLLOWS:

FIRST, ARGUMENTS OR STATEMENTS BY LAWYERS ARE NOT EVIDENCE.

QUESTIONS PUT TO THE WITNESSES ARE NOT EVIDENCE. IT IS THE QUESTION COMBINED WITH THE ANSWER THAT IS EVIDENCE.

IN ADDITION TO THE LAWYERS' QUESTIONS, I OCCASIONALLY MAY HAVE ASKED QUESTIONS FOR PURPOSES OF CLARIFICATION. PLEASE DO NOT ASSUME THAT THE QUESTIONS ARE EVIDENCE OR THAT I HOLD

ANY OPINION ON THE MATTERS TO WHICH ANY QUESTIONS MAY HAVE RELATED. I DO NOT. THOSE QUESTIONS WERE ASKED SOLELY IN AN EFFORT OR ATTEMPT TO MAKE SOMETHING CLEARER.

SIMILARLY, OBJECTIONS TO QUESTIONS OR TO OFFERED EXHIBITS ARE NOT EVIDENCE. IN THIS REGARD, ATTORNEYS HAVE A DUTY TO THEIR CLIENTS TO OBJECT WHEN THEY BELIEVE EVIDENCE SHOULD NOT BE RECEIVED. YOU SHOULD NOT BE INFLUENCED BY THE OBJECTION OR BY THE COURT'S RULING ON IT. IF THE OBJECTION WAS SUSTAINED, IGNORE THE QUESTION. IF THE OBJECTION WAS OVERRULED, TREAT THE ANSWER LIKE ANY OTHER ANSWER.

**26**

OF COURSE, TESTIMONY THAT HAS BEEN STRICKEN OR THAT YOU HAVE BEEN INSTRUCTED TO DISREGARD IS NOT EVIDENCE AND MUST BE DISREGARDED.

EQUALLY OBVIOUS, ANYTHING YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT EVIDENCE.

FINALLY, IT WOULD BE IMPROPER FOR YOU TO CONSIDER, IN REACHING YOUR DECISION AS TO WHETHER THE GOVERNMENT SUSTAINED ITS BURDEN OF PROOF, ANY PERSONAL FEELINGS YOU MAY HAVE ABOUT THE DEFENDANT'S RACE, RELIGION, NATIONAL ORIGIN, ETHNIC BACKGROUND, SEX, SEXUAL ORIENTATION, OR AGE. ALL PERSONS ARE ENTITLED TO THE PRESUMPTION OF INNOCENCE, AND THE GOVERNMENT HAS THE SAME

BURDEN OF PROOF.  IN ADDITION, IT WOULD BE EQUALLY IMPROPER FOR YOU TO ALLOW ANY FEELINGS YOU MIGHT HAVE ABOUT THE GOVERNMENT OF THE UNITED STATES OR THE NATURE OF THE CRIME CHARGED TO INTERFERE WITH YOUR DECISIONMAKING PROCESS.

TO REPEAT, YOUR VERDICT MUST BE BASED EXCLUSIVELY UPON THE EVIDENCE OR THE LACK OF EVIDENCE IN THE CASE.

## AUDIO AND VIDEO RECORDINGS AND TRANSCRIPTS

THE GOVERNMENT HAS OFFERED EVIDENCE IN THE FORM OF RECORDINGS, IN SPANISH, OF TELEPHONE CALLS AND ONE VIDEO RECORDING. THESE CALLS AND MEETING WERE LAWFULLY RECORDED.

BEFORE THE RECORDINGS WERE PLAYED, YOU WERE EACH GIVEN A TRANSCRIPT WITH AN ENGLISH TRANSLATION OF THE RECORDING. I ADVISED YOU THAT ALTHOUGH SOME OF YOU MAY KNOW SPANISH, IT IS IMPORTANT THAT ALL JURORS CONSIDER THE SAME EVIDENCE. THEREFORE, IF YOU SPEAK SPANISH AND YOU PERCEIVE SOME DIFFERENCE BETWEEN WHAT YOU HEARD ON THE RECORDING AND WHAT APPEARS IN THE TRANSCRIPT, YOU MAY NOT RETRANSLATE IT FOR

YOURSELF OR FOR THE OTHER JURORS. YOU MUST ACCEPT THE ENGLISH TRANSLATION CONTAINED IN THE TRANSCRIPT AND DISREGARD ANY DIFFERENT MEANING.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

I TOLD YOU THAT EVIDENCE COMES IN VARIOUS FORMS SUCH AS THE SWORN TESTIMONY OF WITNESSES, EXHIBITS, AND STIPULATIONS.

THERE ARE, IN ADDITION, TWO DIFFERENT KINDS OF EVIDENCE—DIRECT AND CIRCUMSTANTIAL.

DIRECT EVIDENCE IS THE COMMUNICATION OF A FACT BY A WITNESS, WHO TESTIFIED TO THE KNOWLEDGE OF THAT FACT AS HAVING BEEN OBTAINED THROUGH ONE OF THE FIVE SENSES. SO, FOR EXAMPLE, A WITNESS WHO TESTIFIED TO KNOWLEDGE OF A FACT BECAUSE HE SAW IT, HEARD IT, SMELLED IT, TASTED IT, OR TOUCHED IT IS GIVING EVIDENCE WHICH IS DIRECT. WHAT REMAINS IS YOUR RESPONSIBILITY TO PASS UPON

31

THE CREDIBILITY OF THE TESTIMONY THAT WITNESS GAVE.

CIRCUMSTANTIAL EVIDENCE IS EVIDENCE WHICH TENDS TO PROVE A FACT IN ISSUE BY PROOF OF OTHER FACTS FROM WHICH THE FACT IN ISSUE MAY BE INFERRED.

THE WORD "INFER"—OR THE EXPRESSION "TO DRAW AN INFERENCE"—MEANS TO FIND THAT A FACT EXISTS FROM PROOF OF ANOTHER FACT.  FOR EXAMPLE, IF A FACT IN ISSUE IS WHETHER IT IS RAINING AT THE MOMENT, NONE OF US CAN TESTIFY DIRECTLY TO THAT FACT SITTING AS WE ARE IN WHAT IS AN ESSENTIALLY WINDOWLESS COURTROOM.  ASSUME, HOWEVER, THAT

AS WE ARE SITTING HERE, A PERSON WALKS INTO THE COURTROOM WEARING A RAINCOAT THAT IS DRIPPING WET AND CARRYING AN UMBRELLA THAT IS DRIPPING WATER.  WE MAY INFER FROM THOSE FACTS THAT IT IS RAINING OUTSIDE.  IN OTHER WORDS, THE FACT OF RAIN IS AN INFERENCE THAT COULD BE DRAWN FROM THE WET RAINCOAT AND THE DRIPPING UMBRELLA.

HOWEVER, FROM THE DIRECT EVIDENCE OF YOUR OBSERVATION OF A PERSON ENTERING THE COURTROOM WEARING A WET RAINCOAT AND CARRYING A WET UMBRELLA ALONE, YOU COULD NOT INFER EXACTLY WHEN THE RAIN HAD STARTED OR FOR HOW LONG IT HAD RAINED.

33

AN INFERENCE IS TO BE DRAWN ONLY IF IT IS LOGICAL AND REASONABLE TO DO SO. IN DECIDING WHETHER TO DRAW AN INFERENCE, YOU MUST LOOK AT AND CONSIDER ALL THE FACTS IN THE LIGHT OF REASON, COMMON SENSE, AND EXPERIENCE. WHETHER A GIVEN INFERENCE IS OR IS NOT TO BE DRAWN IS ENTIRELY A MATTER FOR YOU, THE JURY, TO DECIDE. PLEASE BEAR IN MIND, HOWEVER, THAT AN INFERENCE IS NOT TO BE DRAWN BY GUESSWORK OR SPECULATION.

I REMIND YOU ONCE AGAIN THAT YOU MAY NOT CONVICT THE DEFENDANT UNLESS YOU ARE SATISFIED OF HIS GUILT BEYOND A REASONABLE DOUBT, WHETHER BASED ON DIRECT EVIDENCE, CIRCUMSTANTIAL

EVIDENCE, OR THE LOGICAL INFERENCES TO BE DRAWN FROM SUCH EVIDENCE.

CIRCUMSTANTIAL EVIDENCE DOES NOT NECESSARILY PROVE LESS THAN DIRECT EVIDENCE, NOR DOES IT NECESSARILY PROVE MORE. YOU ARE TO CONSIDER ALL THE EVIDENCE IN THE CASE, DIRECT AND CIRCUMSTANTIAL, IN DETERMINING WHAT THE FACTS ARE AND IN ARRIVING AT YOUR VERDICT.

# INFERENCES

I WILL NOW INSTRUCT YOU FURTHER ABOUT INFERENCES. DURING THE TRIAL, YOU MAY HAVE HEARD THE ATTORNEYS USE THE TERM "INFERENCE," AND IN THEIR ARGUMENTS THEY MAY HAVE ASKED YOU TO INFER, ON THE BASIS OF YOUR REASON, EXPERIENCE AND COMMON SENSE, FROM ONE OR MORE PROVEN FACTS, THE EXISTENCE OF SOME OTHER FACTS.

AN INFERENCE IS NOT A SUSPICION OR A GUESS. IT IS A LOGICAL CONCLUSION THAT A DISPUTED FACT EXISTS THAT WE REACH IN LIGHT OF ANOTHER FACT WHICH HAS BEEN SHOWN TO EXIST. THERE ARE TIMES WHEN DIFFERENT INFERENCES MAY BE DRAWN FROM FACTS, WHETHER PROVED BY DIRECT OR

36

CIRCUMSTANTIAL EVIDENCE.  IT IS FOR YOU, AND YOU ALONE, TO DECIDE WHAT INFERENCES YOU WILL DRAW.

KEEP IN MIND THAT THE MERE EXISTENCE OF AN INFERENCE AGAINST THE DEFENDANT DOES NOT RELIEVE THE GOVERNMENT OF THE BURDEN OF ESTABLISHING ITS CASE BEYOND A REASONABLE DOUBT.

# IMPERMISSIBLE TO INFER GUILT FROM

## ASSOCIATION

IN CONSIDERING INFERENCES, KEEP IN MIND THAT YOU MAY NOT INFER THAT A DEFENDANT IS GUILTY OF CRIMINAL CONDUCT MERELY FROM THE FACT THAT HE ASSOCIATED WITH OTHER PEOPLE WHO WERE GUILTY OF WRONGDOING, OR THAT HE WAS PRESENT AT THE TIME THAT CRIMINAL CONDUCT WAS BEING COMMITTED, OR THAT HE HAD KNOWLEDGE THAT IT WAS BEING COMMITTED.

## NUMBER OF WITNESSES AND UNCONTRADICTED TESTIMONY

THE FACT THAT ONE SIDE OR THE OTHER CALLED MORE WITNESSES OR INTRODUCED MORE EVIDENCE DOES NOT MEAN THAT YOU SHOULD FIND THE FACTS IN FAVOR OF THE SIDE WHO CALLED MORE WITNESSES. YOU MUST NOT PERMIT THE NUMBER OF WITNESSES OR DOCUMENTS SUPPLIED OR THE AMOUNT OF TIME TAKEN IN EXAMINING A WITNESS TO OVERWHELM YOUR JUDGMENT. THE WEIGHT OF THE EVIDENCE IS BY NO MEANS DETERMINED BY THE NUMBER OF WITNESSES OR THE LENGTH OF THEIR TESTIMONY OR THE QUANTITY OF DOCUMENTS. YOU MUST KEEP IN MIND THAT THE BURDEN OF PROOF IS ALWAYS ON THE GOVERNMENT AND

39

THE DEFENDANT IS NOT REQUIRED TO CALL ANY WITNESS OR OFFER ANY EVIDENCE BECAUSE THE DEFENDANT IS PRESUMED TO BE INNOCENT.

BY THE SAME TOKEN, YOU DO NOT HAVE TO ACCEPT THE TESTIMONY OF ANY WITNESS WHO HAS NOT BEEN CONTRADICTED OR IMPEACHED IF YOU FIND THE WITNESS NOT TO BE CREDIBLE. YOU ALSO HAVE TO DECIDE WHICH WITNESSES TO BELIEVE AND WHICH FACTS ARE TRUE. TO DO THIS, YOU MUST LOOK AT ALL THE EVIDENCE, DRAWING UPON YOUR OWN COMMON SENSE AND PERSONAL EXPERIENCE. BUT, AGAIN, YOU MUST KEEP IN MIND THAT THE BURDEN OF PROOF IS ALWAYS ON THE GOVERNMENT AND THE DEFENDANT IS

**NOT REQUIRED TO CALL ANY WITNESSES OR OFFER ANY**

**EVIDENCE BECAUSE HE IS PRESUMED TO BE INNOCENT.**

## <u>ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED</u>

THE LAW DOES NOT REQUIRE ANY PARTY TO CALL AS WITNESSES ALL PERSONS WHO MAY HAVE BEEN PRESENT AT ANY TIME OR PLACE INVOLVED IN THE CASE, OR WHO MAY APPEAR TO HAVE SOME KNOWLEDGE OF THE MATTER IN ISSUE AT THIS TRIAL.  NOR DOES THE LAW REQUIRE ANY PARTY TO PRODUCE AS EXHIBITS ALL PAPERS AND THINGS MENTIONED DURING THE COURSE OF THE TRIAL.  AND, OF COURSE, THE DEFENDANT IN A CRIMINAL CASE IS NOT REQUIRED TO CALL ANY WITNESSES OR PRODUCE ANY EVIDENCE AT ALL.

## INTERVIEWED WITNESSES

DURING THE COURSE OF TRIAL, YOU HEARD TESTIMONY THAT ATTORNEYS INTERVIEWED WITNESSES WHEN PREPARING FOR AND DURING THE TRIAL. YOU MUST NOT DRAW ANY UNFAVORABLE INFERENCE FROM THAT FACT.

ON THE CONTRARY, ATTORNEYS ARE OBLIGED TO PREPARE THEIR CASE AS THOROUGHLY AS POSSIBLE, AND IN THE DISCHARGE OF THAT RESPONSIBILITY, PROPERLY INTERVIEW WITNESSES IN PREPARATION FOR THE TRIAL AND FROM TIME TO TIME AS MAY BE REQUIRED DURING THE COURSE OF TRIAL.

## SPECIFIC INVESTIGATIVE TECHNIQUES NOT REQUIRED

DURING THE TRIAL YOU HAVE HEARD ARGUMENT BY COUNSEL THAT THE GOVERNMENT DID NOT UTILIZE SPECIFIC INVESTIGATIVE TECHNIQUES OR EXHAUSTIVELY PURSUE EVERY PIECE OF INFORMATION. YOU MAY CONSIDER THESE FACTS IN DECIDING WHETHER THE GOVERNMENT HAS MET ITS BURDEN OF PROOF, BECAUSE, AS I TOLD YOU, YOU SHOULD LOOK AT ALL OF THE EVIDENCE OR LACK OF EVIDENCE IN DECIDING WHETHER THE GOVERNMENT HAS PROVEN A PARTICULAR CHARGE BEYOND A REASONABLE DOUBT.

44

**HOWEVER, YOU ARE ALSO INSTRUCTED THAT THERE IS NO LEGAL REQUIREMENT THAT THE GOVERNMENT USE ANY SPECIFIC INVESTIGATIVE TECHNIQUES OR PURSUE EVERY INVESTIGATIVE LEAD TO PROVE ITS CASE. LAW ENFORCEMENT TECHNIQUES ARE NOT YOUR CONCERN. YOUR CONCERN IS TO DETERMINE WHETHER OR NOT, BASED UPON ALL THE EVIDENCE PRESENTED IN THE CASE, THE GOVERNMENT HAS PROVEN THAT THE DEFENDANT IS GUILTY BEYOND A REASONABLE DOUBT.**

## GUILTY PLEAS OF OTHER INDIVIDUALS

YOU HAVE HEARD TESTIMONY FROM WITNESSES WHO PLEADED GUILTY TO CHARGES ARISING OUT OF THE SAME FACTS AS THIS CASE. YOU ARE INSTRUCTED THAT YOU ARE TO DRAW NO CONCLUSIONS OR INFERENCES OF ANY KIND ABOUT THE GUILT OF THE DEFENDANT ON TRIAL FROM THE FACT THAT ANOTHER INDIVIDUAL PLEADED GUILTY TO SIMILAR CHARGES. THE DECISION TO PLEAD GUILTY WAS A PERSONAL DECISION ABOUT THAT INDIVIDUAL'S OWN GUILT. THE DECISION MAY NOT BE USED BY YOU IN ANY WAY AS EVIDENCE AGAINST THE DEFENDANT ON TRIAL.

## COOPERATING WITNESSES

IN THE ATTORNEYS' OPENING AND CLOSING ARGUMENTS, MUCH WAS SAID ABOUT THE SO-CALLED "COOPERATING WITNESS" AND ABOUT WHETHER OR NOT YOU SHOULD BELIEVE HIM. THE GOVERNMENT ARGUES, AS IT IS PERMITTED TO DO, THAT IT MUST TAKE THE WITNESSES AS IT FINDS THEM. IT ARGUES THAT ONLY PEOPLE WHO THEMSELVES TAKE PART IN CRIMINAL ACTIVITY HAVE THE KNOWLEDGE REQUIRED TO SHOW CRIMINAL BEHAVIOR BY OTHERS. FOR THOSE VERY REASONS, THE LAW ALLOWS THE USE OF ACCOMPLICE AND CO-CONSPIRATOR TESTIMONY. INDEED, IT IS THE LAW IN FEDERAL COURTS THAT THE TESTIMONY OF A SINGLE ACCOMPLICE OR CO-CONSPIRATOR MAY BE

47

ENOUGH IN AND OF ITSELF TO SUSTAIN A CONVICTION, IF THE JURY FINDS THAT THE TESTIMONY ESTABLISHES GUILT BEYOND A REASONABLE DOUBT.

HOWEVER, IT IS ALSO THE CASE THAT COOPERATOR TESTIMONY IS OF SUCH A NATURE THAT IT MUST BE SCRUTINIZED WITH GREAT CARE AND VIEWED WITH PARTICULAR CAUTION WHEN YOU DECIDE HOW MUCH OF THAT TESTIMONY, IF ANY, TO BELIEVE.

SHORTLY, I WILL GIVE YOU SOME GENERAL CONSIDERATIONS ON CREDIBILITY, BUT RIGHT NOW, I WILL SAY A FEW THINGS THAT YOU MAY WANT TO CONSIDER DURING YOUR DELIBERATIONS ON THE SUBJECT OF COOPERATING WITNESSES. YOU SHOULD ASK

48

YOURSELVES WHETHER THE WITNESS WOULD BENEFIT MORE BY LYING OR BY TELLING THE TRUTH. WAS THE TESTIMONY MADE UP IN ANY WAY BECAUSE THE WITNESS BELIEVED OR HOPED THAT THEY WOULD SOMEHOW RECEIVE FAVORABLE TREATMENT BY TESTIFYING FALSELY? OR DID THE WITNESS BELIEVE THAT HIS INTERESTS WOULD BE BEST SERVED BY TESTIFYING TRUTHFULLY? IF YOU BELIEVE THAT THE WITNESS WAS MOTIVATED BY HOPES OF PERSONAL GAIN, WAS THIS MOTIVATION ONE THAT WOULD CAUSE HIM TO LIE, OR WAS IT ONE THAT WOULD CAUSE HIM TO TELL THE TRUTH? DID THIS MOTIVATION COLOR HIS TESTIMONY AT ALL?

YOU HAVE ALSO HEARD TESTIMONY THAT THE COOPERATING WITNESS HAS BEEN PROMISED THAT IF HE PROVIDES SUBSTANTIAL ASSISTANCE TO THE GOVERNMENT AND TESTIFIES TRUTHFULLY, COMPLETELY, AND FULLY, THE GOVERNMENT WILL PRESENT TO THE SENTENCING COURT WHAT IS CALLED A 5K1.1 LETTER, OR A "5K LETTER." THE 5K LETTER SETS FORTH THE COOPERATING WITNESS'S CRIMINAL ACTS AS WELL AS THE SUBSTANTIAL ASSISTANCE THE WITNESS HAS PROVIDED. I INSTRUCT YOU THAT THE 5K LETTER DOES NOT GUARANTEE THE COOPERATING WITNESS A LOWER SENTENCE. THIS IS BECAUSE THE SENTENCING COURT MAY, BUT IS NOT REQUIRED TO, TAKE THE 5K

LETTER INTO ACCOUNT WHEN IMPOSING SENTENCE ON THE COOPERATING WITNESS. THUS, WHILE THE DECISION REGARDING WHETHER TO WRITE THE 5K LETTER RESTS WITH THE GOVERNMENT, THE FINAL DETERMINATION AS TO THE SENTENCE TO BE IMPOSED RESTS WITH THE COURT. ULTIMATELY, YOU SHOULD LOOK AT ALL OF THE EVIDENCE IN DECIDING WHAT CREDENCE AND WHAT WEIGHT YOU GIVE TO THE COOPERATING WITNESS.

## OTHER INDIVIDUALS NOT ON TRIAL

IN ADDITION TO THE EVIDENCE ABOUT THE INVOLVEMENT OF COOPERATING ACCOMPLICES WHO TESTIFIED AT TRIAL, EVIDENCE HAS ALSO BEEN INTRODUCED AS TO THE INVOLVEMENT OF CERTAIN OTHER INDIVIDUALS IN THE CRIMES CHARGED IN THE INDICTMENT. YOU MAY NOT DRAW ANY INFERENCE, FAVORABLE OR UNFAVORABLE, TOWARD THE GOVERNMENT OR THE DEFENDANT ON TRIAL FROM THE FACT THAT CERTAIN PERSONS WERE NOT NAMED AS DEFENDANTS IN THIS INDICTMENT. YOU SHOULD DRAW NO INFERENCE FROM THE FACT THAT ANY OTHER PERSON IS NOT PRESENT AT THIS TRIAL. YOUR CONCERN IS SOLELY THE DEFENDANT ON TRIAL BEFORE YOU.

THAT OTHER INDIVIDUALS ARE NOT ON TRIAL BEFORE YOU IS NOT A MATTER OF CONCERN TO YOU. YOU SHOULD NOT SPECULATE AS TO THE REASONS THESE INDIVIDUALS ARE NOT ON TRIAL BEFORE YOU. THE FACT THAT THESE INDIVIDUALS ARE NOT ON TRIAL BEFORE YOU SHOULD NOT CONTROL OR INFLUENCE YOUR VERDICT WITH REFERENCE TO THE DEFENDANT WHO IS ON TRIAL. YOU MUST ONLY CONSIDER WHETHER THE GOVERNMENT HAS PROVED, BEYOND A REASONABLE DOUBT, THAT THE DEFENDANT IS GUILTY OF A CRIME. THE FACT THAT THESE INDIVIDUALS ARE NOT ON TRIAL BEFORE YOU SHOULD NOT CONTROL OR

**INFLUENCE IN ANY WAY YOUR VERDICT WITH REFERENCE TO THE DEFENDANT.**

## LAW ENFORCEMENT EMPLOYEE TESTIMONY

DURING THIS TRIAL, YOU HAVE HEARD THE TESTIMONY OF ACTIVE OR RETIRED LAW ENFORCEMENT EMPLOYEES. THE FACT THAT A WITNESS IS A LAW ENFORCEMENT EMPLOYEE DOES NOT MEAN THAT HIS TESTIMONY IS ENTITLED TO ANY GREATER WEIGHT. BY THE SAME TOKEN, THE TESTIMONY OF SUCH A WITNESS IS NOT ENTITLED TO LESS CONSIDERATION FOR THAT REASON.

AT THE SAME TIME, IT IS QUITE LEGITIMATE FOR DEFENSE COUNSEL TO TRY TO ATTACK THE CREDIBILITY OF A LAW ENFORCEMENT WITNESS ON THE GROUNDS THAT HIS TESTIMONY MAY BE COLORED BY A PERSONAL OR PROFESSIONAL INTEREST IN THE OUTCOME OF THE

CASE.

YOU SHOULD CONSIDER THE TESTIMONY OF A LAW ENFORCEMENT EMPLOYEE JUST AS YOU WOULD ANY OTHER EVIDENCE IN THE CASE AND EVALUATE HIS CREDIBILITY JUST AS YOU WOULD THAT OF ANY OTHER WITNESS.  AFTER REVIEWING ALL THE EVIDENCE, YOU WILL DECIDE WHETHER TO ACCEPT THE TESTIMONY OF A LAW ENFORCEMENT EMPLOYEE AND WHAT WEIGHT, IF ANY, THAT TESTIMONY DESERVES.

## DEFENDANT'S RIGHT NOT TO TESTIFY

THE DEFENDANT DID NOT TESTIFY IN THIS CASE. UNDER OUR CONSTITUTION, HE HAS NO OBLIGATION TO TESTIFY OR TO PRESENT ANY OTHER EVIDENCE BECAUSE IT IS THE PROSECUTION'S BURDEN TO PROVE THE DEFENDANT GUILTY BEYOND A REASONABLE DOUBT. THAT BURDEN REMAINS WITH THE PROSECUTION THROUGHOUT THE ENTIRE TRIAL AND NEVER SHIFTS TO THE DEFENDANT. A DEFENDANT IS NEVER REQUIRED TO PROVE THAT HE IS INNOCENT.

YOU MAY NOT ATTACH ANY SIGNIFICANCE TO THE FACT THAT THE DEFENDANT DID NOT TESTIFY. NO ADVERSE INFERENCE AGAINST HIM MAY BE DRAWN BY YOU BECAUSE HE DID NOT TAKE THE WITNESS STAND.

**YOU MAY NOT CONSIDER THIS AGAINST THE DEFENDANT**

**IN ANY WAY IN YOUR DELIBERATIONS IN THE JURY ROOM.**

## <u>USE OF EVIDENCE OBTAINED PURSUANT TO SEARCH</u>

YOU HAVE HEARD TESTIMONY ABOUT EVIDENCE SEIZED IN SEARCHES CONDUCTED BY LAW ENFORCEMENT OFFICIALS, AND YOU HAVE SEEN SOME OF THAT EVIDENCE. EVIDENCE OBTAINED FROM THESE SEARCHES WAS PROPERLY ADMITTED IN THIS CASE, AND MAY BE PROPERLY CONSIDERED BY YOU. WHETHER YOU APPROVE OR DISAPPROVE OF HOW IT WAS OBTAINED SHOULD NOT ENTER INTO YOUR DELIBERATIONS BECAUSE I NOW INSTRUCT YOU THAT THE USE OF THIS EVIDENCE IS ENTIRELY LAWFUL.

YOU MUST, THEREFORE, REGARDLESS OF YOUR PERSONAL OPINIONS, GIVE THIS EVIDENCE FULL CONSIDERATION ALONG WITH ALL THE OTHER EVIDENCE

IN THE CASE IN DETERMINING WHETHER THE GOVERNMENT HAS PROVED THE DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT.

## CHARTS AND SUMMARIES

EXHIBITS HAVE BEEN PRESENTED IN THIS CASE IN THE FORM OF CHARTS AND SUMMARIES. THESE CHARTS AND SUMMARIES WERE SHOWN TO YOU IN ORDER TO MAKE THE OTHER EVIDENCE MORE MEANINGFUL AND TO AID YOU IN CONSIDERING THE EVIDENCE. THEY ARE NO BETTER THAN THE DOCUMENTS UPON WHICH THEY ARE BASED, AND ARE NOT THEMSELVES INDEPENDENT EVIDENCE. THEREFORE, YOU ARE TO GIVE NO GREATER CONSIDERATION TO THESE CHARTS, SCHEDULES OR SUMMARIES THAN YOU WOULD GIVE TO THE EVIDENCE UPON WHICH THEY ARE BASED. IT IS FOR YOU TO DECIDE WHETHER THE CHARTS, SCHEDULES OR SUMMARIES CORRECTLY PRESENT THE INFORMATION CONTAINED IN

**61**

THE TESTIMONY AND IN THE EXHIBITS ON WHICH THEY

ARE BASED. YOU ARE ENTITLED TO CONSIDER THE

CHARTS, SCHEDULES, AND SUMMARIES IF YOU FIND THAT

THEY ARE OF ASSISTANCE TO YOU IN ANALYZING AND

UNDERSTANDING THE EVIDENCE.

## DEMONSTRATIVE EXHIBITS

THE PARTIES HAVE SHOWN YOU DEMONSTRATIVE EXHIBITS IN THE FORM OF FLOWCHARTS, ORGANIZATIONAL CHARTS, AND DIAGRAMS. THOSE DEMONSTRATIVE EXHIBITS THAT WERE NOT ADMITTED IN EVIDENCE DURING TRIAL, INCLUDING, FOR EXAMPLE, WHITEBOARD SKETCHES, DO NOT CONSTITUTE EVIDENCE, UNLIKE CHARTS AND SUMMARIES THAT WERE ADMITTED IN EVIDENCE THAT I JUST DESCRIBED A MOMENT AGO. DEMONSTRATIVE EXHIBITS NOT ADMITTED IN EVIDENCE ARE SIMPLY VISUAL DEPICTIONS THAT THE PARTIES HAVE USED IN AN EFFORT TO SUMMARIZE THE EVIDENCE IN ORDER TO AID THE JURY. IT IS FOR YOU, THE JURY, TO DECIDE WHETHER A

63

**DEMONSTRATIVE EXHIBIT IN FACT ACCURATELY SUMMARIZES THE EVIDENCE.**

## <u>REDACTIONS</u>

AMONG THE EXHIBITS RECEIVED IN EVIDENCE, SOME DOCUMENTS HAVE BEEN REDACTED.

"REDACTED" MEANS THAT PART OF THE DOCUMENT WAS TAKEN OUT OR COVERED UP. YOU ARE TO CONCERN YOURSELF ONLY WITH THE PART OF THE ITEM THAT HAS BEEN ADMITTED INTO EVIDENCE. YOU SHOULD NOT CONSIDER ANY POSSIBLE REASON WHY ANY OTHER PART OF IT HAS BEEN DELETED OR COVERED UP.

## PRIOR INCONSISTENT STATEMENTS

YOU HAVE HEARD EVIDENCE THAT A WITNESS MADE A STATEMENT ON AN EARLIER OCCASION WHICH COUNSEL ARGUES IS INCONSISTENT WITH THE WITNESS'S TRIAL TESTIMONY. EVIDENCE OF WHAT IS ARGUABLY A PRIOR INCONSISTENT STATEMENT WAS PLACED BEFORE YOU FOR THE LIMITED PURPOSE OF HELPING YOU DECIDE WHETHER TO BELIEVE THE TRIAL TESTIMONY OF THE WITNESS WHO CONTRADICTED HIMSELF OR HERSELF. IF YOU FIND THAT THE WITNESS MADE AN EARLIER STATEMENT THAT CONFLICTS WITH HIS TRIAL TESTIMONY, YOU MAY CONSIDER THAT FACT IN DECIDING HOW MUCH OF HIS TRIAL TESTIMONY, IF ANY, TO BELIEVE.

IN MAKING THIS DETERMINATION, YOU MAY CONSIDER WHETHER THE WITNESS PURPOSELY MADE A FALSE STATEMENT OR WHETHER IT WAS AN INNOCENT MISTAKE; WHETHER THE INCONSISTENCY CONCERNS AN IMPORTANT FACT, OR WHETHER IT HAD TO DO WITH A SMALL DETAIL; WHETHER THE WITNESS HAD AN EXPLANATION FOR THE INCONSISTENCY, AND WHETHER THAT EXPLANATION APPEALED TO YOUR COMMON SENSE.

IT IS EXCLUSIVELY YOUR DUTY, BASED UPON ALL THE EVIDENCE AND YOUR OWN GOOD JUDGMENT, TO DETERMINE WHETHER THE PRIOR STATEMENT WAS INCONSISTENT AND, IF SO, HOW MUCH WEIGHT, IF ANY,

**SHOULD BE GIVEN TO THE INCONSISTENT STATEMENT IN DETERMINING WHETHER TO BELIEVE ALL, PART, OR NONE OF THE WITNESS'S TESTIMONY.**

## UNCHARGED ACTS CONSIDERED FOR A LIMITED PURPOSE

YOU HAVE HEARD EVIDENCE THAT THE DEFENDANT ENGAGED IN CONDUCT OTHER THAN THE CRIMES CHARGED IN THE INDICTMENT. THE DEFENDANT IS NOT ON TRIAL FOR COMMITTING ANY ACTS NOT CHARGED IN THE INDICTMENT OR FOR ACTS COMMITTED OUTSIDE THE TIME PERIODS CHARGED IN EACH COUNT OF THE INDICTMENT. CONSEQUENTLY, YOU MAY NOT CONSIDER EVIDENCE OF THOSE OTHER ACTS AS A SUBSTITUTE FOR EVIDENCE THAT THE DEFENDANT COMMITTED THE CRIMES CHARGED IN THIS CASE. NOR MAY YOU CONSIDER EVIDENCE OF THOSE OTHER ACTS AS PROOF THAT THE DEFENDANT HAS A CRIMINAL PROPENSITY; THAT IS, YOU

69

MAY NOT CONCLUDE THAT HE LIKELY COMMITTED THE CRIMES CHARGED IN THE INDICTMENT BECAUSE HE WAS PREDISPOSED TO CRIMINAL CONDUCT.

INSTEAD, YOU MAY CONSIDER EVIDENCE OF UNCHARGED CONDUCT BY THE DEFENDANT FOR LIMITED PURPOSES, AND YOU MAY CONSIDER IT ONLY FOR THE FOLLOWING LIMITED PURPOSES, WHICH I WILL NOW DESCRIBE. YOU MAY ONLY CONSIDER EVIDENCE OF UNCHARGED CONDUCT:

- AS EVIDENCE OF CONDUCT THAT IS INEXTRICABLY INTERTWINED WITH EVIDENCE OF THE CHARGED CRIMES;

**70**

- **AS EVIDENCE ENABLING YOU TO UNDERSTAND THE COMPLETE STORY OF THE CHARGED CRIMES;**

- **AS EVIDENCE CORROBORATING THE TESTIMONY OF OTHER GOVERNMENT WITNESSES; AND**

- **AS EVIDENCE PROVING MOTIVE, OPPORTUNITY, INTENT, PREPARATION, PLAN, KNOWLEDGE, IDENTITY, ABSENCE OF MISTAKE, OR LACK OF ACCIDENT.**

**EVIDENCE OF UNCHARGED CONDUCT BY THE DEFENDANT MAY NOT BE CONSIDERED BY YOU FOR ANY PURPOSE OTHER THAN THE ONES I HAVE JUST LISTED.**

71

## CONSCIOUSNESS OF GUILT

YOU HAVE HEARD TESTIMONY THAT THE DEFENDANT MADE CERTAIN STATEMENTS OUTSIDE THE COURTROOM TO LAW ENFORCEMENT AUTHORITIES IN WHICH THE DEFENDANT CLAIMED THAT HIS CONDUCT WAS CONSISTENT WITH INNOCENCE AND NOT WITH GUILT. THE GOVERNMENT CLAIMS THAT THESE STATEMENTS IN WHICH HE EXONERATED OR EXCULPATED HIMSELF ARE FALSE.

IF YOU FIND THAT THE DEFENDANT GAVE A FALSE STATEMENT IN ORDER TO DIVERT SUSPICION FROM HIMSELF, YOU MAY, BUT ARE NOT REQUIRED TO INFER THAT THE DEFENDANT BELIEVED THAT HE WAS GUILTY. YOU MAY NOT, HOWEVER, INFER ON THE BASIS OF THIS

72

ALONE, THAT THE DEFENDANT IS, IN FACT, GUILTY OF THE CRIME FOR WHICH HE IS CHARGED.

WHETHER THE EVIDENCE AS TO A DEFENDANT'S STATEMENTS SHOWS THAT THE DEFENDANT BELIEVED THAT HE WAS GUILTY, AND THE SIGNIFICANCE, IF ANY, TO BE ATTACHED TO ANY SUCH EVIDENCE, ARE MATTERS FOR YOU, THE JURY, TO DECIDE.

## PROOF OF MOTIVE IS NOT NECESSARY

PROOF OF MOTIVE IS NOT A NECESSARY ELEMENT OF ANY OF THE CRIMES WITH WHICH THE DEFENDANT IS CHARGED. PROOF OF MOTIVE DOES NOT ESTABLISH GUILT, NOR DOES THE LACK OF PROOF OF MOTIVE ESTABLISH THAT THE DEFENDANT IS NOT GUILTY. IF ALL THE ELEMENTS OF A CRIME ARE PROVEN BEYOND A REASONABLE DOUBT, IT IS IMMATERIAL WHAT A DEFENDANT'S MOTIVE FOR THE CRIME MAY BE, OR WHETHER THE DEFENDANT'S MOTIVE WAS SHOWN AT ALL. THE PRESENCE OR ABSENCE OF MOTIVE IS, HOWEVER, A CIRCUMSTANCE WHICH YOU MAY CONSIDER AS BEARING ON THE INTENT OF THE DEFENDANT.

## WEIGHING CREDIBILITY INCLUDING *FALSUS IN UNO*

IN DECIDING WHAT THE FACTS ARE, YOU MUST DECIDE WHICH TESTIMONY TO BELIEVE AND WHICH TESTIMONY NOT TO BELIEVE.  IN MAKING THAT DECISION, YOU SHOULD USE THE SAME REASON YOU WOULD EMPLOY IN MAKING DETERMINATIONS IMPORTANT IN YOUR OWN AFFAIRS THAT ARE BASED ON INFORMATION GIVEN TO YOU BY OTHERS.  THERE ARE A NUMBER OF FACTORS YOU MAY TAKE INTO ACCOUNT IN DETERMINING WHETHER THE TESTIMONY OF A WITNESS IS BELIEVABLE, INCLUDING THE FOLLOWING:

(1)    DID THE WITNESS IMPRESS YOU AS HONEST?

(2)    DID THE WITNESS HAVE ANY PARTICULAR

75

REASON NOT TO TELL THE TRUTH?

(3)  DID THE WITNESS HAVE A PERSONAL INTEREST IN THE OUTCOME OF THE CASE?

(4)  DID THE WITNESS SEEM TO HAVE A GOOD MEMORY?

(5)  DID THE WITNESS HAVE THE OPPORTUNITY AND ABILITY TO OBSERVE ACCURATELY THE THINGS THEY TESTIFIED ABOUT?

(6)  DID THE WITNESS APPEAR TO UNDERSTAND THE QUESTIONS CLEARLY AND ANSWER THEM DIRECTLY?

(7)  DID THE WITNESS'S TESTIMONY DIFFER FROM THE TESTIMONY OF OTHER WITNESSES?

PEOPLE SOMETIMES FORGET THINGS.  A

CONTRADICTION MAY BE AN INNOCENT LAPSE OF MEMORY OR IT MAY BE AN INTENTIONAL FALSEHOOD. CONSIDER, THEREFORE, WHETHER THE CONTRADICTION, IF THERE WAS ONE, HAS TO DO WITH AN IMPORTANT FACT OR ONLY A SMALL DETAIL.

DIFFERENT PEOPLE OBSERVING AN EVENT MAY REMEMBER IT DIFFERENTLY AND THEREFORE TESTIFY ABOUT IT DIFFERENTLY.

BUT, IF ANY WITNESS IS SHOWN TO HAVE WILLFULLY LIED ABOUT ANY MATERIAL MATTER, YOU HAVE THE RIGHT TO CONCLUDE THAT THE WITNESS ALSO LIED ABOUT OTHER MATTERS. YOU MAY EITHER DISREGARD ALL OF THAT WITNESS'S TESTIMONY, OR YOU MAY

ACCEPT WHATEVER PART OF IT YOU THINK DESERVES TO BE BELIEVED.

YOU MAY CONSIDER THE FACTORS I HAVE JUST DISCUSSED WITH YOU IN DECIDING HOW MUCH WEIGHT TO GIVE TO TESTIMONY.

## II. LEGAL ELEMENTS OF THE CRIME CHARGED

## INTRODUCTION TO INDICTMENT

I WILL NOW TURN TO THE SECOND PART OF THIS CHARGE—AND WILL, AS I INDICATED AT THE OUTSET, INSTRUCT YOU AS TO THE SPECIFIC ELEMENTS OF THE CRIMES CHARGED THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT TO WARRANT A FINDING OF GUILT IN THIS CASE.

THE DEFENDANT IS FORMALLY CHARGED IN AN INDICTMENT. AS I INSTRUCTED YOU AT THE BEGINNING OF THIS CASE, AN INDICTMENT IS A CHARGE OR ACCUSATION. THE INDICTMENT IN THIS CASE CONTAINS THREE COUNTS.

79

EACH COUNT OF THE INDICTMENT CHARGES THE DEFENDANT WITH A DIFFERENT CRIME.

YOU MUST, AS A MATTER OF LAW, CONSIDER EACH COUNT OF THE INDICTMENT SEPARATELY, AND YOU MUST RETURN A SEPARATE VERDICT FOR EACH COUNT ON WHICH HE IS CHARGED.

TO REPEAT, AN INDICTMENT IS MERELY AN ACCUSATION IN WRITING. IT IS NOT EVIDENCE OF GUILT. IT IS ENTITLED TO NO WEIGHT IN YOUR DETERMINATION OF THE FACTS. THE DEFENDANT HAS PLEADED NOT GUILTY, THEREBY PLACING IN ISSUE EACH ALLEGATION IN THE INDICTMENT.

THE THREE COUNTS CHARGED IN THE INDICTMENT

ARE AS FOLLOWS: ONE COUNT OF CONSPIRACY TO VIOLATE THE FOREIGN CORRUPT PRACTICES ACT, ONE COUNT OF VIOLATING THE FOREIGN CORRUPT PRACTICES ACT, AND ONE COUNT OF CONSPIRACY TO COMMIT MONEY LAUNDERING.

## VENUE

THE INDICTMENT ALLEGES THAT THE CRIMES CHARGED OCCURRED IN PART IN THIS JUDICIAL DISTRICT, WHICH IS THE EASTERN DISTRICT OF NEW YORK. THIS DISTRICT ENCOMPASSES THE BOROUGHS OF BROOKLYN, QUEENS, AND STATEN ISLAND, AS WELL AS NASSAU AND SUFFOLK COUNTIES ON LONG ISLAND, AND THE WATERS WITHIN MANHATTAN AND THE BRONX, WHICH INCLUDE THE WATERS SURROUNDING THE ISLAND OF MANHATTAN THAT SEPARATE MANHATTAN FROM THE OTHER BOROUGHS OF NEW YORK CITY AND FROM THE STATE OF NEW JERSEY, AS WELL AS THE AIR SPACE ABOVE THE DISTRICT OR THE WATERS IN THE DISTRICT.

**TO ESTABLISH THAT VENUE FOR A CHARGED CRIME IS APPROPRIATE IN THIS DISTRICT, THE GOVERNMENT MUST PROVE THAT SOME ACT IN FURTHERANCE OF THE CRIME OCCURRED HERE, IN THE EASTERN DISTRICT OF NEW YORK. THIS MEANS THAT WITH RESPECT TO EACH CRIME CHARGED, EVEN IF OTHER ACTS WERE COMMITTED OUTSIDE THIS DISTRICT OR IF THE CRIME WAS COMPLETED ELSEWHERE, VENUE IS ESTABLISHED IN THE EASTERN DISTRICT OF NEW YORK SO LONG AS SOME ACT IN FURTHERANCE OF THE CRIME TOOK PLACE IN THIS DISTRICT. INDEED, A DEFENDANT NEED NOT PERSONALLY HAVE BEEN PRESENT IN THE DISTRICT FOR VENUE TO BE PROPER. VENUE TURNS ON WHETHER ANY**

**83**

PART OF THE CRIME OR ANY ACT IN FURTHERANCE OF THE OFFENSE WAS COMMITTED IN THE DISTRICT. VENUE IS PROPER IN A DISTRICT WHERE THE DEFENDANT INTENTIONALLY OR KNOWINGLY CAUSES AN ACT IN FURTHERANCE OF THE CHARGED OFFENSE TO OCCUR OR WHERE IT IS FORESEEABLE THAT SUCH AN ACT WOULD OCCUR IN THE DISTRICT. IN A CONSPIRACY, SUCH AS THOSE CHARGED IN COUNTS ONE AND THREE, ACTIONS OF COCONSPIRATORS, AS WELL AS ACTIONS CAUSED BY COCONSPIRATORS, MAY BE SUFFICIENT TO CONFER VENUE IF IT WAS REASONABLY FORESEEABLE TO THE DEFENDANT THAT THE ACTS WOULD OCCUR IN THE EASTERN DISTRICT OF NEW YORK.

IN DETERMINING WHETHER SOME ACT IN FURTHERANCE OF THE CRIME YOU ARE CONSIDERING OCCURRED IN THE EASTERN DISTRICT OF NEW YORK, YOU MAY CONSIDER A NUMBER OF THINGS. VENUE CAN BE CONFERRED BASED ON PHYSICAL PRESENCE OR CONDUCT, AND PASSING THROUGH A DISTRICT, INCLUDING THROUGH OR OVER WATERS, IS SUFFICIENT TO CONFER VENUE. VENUE CAN ALSO BE BASED ON ELECTRONIC IMPULSES, INCLUDING EMAIL COMMUNICATIONS AND ELECTRONIC TRANSFERS OF FUNDS SUCH AS BANKING TRANSFERS, PASSING THROUGH A DISTRICT. VENUE LIES IN ANY DISTRICT WHERE ELECTRONIC COMMUNICATIONS ARE SENT OR RECEIVED

85

AND ANY DISTRICT THROUGH WHICH ELECTRONIC COMMUNICATIONS ARE ROUTED. VENUE IS PROPER WHERE A TELEPHONIC COMMUNICATION IN FURTHERANCE OF A CRIME WAS MADE AND WHERE IT WAS RECEIVED. THE GOVERNMENT NEED NOT PROVE ALL OF THESE BASES OF VENUE; ANY ONE IS SUFFICIENT.

WHILE THE GOVERNMENT'S BURDEN AS TO EVERYTHING ELSE IN THE CASE IS PROOF BEYOND A REASONABLE DOUBT, A STANDARD THAT I HAVE ALREADY EXPLAINED TO YOU, THE GOVERNMENT MUST PROVE VENUE BY THE LESSER STANDARD OF PREPONDERANCE OF THE EVIDENCE. TO ESTABLISH A FACT BY A PREPONDERANCE OF THE EVIDENCE MEANS TO

PROVE THAT THE FACT IS MORE LIKELY TRUE THAN NOT.

A PREPONDERANCE OF THE EVIDENCE MEANS THE GREATER WEIGHT OF THE EVIDENCE, BOTH DIRECT AND CIRCUMSTANTIAL.

FINALLY, YOU NEED NOT CONSIDER VENUE WITH RESPECT TO COUNT TWO, WHICH CHARGES THAT THE CRIME OCCURRED IN THE SOUTHERN DISTRICT OF TEXAS, WHICH INCLUDES HARRIS COUNTY AND THE GREATER HOUSTON, TEXAS AREA. I INSTRUCT YOU THAT YOU SHOULD REGARD VENUE AS TO COUNT TWO AS PROVEN. ACCORDINGLY, YOU NEED ONLY CONSIDER VENUE WITH RESPECT TO COUNTS ONE AND THREE.

## <u>DATES APPROXIMATE</u>

THE INDICTMENT CHARGES "ON OR ABOUT" CERTAIN DATES.  IT DOES NOT MATTER IF THE INDICTMENT CHARGES THAT A SPECIFIC ACT OCCURRED ON OR ABOUT A CERTAIN DATE, AND THE EVIDENCE INDICATES THAT, IN FACT, IT WAS ON ANOTHER DATE.  THE LAW ONLY REQUIRES SUBSTANTIAL SIMILARITY BETWEEN THE DATES ALLEGED IN THE INDICTMENT AND THE DATES ESTABLISHED BY TESTIMONY OR EXHIBITS.

## USE OF CONJUNCTIVE AND DISJUNCTIVE IN

## INDICTMENT

ONE OR MORE COUNTS OF THE INDICTMENT MAY ACCUSE THE DEFENDANT OF VIOLATING THE SAME STATUTE IN MORE THAN ONE WAY.  IN OTHER WORDS, THE INDICTMENT MAY ALLEGE THAT THE STATUTE IN QUESTION WAS VIOLATED BY VARIOUS ACTS WHICH ARE IN THE INDICTMENT JOINED BY THE CONJUNCTIVE WORD "AND," WHILE THE STATUTE AND THE ELEMENTS OF THE OFFENSE ARE STATED IN THE DISJUNCTIVE, USING THE WORD "OR."  IN THESE INSTANCES, IT IS SUFFICIENT FOR A FINDING OF GUILT IF THE EVIDENCE ESTABLISHED BEYOND A REASONABLE DOUBT THE VIOLATION OF THE STATUTE BY ANY ONE OF THE ACTS CHARGED.

**89**

## KNOWINGLY, WILLFULLY, AND INTENTIONALLY

DURING THESE INSTRUCTIONS ON THE ELEMENTS OF THE CRIME CHARGED, YOU WILL HEAR ME USE THE WORDS "KNOWINGLY," "WILLFULLY," AND "INTENTIONALLY" FROM TIME TO TIME. BEFORE YOU CAN FIND THE DEFENDANT GUILTY, YOU MUST BE SATISFIED THAT THE DEFENDANT WAS ACTING KNOWINGLY, WILLFULLY, AND INTENTIONALLY.

A PERSON ACTS "KNOWINGLY" IF HE ACTS INTENTIONALLY AND VOLUNTARILY AND NOT BECAUSE OF IGNORANCE, MISTAKE, ACCIDENT, OR CARELESSNESS. WHETHER THE DEFENDANT ACTED KNOWINGLY MAY BE PROVEN BY HIS CONDUCT AND BY ALL OF THE FACTS AND CIRCUMSTANCES SURROUNDING THE CASE.

**90**

A PERSON ACTS "WILLFULLY" IF HE ACTS KNOWINGLY AND PURPOSEFULLY, WITH AN INTENT TO DO SOMETHING THE LAW FORBIDS; THAT IS TO SAY, WITH A BAD PURPOSE EITHER TO DISOBEY OR TO DISREGARD THE LAW. HOWEVER, THE GOVERNMENT NEED NOT PROVE THAT THE DEFENDANT KNEW THAT HE WAS BREAKING ANY PARTICULAR LAW OR ANY PARTICULAR RULE OR WAS AWARE OF ANY PARTICULAR LAW OR PARTICULAR RULE. THE GOVERNMENT MUST ONLY SHOW THAT THE DEFENDANT WAS AWARE OF THE GENERALLY UNLAWFUL NATURE OF HIS ACTS.

A PERSON ACTS "INTENTIONALLY" IF HE ACTS DELIBERATELY AND PURPOSEFULLY. THAT IS, THE ACTS

91

MUST HAVE BEEN THE PRODUCT OF HIS CONSCIOUS, OBJECTIVE DECISION RATHER THAN THE PRODUCT OF A MISTAKE OR ACCIDENT.

THESE ISSUES OF KNOWLEDGE, WILLFULNESS, AND INTENT REQUIRE YOU TO MAKE A DETERMINATION ABOUT THE DEFENDANT'S STATE OF MIND, SOMETHING THAT CAN RARELY BE PROVEN DIRECTLY. A WISE AND CAREFUL CONSIDERATION OF ALL THE CIRCUMSTANCES BEFORE YOU MAY, HOWEVER, PERMIT YOU TO MAKE A DETERMINATION AS TO THE DEFENDANT'S STATE OF MIND. INDEED, IN YOUR EVERYDAY AFFAIRS, YOU ARE FREQUENTLY CALLED UPON TO DETERMINE A PERSON'S STATE OF MIND FROM HIS WORDS AND ACTIONS IN GIVEN

**CIRCUMSTANCES. YOU ARE ASKED TO DO THE SAME HERE.**

## CONSPIRACY GENERALLY

I WILL FIRST EXPLAIN THE CRIME OF CONSPIRACY GENERALLY BEFORE TURNING TO THE ALLEGED OBJECTS OF THE CHARGED CONSPIRACIES – THAT IS, OF FOREIGN BRIBERY AND MONEY LAUNDERING.

A CONSPIRACY IS AN OFFENSE SEPARATE FROM THE COMMISSION OF ANY OFFENSE THAT MAY HAVE BEEN COMMITTED PURSUANT TO THE CONSPIRACY.  THAT IS BECAUSE THE FORMATION OF A CONSPIRACY, OF A PARTNERSHIP FOR CRIMINAL PURPOSES, IS IN AND OF ITSELF A CRIME.  THUS, IF A CONSPIRACY EXISTS, EVEN IF IT SHOULD FAIL IN ACHIEVING ITS UNLAWFUL PURPOSE, IT IS STILL PUNISHABLE AS A CRIME.  THE ESSENCE OF THE CHARGE OF CONSPIRACY IS AN UNDERSTANDING

94

BETWEEN OR AMONG TWO OR MORE PERSONS, THAT THEY WILL ACT TOGETHER TO ACCOMPLISH A COMMON OBJECTIVE THAT THEY KNOW IS UNLAWFUL.

IN ORDER TO PROVE THE CRIME OF CONSPIRACY, THE GOVERNMENT MUST PROVE TWO ELEMENTS BEYOND A REASONABLE DOUBT:

**FIRST**, THE FIRST ELEMENT IS THAT TWO OR MORE PERSONS ENTERED INTO THE CHARGED CONSPIRACY;

**SECOND**, THE SECOND ELEMENT IS THAT THE DEFENDANT BECAME A MEMBER OF THE CONSPIRACY WITH KNOWLEDGE OF ITS CRIMINAL GOAL OR GOALS AND INTENDING BY HIS ACTIONS TO HELP IT SUCCEED.

## CO-CONSPIRATOR STATEMENTS AND CRIMINAL

## LIABILITY

TWO OF THE CHARGES AGAINST THE DEFENDANT ALLEGE THAT HE PARTICIPATED IN CONSPIRACIES. IN THAT REGARD, I ADMITTED INTO EVIDENCE AGAINST THE DEFENDANT THE ACTS AND STATEMENTS OF OTHERS BECAUSE THESE ACTS AND STATEMENTS WERE COMMITTED BY PERSONS WHO, THE GOVERNMENT CHARGES, WERE CO-CONSPIRATORS OF THE DEFENDANT.

THE REASON FOR ALLOWING THIS EVIDENCE TO BE RECEIVED AGAINST THE DEFENDANT HAS TO DO WITH THE NATURE OF THE CRIME OF CONSPIRACY. A CONSPIRACY IS OFTEN REFERRED TO AS A PARTNERSHIP IN CRIME. AS IN OTHER TYPES OF PARTNERSHIPS, WHEN

PEOPLE ENTER INTO A CONSPIRACY TO ACCOMPLISH AN UNLAWFUL END, EACH AND EVERY MEMBER BECOMES AN AGENT FOR THE OTHER CONSPIRATORS IN CARRYING OUT THE CONSPIRACY.

ACCORDINGLY, THE REASONABLY FORESEEABLE ACTS, DECLARATIONS, STATEMENTS, AND OMISSIONS OF ANY MEMBER OF THE CONSPIRACY, AND IN FURTHERANCE OF THE COMMON PURPOSE OF THE CONSPIRACY, ARE DEEMED, UNDER THE LAW, TO BE THE ACTS OF ALL OF THE MEMBERS, AND ALL OF THE MEMBERS ARE RESPONSIBLE FOR SUCH ACTS, DECLARATIONS, STATEMENTS, AND OMISSIONS.

THUS, IF YOU FIND THAT THE DEFENDANT WAS A

97

MEMBER OF A CONSPIRACY CHARGED IN THE INDICTMENT, THEN ANY ACTS DONE OR STATEMENTS MADE IN FURTHERANCE OF THE CONSPIRACY BY PERSONS ALSO FOUND BY YOU TO HAVE BEEN MEMBERS OF THAT CONSPIRACY AT THE TIME THOSE ACTS WERE COMMITTED OR STATEMENTS WERE MADE MAY BE CONSIDERED AGAINST THE DEFENDANT SO LONG AS THE ACTS OR STATEMENTS WERE REASONABLY FORESEEABLE TO THE DEFENDANT. THIS IS SO EVEN IF SUCH ACTS WERE DONE AND STATEMENTS WERE MADE IN THE DEFENDANT'S ABSENCE AND WITHOUT HIS KNOWLEDGE.

HOWEVER, BEFORE YOU MAY CONSIDER THE

98

STATEMENTS OR ACTS OF A CO-CONSPIRATOR IN DECIDING THE ISSUE OF A DEFENDANT'S GUILT, YOU MUST FIRST DETERMINE THAT THE ACTS AND STATEMENTS WERE MADE DURING THE EXISTENCE OF, AND IN FURTHERANCE OF, THE UNLAWFUL SCHEME. IF THE ACTS WERE DONE OR THE STATEMENTS MADE BY SOMEONE WHOM YOU DO NOT FIND TO HAVE BEEN A MEMBER OF THE CONSPIRACY, OR IF THEY WERE NOT DONE OR SAID IN FURTHERANCE OF THE CONSPIRACY, THEY MAY NOT BE CONSIDERED BY YOU AS EVIDENCE AGAINST THE DEFENDANT.

I WILL NOW ADDRESS THE COUNTS CHARGED IN THE INDICTMENT.

99

## COUNT ONE: CONSPIRACY TO VIOLATE THE

## FOREIGN CORRUPT PRACTICES BRIBERY PROVISION

AS I MENTIONED EARLIER, THE DEFENDANT IS CHARGED IN COUNT ONE WITH CONSPIRACY TO VIOLATE THE FOREIGN CORRUPT PRACTICES ACT THROUGH BRIBERY. COUNT ONE OF THE INDICTMENT READS AS FOLLOWS:

IN OR ABOUT AND BETWEEN MARCH 2015 AND JULY 10, 2020, BOTH DATES BEING APPROXIMATE AND INCLUSIVE, WITHIN THE EASTERN DISTRICT OF NEW YORK AND ELSEWHERE, THE DEFENDANT JAVIER AGUILAR, TOGETHER WITH OTHERS, DID KNOWINGLY AND WILLFULLY CONSPIRE TO COMMIT ONE OR MORE OFFENSES AGAINST THE UNITED STATES, TO WIT:

100

**(A) BEING A DOMESTIC CONCERN AND AN EMPLOYEE OF A DOMESTIC CONCERN, TO MAKE USE OF THE MAILS AND MEANS AND INSTRUMENTALITIES OF INTERSTATE COMMERCE CORRUPTLY IN FURTHERANCE OF AN OFFER, PAYMENT, PROMISE TO PAY AND AUTHORIZATION OF THE PAYMENT OF ANY MONEY, OFFER, GIFT, PROMISE TO GIVE AND AUTHORIZATION OF THE GIVING OF ANYTHING OF VALUE TO A FOREIGN OFFICIAL, TO A FOREIGN POLITICAL PARTY AND OFFICIAL THEREOF, AND TO A PERSON WHILE KNOWING THAT ALL OR A PORTION OF SUCH MONEY AND THING OF VALUE WOULD BE AND HAD BEEN OFFERED, GIVEN AND PROMISED TO A FOREIGN OFFICIAL AND TO A FOREIGN POLITICAL PARTY AND**

**OFFICIAL THEREOF, FOR PURPOSES OF: (I) INFLUENCING ACTS AND DECISIONS OF SUCH FOREIGN OFFICIAL, FOREIGN POLITICAL PARTY AND OFFICIAL THEREOF IN HIS, HER OR ITS OFFICIAL CAPACITY; (II) INDUCING SUCH FOREIGN OFFICIAL, FOREIGN POLITICAL PARTY AND OFFICIAL THEREOF TO DO AND OMIT TO DO ACTS IN VIOLATION OF THE LAWFUL DUTY OF SUCH OFFICIAL AND PARTY; (III) SECURING ANY IMPROPER ADVANTAGE; AND (IV) INDUCING SUCH FOREIGN OFFICIAL, FOREIGN POLITICAL PARTY AND OFFICIAL THEREOF TO USE HIS, HER OR ITS INFLUENCE WITH A FOREIGN GOVERNMENT AND AGENCIES AND INSTRUMENTALITIES THEREOF TO AFFECT AND INFLUENCE ACTS AND DECISIONS OF SUCH**

**102**

GOVERNMENT AND AGENCIES AND INSTRUMENTALITIES, IN ORDER TO ASSIST AGUILAR, VITOL AND OTHERS IN OBTAINING AND RETAINING BUSINESS FOR AND WITH, AND DIRECTING BUSINESS TO, VITOL AND OTHERS, CONTRARY TO TITLE 15, UNITED STATES CODE, SECTION 78DD-2; AND

(B) WHILE IN THE TERRITORY OF THE UNITED STATES, CORRUPTLY TO MAKE USE OF THE MAILS AND MEANS AND INSTRUMENTALITIES OF INTERSTATE COMMERCE AND TO DO ANY ACT IN FURTHERANCE OF AN OFFER, PAYMENT, PROMISE TO PAY AND AUTHORIZATION OF THE PAYMENT OF ANY MONEY, OFFER, GIFT, PROMISE TO GIVE AND AUTHORIZATION OF THE GIVING OF

ANYTHING OF VALUE TO A FOREIGN OFFICIAL, TO A

FOREIGN POLITICAL PARTY AND OFFICIAL THEREOF, AND

TO A PERSON WHILE KNOWING THAT ALL OR A PORTION

OF SUCH MONEY AND THING OF VALUE WOULD BE AND

HAD BEEN OFFERED, GIVEN AND PROMISED TO A FOREIGN

OFFICIAL AND TO A FOREIGN POLITICAL PARTY AND

OFFICIAL THEREOF, FOR PURPOSES OF: (I) INFLUENCING

ACTS AND DECISIONS OF SUCH FOREIGN OFFICIAL,

FOREIGN POLITICAL PARTY AND OFFICIAL THEREOF IN

HIS, HER OR ITS OFFICIAL CAPACITY; (II) INDUCING SUCH

FOREIGN OFFICIAL, FOREIGN POLITICAL PARTY AND

OFFICIAL THEREOF TO DO AND OMIT TO DO ACTS IN

VIOLATION OF THE LAWFUL DUTY OF SUCH OFFICIAL

104

AND PARTY; (III) SECURING ANY IMPROPER ADVANTAGE; AND (IV) INDUCING SUCH FOREIGN OFFICIAL, FOREIGN POLITICAL PARTY AND OFFICIAL THEREOF TO USE HIS, HER OR ITS INFLUENCE WITH A FOREIGN GOVERNMENT AND AGENCIES AND INSTRUMENTALITIES THEREOF TO AFFECT AND INFLUENCE ACTS AND DECISIONS OF SUCH GOVERNMENT AND AGENCIES AND INSTRUMENTALITIES, IN ORDER TO ASSIST ENRIQUE PERE YCAZA AND OTHERS IN OBTAINING AND RETAINING BUSINESS FOR AND WITH, AND DIRECTING BUSINESS TO VITOL AND OTHERS, CONTRARY TO TITLE 15, UNITED STATES CODE, SECTION 78DD-3.

## <u>ELEMENTS OF COUNT ONE - CONSPIRACY TO</u>

## <u>VIOLATE THE FOREIGN CORRUPT PRACTICES ACT</u>

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF WITH RESPECT TO THE CONSPIRACY CHARGED IN COUNT ONE, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THE FOLLOWING THREE ELEMENTS:

FIRST: THE EXISTENCE OF THE CONSPIRACY CHARGED, THAT IS, AN AGREEMENT OR UNDERSTANDING TO VIOLATE THE FOREIGN CORRUPT PRACTICES ACT BRIBERY PROVISION, A CRIME THAT I WILL DEFINE LATER;

SECOND: THAT THE DEFENDANT KNOWINGLY AND WILLFULLY BECAME A MEMBER OF THE CONSPIRACY CHARGED; AND

**106**

THIRD: THAT ANY ONE OF THE CONSPIRATORS --
THAT IS, THE DEFENDANT OR ANY OTHER MEMBER OF
THE CONSPIRACY -- KNOWINGLY COMMITTED AT LEAST
ONE OVERT ACT DURING THE LIFE OF THE CONSPIRACY.

I WILL NOW FURTHER EXPLAIN EACH ELEMENT.

## ELEMENTS OF CONSPIRACY

## FIRST ELEMENT – EXISTENCE OF AGREEMENT

THE FIRST ELEMENT THAT THE GOVERNMENT MUST
PROVE BEYOND A REASONABLE DOUBT TO ESTABLISH
THE OFFENSE OF CONSPIRACY IS THAT TWO OR MORE
PERSONS ENTERED INTO THE CHARGED CONSPIRACY.
ONE PERSON CANNOT COMMIT THE CRIME OF
CONSPIRACY ALONE.

107

IN ORDER FOR THE GOVERNMENT TO SATISFY THIS ELEMENT, YOU NEED NOT FIND THAT THE ALLEGED MEMBERS OF THE CONSPIRACY MET TOGETHER AND ENTERED INTO ANY EXPRESS OR FORMAL AGREEMENT. SIMILARLY, YOU NEED NOT FIND THAT THE ALLEGED CONSPIRATORS STATED, IN WORDS OR WRITING, WHAT THE SCHEME WAS, ITS OBJECT OR PURPOSE, OR EVERY PRECISE DETAIL OF THE SCHEME OR THE MEANS BY WHICH ITS OBJECT OR PURPOSE WAS TO BE ACCOMPLISHED.  INDEED, IT IS SUFFICIENT FOR THE GOVERNMENT TO SHOW THAT THE CONSPIRATORS CAME TO A MUTUAL UNDERSTANDING, EITHER SPOKEN OR UNSPOKEN, BETWEEN TWO OR MORE PEOPLE TO

COOPERATE WITH EACH OTHER TO ACCOMPLISH AN

UNLAWFUL ACT.

YOU MAY, OF COURSE, FIND THAT THE EXISTENCE OF

AN AGREEMENT TO DISOBEY OR DISREGARD THE LAW

HAS BEEN ESTABLISHED BY DIRECT PROOF. HOWEVER,

SINCE CONSPIRACY IS, BY ITS VERY NATURE,

CHARACTERIZED BY SECRECY, YOU MAY ALSO INFER ITS

EXISTENCE FROM THE CIRCUMSTANCES OF A GIVEN CASE

AND THE CONDUCT OF THE PARTIES INVOLVED.

IN THE CONTEXT OF CONSPIRACY CASES, ACTIONS

OFTEN SPEAK LOUDER THAN WORDS. IN DETERMINING

WHETHER AN AGREEMENT EXISTED HERE, CONSIDER

THE ACTIONS AND STATEMENTS OF ALL OF THOSE YOU

FIND TO BE PARTICIPANTS AS PROOF THAT A COMMON DESIGN EXISTED ON THE PART OF THE PERSONS CHARGED TO ACT TOGETHER TO ACCOMPLISH AN UNLAWFUL PURPOSE.

### SECOND ELEMENT – MEMBERSHIP IN THE CONSPIRACY

THE SECOND ELEMENT THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT TO ESTABLISH THE OFFENSE OF CONSPIRACY, IS THAT A DEFENDANT BECAME A MEMBER IN THE CHARGED CONSPIRACY WITH KNOWLEDGE OF ITS CRIMINAL GOAL OR GOALS AND INTENDING BY HIS ACTIONS TO HELP IT SUCCEED.

IF YOU ARE SATISFIED THAT THE CONSPIRACY

110

CHARGED IN THE INDICTMENT EXISTED, YOU MUST NEXT ASK YOURSELVES WHO THE MEMBERS OF THAT CONSPIRACY WERE.  IN DECIDING WHETHER THE DEFENDANT WAS, IN FACT, A MEMBER OF THE CONSPIRACY, YOU SHOULD CONSIDER WHETHER, BASED UPON ALL OF THE EVIDENCE, IT APPEARS THAT THE DEFENDANT KNOWINGLY AND WILLFULLY JOINED THE CONSPIRACY.  DID THE DEFENDANT PARTICIPATE IN IT WITH KNOWLEDGE OF ITS UNLAWFUL PURPOSE AND WITH THE SPECIFIC INTENTION OF FURTHERING ITS BUSINESS OR OBJECTIVE AS AN ASSOCIATE OR WORKER?

NOW, IT HAS BEEN SAID THAT IN ORDER FOR A DEFENDANT TO BE DEEMED A PARTICIPANT IN A

CONSPIRACY, HE MUST HAVE HAD A STAKE IN THE VENTURE OR ITS OUTCOME. YOU ARE INSTRUCTED THAT, WHILE PROOF OF A FINANCIAL INTEREST IN THE OUTCOME OF A SCHEME IS NOT ESSENTIAL, IF YOU FIND THAT A DEFENDANT HAD SUCH AN INTEREST, THAT IS A FACTOR THAT YOU MAY PROPERLY CONSIDER IN DETERMINING WHETHER OR NOT A DEFENDANT WAS A MEMBER OF THE CONSPIRACY CHARGED IN THE INDICTMENT.

AS I MENTIONED A MOMENT AGO, BEFORE THE DEFENDANT CAN BE FOUND TO HAVE BEEN A CONSPIRATOR, YOU MUST FIRST FIND THAT HE KNOWINGLY JOINED IN THE UNLAWFUL AGREEMENT OR

PLAN.  THE KEY QUESTION, THEREFORE, IS WHETHER THE DEFENDANT JOINED THE CONSPIRACY WITH AN AWARENESS OF AT LEAST SOME OF THE BASIC AIMS AND PURPOSES OF THE UNLAWFUL AGREEMENT.

IT IS IMPORTANT FOR YOU TO NOTE THAT A DEFENDANT'S PARTICIPATION IN THE CONSPIRACY MUST BE ESTABLISHED BY INDEPENDENT EVIDENCE OF HIS OWN ACTS OR STATEMENTS, AS WELL AS THOSE OF THE OTHER ALLEGED CO-CONSPIRATORS, AND THE REASONABLE INFERENCES WHICH MAY BE DRAWN FROM THEM.

A DEFENDANT'S KNOWLEDGE IS A MATTER OF INFERENCE FROM THE FACTS PROVED.  IN THAT

113

CONNECTION, I INSTRUCT YOU THAT TO BECOME A MEMBER OF THE CONSPIRACY, A DEFENDANT NEED NOT HAVE KNOWN THE IDENTITIES OF EACH AND EVERY OTHER MEMBER, NOR NEED HE HAVE BEEN APPRISED OF ALL OF THEIR ACTIVITIES.  MOREOVER, A DEFENDANT NEED NOT HAVE BEEN FULLY INFORMED AS TO ALL OF THE DETAILS OR THE SCOPE OF THE CONSPIRACY IN ORDER TO JUSTIFY AN INFERENCE OF KNOWLEDGE ON HIS PART.  FURTHERMORE, A DEFENDANT NEED NOT HAVE JOINED IN ALL OF THE CONSPIRACY'S UNLAWFUL OBJECTIVES.

THE EXTENT OF A DEFENDANT'S PARTICIPATION HAS NO BEARING ON THE ISSUE OF THAT DEFENDANT'S GUILT.

114

A CONSPIRATOR'S LIABILITY IS NOT MEASURED BY THE EXTENT OR DURATION OF HIS PARTICIPATION.  INDEED, EACH MEMBER MAY PERFORM SEPARATE AND DISTINCT ACTS AND MAY PERFORM THEM AT DIFFERENT TIMES. SOME CONSPIRATORS PLAY MAJOR ROLES, WHILE OTHERS PLAY MINOR PARTS IN THE SCHEME.  AN EQUAL ROLE IS NOT WHAT THE LAW REQUIRES.  IN FACT, EVEN A SINGLE ACT MAY BE SUFFICIENT TO DRAW A DEFENDANT WITHIN THE AMBIT OF THE CONSPIRACY.

I WANT TO CAUTION YOU, HOWEVER, THAT A DEFENDANT'S MERE PRESENCE AT THE SCENE OF AN ALLEGED CRIME DOES NOT, BY ITSELF, MAKE HIM A MEMBER OF THE CONSPIRACY.  SIMILARLY, MERE

ASSOCIATION WITH ONE OR MORE MEMBERS OF THE CONSPIRACY DOES NOT AUTOMATICALLY MAKE A DEFENDANT A MEMBER. A PERSON MAY KNOW, OR BE FRIENDLY WITH, A CRIMINAL, WITHOUT BEING A CRIMINAL HIMSELF OR HERSELF. MERE SIMILARITY OF CONDUCT OR THE FACT THAT THEY MAY HAVE ASSEMBLED TOGETHER AND DISCUSSED COMMON AIMS AND INTERESTS DOES NOT NECESSARILY ESTABLISH PROOF OF THE EXISTENCE OF A CONSPIRACY.

I ALSO WANT TO CAUTION YOU THAT MERE KNOWLEDGE OR ACQUIESCENCE, WITHOUT PARTICIPATION, IN THE UNLAWFUL PLAN IS NOT SUFFICIENT. MOREOVER, THE FACT THAT THE ACTS OF A

116

DEFENDANT, WITHOUT KNOWLEDGE, MERELY HAPPEN TO FURTHER THE PURPOSES OR OBJECTIVES OF THE CONSPIRACY, DOES NOT MAKE THE DEFENDANT A MEMBER. MORE IS REQUIRED UNDER THE LAW. WHAT IS NECESSARY IS THAT A DEFENDANT MUST HAVE PARTICIPATED WITH KNOWLEDGE OF AT LEAST SOME OF THE PURPOSES OR OBJECTIVES OF THE CONSPIRACY AND WITH THE INTENTION OF AIDING IN THE ACCOMPLISHMENT OF THOSE UNLAWFUL ENDS.

IN SUM, A DEFENDANT, WITH AN UNDERSTANDING OF THE UNLAWFUL CHARACTER OF THE CONSPIRACY, MUST HAVE INTENTIONALLY ENGAGED, ADVISED OR ASSISTED IN IT FOR THE PURPOSE OF FURTHERING THE ILLEGAL

117

UNDERTAKING.  HE THEREBY BECAME A KNOWING AND WILLING PARTICIPANT IN THE UNLAWFUL AGREEMENT – THAT IS TO SAY, A CONSPIRATOR.  AGAIN, AN ACT IS DONE "WILLFULLY" IF DONE VOLUNTARILY AND INTENTIONALLY, AND WITH THE SPECIFIC INTENT TO DO SOMETHING THE LAW FORBIDS – THAT IS TO SAY, WITH A BAD PURPOSE EITHER TO DISOBEY OR DISREGARD THE LAW.

## OVERT ACT

THE THIRD ELEMENT IS THE REQUIREMENT OF AN OVERT ACT. TO SUSTAIN ITS BURDEN OF PROOF WITH RESPECT TO THE CONSPIRACY CHARGED IN COUNT ONE OF THE INDICTMENT, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT AT LEAST ONE OVERT ACT WAS KNOWINGLY COMMITTED IN FURTHERANCE OF THAT CONSPIRACY BY AT LEAST ONE OF THE CO-CONSPIRATORS -- EITHER THE DEFENDANT OR ANY OTHER MEMBER OF THE CONSPIRACY. THE DEFENDANT NEED NOT BE THE PERSON WHO COMMITTED THE ACT.

COUNT ONE OF THE INDICTMENT DESCRIBES THE FOLLOWING ALLEGED "OVERT ACTS":

119

(A) ON OR ABOUT APRIL 15, 2015, AT AGUILAR'S DIRECTION, LIONEL HANST EXECUTED A SHAM BROKERAGE AGREEMENT WITH A VITOL GROUP COMPANY ON BEHALF OF ZANZA OIL.

(B) ON OR ABOUT DECEMBER 27, 2016, AGUILAR FORWARDED AN EMAIL TO ANTONIO PERE YCAZA THAT WAS ORIGINALLY SENT BY LEGAL REPRESENTATIVES WORKING AT THE DIRECTION OF VITOL IN NEW YORK, NEW YORK, THROUGH THE EASTERN DISTRICT OF NEW YORK TO EXECUTIVES AT VITOL AND OTHERS REQUESTING THAT THEY NOTIFY AGUILAR THAT PETROECUADOR WOULD CONTACT HIM TO CONFIRM THAT PETROECUADOR WOULD RECOGNIZE VITOL AS

120

**[OMAN TRADING INTERNATIONAL'S] AGENT FOR PURPOSES OF THE FUEL OIL CONTRACT.**

**(C) ON OR ABOUT JANUARY 3, 2018, ENRIQUE PERE YCAZA SENT AN EMAIL TO LIONEL HANST ATTACHING DRAFT SHAM CONSULTING SERVICES AGREEMENTS BETWEEN LION OIL AND OPV AND BETWEEN ZANZA OIL AND OPV AND ASKING HANST, IN SUM AND SUBSTANCE, TO SIGN AND RETURN THE CONTRACTS AS SOON AS POSSIBLE SO THAT HE COULD SEND THEM TO THE BANK AND OPEN AN ACCOUNT.**

**(D) ON OR ABOUT MARCH 7, 2018, ENRIQUE PERE YCAZA SENT AN EMAIL TO LIONEL HANST ATTACHING 39 SHAM CONSULTING SERVICES INVOICES FROM OPV TO**

**121**

LION OIL. THE 39 INVOICES COVERED THE PERIOD
BETWEEN APPROXIMATELY JANUARY 2017 AND JANUARY
2018.

(E) ON OR ABOUT MARCH 7, 2018, ENRIQUE PERE
YCAZA SENT AN EMAIL TO LIONEL HANST ATTACHING 39
SHAM INVOICES FROM OPV TO ZANZA OIL. THE 39
INVOICES COVERED THE PERIOD BETWEEN
APPROXIMATELY JANUARY 2017 AND JANUARY 2018.

(F) ON OR ABOUT MARCH 7, 2018, LIONEL HANST
FORWARDED TO AGUILAR AT THE FIRST AGUILAR 007
ACCOUNT AND TO CO-CONSPIRATOR #1, VIA AN ALIAS AND
NON-BUSINESS EMAIL ACCOUNT, AN EMAIL THAT HANST
RECEIVED FROM ENRIQUE PERE YCAZA, ATTACHING 39

**122**

SHAM INVOICES FROM OPV TO ZANZA OIL. THE 39 INVOICES COVERED THE PERIOD BETWEEN APPROXIMATELY JANUARY 2017 AND JANUARY 2018, AND INCLUDED 13 INVOICES WITH INVOICE NUMBERS 10021-24, 10028-30, 10032, 10036-38 AND 10043-44. IN THE EMAIL, WHICH WAS WRITTEN IN SPANISH, HANST TOLD AGUILAR, IN SUM AND SUBSTANCE, THAT HE HAD RECEIVED THE ATTACHED INVOICES FOR PURPORTED CONSULTING SERVICES FROM "LOS EQUATORENOS," A REFERENCE TO ANTONIO PERE YCAZA AND ENRIQUE PERE YCAZA, AND ASKED AGUILAR HOW HE SHOULD PROCEED.

(G) ON OR ABOUT APRIL 20, 2018, VITOL S.A. WIRED APPROXIMATELY $750,000 FROM A BANK ACCOUNT

**LOCATED IN THE UNITED KINGDOM TO A BANK ACCOUNT LOCATED IN CURAÇAO IN THE NAME OF ZANZA OIL.**

**(H) ON OR ABOUT MAY 18, 2018, LIONEL HANST SENT AN EMAIL (THE "HANST MAY 18 EMAIL") TO AGUILAR AT THE FIRST AGUILAR 007 ACCOUNT ATTACHING A SPREADSHEET AND STATING IN SPANISH, IN PART, "I RECEIVED QUITE A FEW INVOICES FROM ECUADOR, BASICALLY, THE INVOICES UP UNTIL OCTOBER 2017. THE TOTAL IS 1,434K, 510K WAS ALREADY PAID, SO IT IS STILL NECESSARY TO PAY 924K . . . . AND GIVE ME THE OK IF EVERYTHING IS CORRECT SO I CAN START MAKING THE PAYMENTS IN BATCHES."**

**(I) ON OR ABOUT MAY 18, 2018, AGUILAR, VIA THE**

**124**

FIRST AGUILAR 007 ACCOUNT, SENT AN EMAIL TO LIONEL

HANST IN RESPONSE TO THE HANST MAY 18 EMAIL.

AGUILAR STATED, IN SPANISH, AND IN PART, "THAT'S

CORRECT... MOVE AHEAD[.] BUT MAKE PAYMENTS FOR NO

MORE THAN 150K .... AND DO THEM EVERY 15 DAYS..... THEY

NEED TO BE PATIENT...."

(J) ON OR ABOUT AND BETWEEN MAY 28, 2018 AND

JUNE 25, 2018, BOTH DATES BEING APPROXIMATE AND

INCLUSIVE, ZANZA OIL WIRED THREE PAYMENTS

TOTALING APPROXIMATELY €201,306 AND ONE PAYMENT

TOTALING APPROXIMATELY $19,283 TO BANK ACCOUNTS

FOR OPV LOCATED IN THE CAYMAN ISLANDS AND

CURAÇAO. OPV'S BANK STATEMENTS SHOWING THESE

WIRES REFERENCED THE SAME 13 INVOICES, INCLUDING INVOICES WITH NUMBER 10021-24, 10028-30, 10032, 10036-38 AND 10043-44, AS REFERENCED IN SUB-PARAGRAPH (F) ABOVE.

THE GOVERNMENT DOES NOT NEED TO PROVE ANY OF THESE SPECIFIC OVERT ACTS ALLEGED IN THE INDICTMENT AND THAT I JUST LISTED. YOU MAY FIND THAT OVERT ACTS WERE COMMITTED IN FURTHERANCE OF THE CONSPIRACY THAT ARE NOT LISTED ABOVE. ULTIMATELY, THE ONLY REQUIREMENT IS THAT ONE OF THE MEMBERS OF THE CONSPIRACY, AGAIN, NOT NECESSARILY THE DEFENDANT, HAS KNOWINGLY AND WILLFULLY TAKEN SOME STEP OR ACTION IN

126

FURTHERANCE OF THE CONSPIRACY DURING THE LIFE OF THAT CONSPIRACY.

IN OTHER WORDS, THE OVERT ACT ELEMENT IS A REQUIREMENT THAT THE AGREEMENT WENT BEYOND THE MERE TALKING STAGE, THE MERE AGREEMENT STAGE. THE REQUIREMENT OF AN OVERT ACT IS A REQUIREMENT THAT SOME ACTION BE TAKEN DURING THE LIFE OF THE CONSPIRACY BY ONE OF THE CO-CONSPIRATORS IN ORDER TO FURTHER THAT CONSPIRACY.

YOU NEED NOT REACH UNANIMOUS AGREEMENT ON WHETHER A PARTICULAR OVERT ACT WAS COMMITTED IN FURTHERANCE OF THE CONSPIRACY; YOU JUST NEED

TO ALL AGREE THAT AT LEAST ONE OVERT ACT WAS SO COMMITTED.

YOU SHOULD ALSO BEAR IN MIND THAT THE OVERT ACT, STANDING ALONE, MAY BE AN INNOCENT, LAWFUL ACT. FREQUENTLY, HOWEVER, AN APPARENTLY INNOCENT ACT LOSES ITS HARMLESS CHARACTER IF IT IS A STEP IN CARRYING OUT, PROMOTING, AIDING OR ASSISTING THE CONSPIRATORIAL SCHEME. YOU ARE THEREFORE INSTRUCTED THAT THE OVERT ACT DOES NOT HAVE TO BE AN ACT THAT IN AND OF ITSELF IS CRIMINAL OR CONSTITUTES AN OBJECTIVE OF THE CONSPIRACY.

## OBJECTS OF THE CONSPIRACY CHARGED IN COUNT ONE

I WILL NOW EXPLAIN WHAT CONSTITUTES VIOLATIONS OF THE ANTIBRIBERY PROVISIONS OF THE FOREIGN CORRUPT PRACTICES ACT, WHICH ARE ALLEGED TO BE THE OBJECTS OF THE CONSPIRACY CHARGED IN COUNT ONE OF THE INDICTMENT. THE OBJECTS OF A CONSPIRACY ARE THE ILLEGAL GOAL OR GOALS THE CO-CONSPIRATORS AGREE OR HOPE TO ACHIEVE.

THE FOREIGN CORRUPT PRACTICES ACT'S ANTIBRIBERY PROVISIONS MAKE IT A CRIME FOR CERTAIN INDIVIDUALS TO OFFER TO PAY, PAY, PROMISE TO PAY, OR AUTHORIZE THE PAYMENT OF MONEY OR

ANYTHING OF VALUE TO A FOREIGN OFFICIAL FOR ONE OR MORE SPECIFIED BUSINESS PURPOSES, WHICH I WILL EXPLAIN.

I REMIND YOU THAT THE DEFENDANT IS NOT CHARGED IN COUNT ONE WITH ACTUALLY COMMITTING THESE UNLAWFUL ACTS, BUT RATHER WITH CONSPIRING TO COMMIT THEM. I THEREFORE DESCRIBE FOR YOU THE ELEMENTS OF THESE UNLAWFUL ACTS ONLY SO THAT YOU CAN UNDERSTAND WHAT THE GOVERNMENT MUST PROVE WAS AN OBJECT OR OBJECTIVE OF THE CONSPIRACY.

THE TWO OBJECTS OF THE CONSPIRACY CHARGED IN COUNT ONE ARE:

**(1) VIOLATING THE FOREIGN CORRUPT PRACTICES ACT AS A DOMESTIC CONCERN OR AN EMPLOYEE OF A DOMESTIC CONCERN (THE "DOMESTIC CONCERN PRONG") BY OFFERING TO PAY, PAYING, PROMISING TO PAY, OR AUTHORIZING THE PAYMENT OF MONEY OR ANYTHING OF VALUE TO A FOREIGN OFFICIAL FOR ONE OR MORE SPECIFIED BUSINESS PURPOSES, WHICH I WILL EXPLAIN; AND**

**(2) VIOLATING THE FOREIGN CORRUPT PRACTICES ACT WHILE IN THE TERRITORY OF THE UNITED STATES (THE "TERRITORIAL PRONG") BY OFFERING TO PAY, PAYING, PROMISING TO PAY, OR AUTHORIZING THE PAYMENT OF MONEY OR ANYTHING OF VALUE TO A**

FOREIGN OFFICIAL FOR ONE OR MORE SPECIFIED BUSINESS PURPOSES, WHICH I WILL EXPLAIN.

IN CONSIDERING THE TWO ALLEGED OBJECTS OF THE CONSPIRACY CHARGED IN COUNT ONE, YOU SHOULD KEEP IN MIND THAT YOU NEED NOT FIND THAT THE CONSPIRATORS AGREED TO ACCOMPLISH EACH OF THESE TWO OBJECTS OR GOALS. INSTEAD, AN AGREEMENT TO ACCOMPLISH EITHER ONE OF THE TWO OBJECTS IS SUFFICIENT. HOWEVER, YOU MUST ALL AGREE ON THE SPECIFIC OBJECT OR OBJECTS THE CONSPIRATORS AGREED TO TRY TO ACCOMPLISH, AND YOU MAY FIND THAT THEY AGREED TO TRY TO ACCOMPLISH MORE THAN ONE.

132

IF THE GOVERNMENT FAILS TO PROVE THAT ANY OF THE TWO OBJECTS WAS AN OBJECT OF THE CONSPIRACY, THEN YOU MUST FIND THE DEFENDANT NOT GUILTY OF COUNT ONE. HOWEVER, IF YOU FIND THAT TWO OR MORE PERSONS AGREED TO ACCOMPLISH ANY OF THE TWO OBJECTS CHARGED IN COUNT ONE, THE ILLEGAL PURPOSE ELEMENT WILL BE SATISFIED, REGARDLESS OF WHETHER OR NOT THAT OBJECT WAS IN FACT ACCOMPLISHED — THAT IS, REGARDLESS OF WHETHER THAT GOAL SUCCEEDED.

## OBJECT #1: DOMESTIC CONCERN PRONG – ELEMENTS AND DEFINITIONS

THE ELEMENTS OF A VIOLATION OF THE FOREIGN CORRUPT PRACTICES ACT UNDER THE DOMESTIC

**133**

CONCERN PRONG ARE:

FIRST, AT RELEVANT TIMES, AN INDIVIDUAL WAS A "DOMESTIC CONCERN," OR AN EMPLOYEE OF A DOMESTIC CONCERN;

SECOND, THE INDIVIDUAL ACTED CORRUPTLY AND WILLFULLY;

THIRD, THE INDIVIDUAL MADE USE OF THE MAILS OR ANY MEANS OR INSTRUMENTALITY OF INTERSTATE COMMERCE, SUCH AS EMAIL, TELEPHONE CALLS, OR TEXT OR ELECTRONIC MESSAGES, IN FURTHERANCE OF THE OFFENSE, OR SUCH USE OF THE MAILS OR ANY MEANS OR INSTRUMENTALITY OF INTERSTATE COMMERCE IN FURTHERANCE OF THE OFFENSE WAS REASONABLY

**FORESEEABLE TO THE INDIVIDUAL;**

**FOURTH, THE INDIVIDUAL OFFERED, PAID, PROMISED TO PAY, OR AUTHORIZED THE PAYMENT OF MONEY OR A GIFT OR OF ANYTHING OF VALUE;**

**FIFTH, THE OFFER, PROMISE TO PAY, OR AUTHORIZATION OF THE PAYMENT OF MONEY OR A GIFT OR ANYTHING OF VALUE WAS EITHER: (A) TO A FOREIGN OFFICIAL; OR (B) TO ANY OTHER PERSON OR ENTITY WHILE THE INDIVIDUAL OR ANY MEMBER OF THE ALLEGED CONSPIRACY KNEW THAT ALL OR A PORTION OF THE PAYMENT WOULD BE OFFERED, GIVEN, OR PROMISED, DIRECTLY OR INDIRECTLY, TO A FOREIGN OFFICIAL;**

**135**

SIXTH, THE PAYMENT OFFERED, GIVEN, PROMISED OR AUTHORIZED WAS INTENDED FOR ANY ONE OF FOUR PURPOSES: (A) TO INFLUENCE ANY ACT OR DECISION OF A FOREIGN OFFICIAL IN HIS OFFICIAL CAPACITY; (B) TO INDUCE—WHICH MEANS TO ENTICE OR PERSUADE—SUCH A FOREIGN OFFICIAL TO DO OR OMIT TO DO ANY ACT IN VIOLATION OF THE LAWFUL DUTY OF SUCH FOREIGN OFFICIAL; (C) TO SECURE ANY IMPROPER ADVANTAGE; OR (D) TO INDUCE SUCH A FOREIGN OFFICIAL TO USE HIS OR HER INFLUENCE WITH A FOREIGN GOVERNMENT AND AGENCIES AND INSTRUMENTALITIES THEREOF TO AFFECT AND INFLUENCE ACTS AND DECISIONS OF SUCH GOVERNMENT AND AGENCIES AND INSTRUMENTALITIES;

136

AND

SEVENTH, THE PAYMENT WAS MADE TO ASSIST THE DOMESTIC CONCERN IN OBTAINING OR RETAINING BUSINESS FOR OR WITH, OR DIRECTING BUSINESS TO, ANY PERSON OR COMPANY.

## FIRST ELEMENT – DOMESTIC CONCERN ASSOCIATION

THE FIRST ELEMENT IS THAT AN INDIVIDUAL WAS EITHER A DOMESTIC CONCERN OR AN EMPLOYEE OF A DOMESTIC CONCERN. A "DOMESTIC CONCERN" IS DEFINED TO INCLUDE ANY INDIVIDUAL WHO IS A CITIZEN, NATIONAL, OR RESIDENT OF THE UNITED STATES; AND ANY CORPORATION, PARTNERSHIP, ASSOCIATION, JOINT-STOCK COMPANY, BUSINESS TRUST, UNINCORPORATED

137

ORGANIZATION, OR SOLE PROPRIETORSHIP WHICH HAS ITS PRINCIPAL PLACE OF BUSINESS IN THE UNITED STATES, OR WHICH IS ORGANIZED UNDER THE LAWS OF A STATE OF THE UNITED STATES OR A TERRITORY, POSSESSION, OR COMMONWEALTH OF THE UNITED STATES. THE TERM "EMPLOYEE" HAS ITS ORDINARY MEANING.

THE INDICTMENT ALLEGES THAT THE DEFENDANT WAS BOTH A DOMESTIC CONCERN HIMSELF AND THAT HE WAS AN EMPLOYEE OF VITOL, INC., WHICH THE INDICTMENT ALLEGES WAS A DOMESTIC CONCERN. WHETHER THE DEFENDANT IS A DOMESTIC CONCERN OR AN EMPLOYEE OF A DOMESTIC CONCERN ARE FACTUAL

138

QUESTIONS FOR YOU TO RESOLVE. IN ORDER TO FIND THAT THIS REQUIREMENT HAS BEEN SATISFIED, YOU MUST AGREE UNANIMOUSLY ON HOW IT IS SATISFIED; THAT IS, YOU MUST AGREE UNANIMOUSLY ON THE IDENTITY OF THE DOMESTIC CONCERN. IF YOU FIND EITHER THAT THE DEFENDANT WAS A DOMESTIC CONCERN OR THAT HE WAS AN EMPLOYEE OF A DOMESTIC CONCERN, THIS ELEMENT IS SATISFIED.

## SECOND ELEMENT – "CORRUPTLY" AND "WILLFULLY"

THE SECOND ELEMENT IS THAT THE INDIVIDUAL ACTED CORRUPTLY AND WILLFULLY.

AN ACT IS CORRUPTLY DONE IF IT IS DONE VOLUNTARILY AND INTENTIONALLY AND WITH A BAD

139

PURPOSE OR EVIL MOTIVE OF ACCOMPLISHING EITHER AN UNLAWFUL END OR RESULT, OR A LAWFUL END OR RESULT BUT BY SOME UNLAWFUL METHOD OR MEANS. THE TERM "CORRUPTLY" IN THE FOREIGN CORRUPT PRACTICES ACT MEANS THAT THE OFFER, PAYMENT, OR PROMISE WAS INTENDED TO INDUCE A FOREIGN OFFICIAL TO MISUSE HIS OR HER OFFICIAL POSITION.

I HAVE ALREADY DEFINED THE TERM "WILLFULLY," AND YOU SHOULD APPLY THAT DEFINITION HERE. I ADD ONLY THAT THE INDIVIDUAL NEED NOT HAVE BEEN AWARE OF THE SPECIFIC PROVISION OF THE LAW THAT HE IS CHARGED WITH VIOLATING, OR ANY OTHER SPECIFIC PROVISION.

## THIRD ELEMENT – USE OF MAILS OR INSTRUMENTALITY OF INTERSTATE COMMERCE

THE THIRD ELEMENT IS THAT THE INDIVIDUAL (1) MADE USE OF THE MAILS OR ANY OTHER MEANS OR INSTRUMENTALITY OF INTERSTATE COMMERCE, IN FURTHERANCE OF THE OFFER, PAYMENT, PROMISE TO PAY, OR AUTHORIZATION OF PAYMENT, OR (2) SUCH USE OF THE MAILS OR ANY MEANS OR INSTRUMENTALITY OF INTERSTATE COMMERCE IN FURTHERANCE OF THE OFFER, PAYMENT, PROMISE TO PAY, OR AUTHORIZATION OF PAYMENT WAS REASONABLY FORESEEABLE TO THE INDIVIDUAL.

THE TERM "INTERSTATE COMMERCE" MEANS TRADE, COMMERCE, TRANSPORTATION, OR

141

COMMUNICATION AMONG THE SEVERAL STATES, OR BETWEEN ANY FOREIGN COUNTRY AND ANY STATE, OR BETWEEN ANY STATE AND ANY PLACE OUTSIDE THEREOF, AND SUCH TERM INCLUDES INTRASTATE USE OF (A) TELEPHONES OR OTHER MEANS OF COMMUNICATION, SUCH AS EMAIL, TEXT MESSAGES, ELECTRONIC MESSENGER APPLICATIONS OR FAXES, BETWEEN THE STATES OR BETWEEN THE UNITED STATES AND A FOREIGN COUNTRY, OR A TRANSFER OF MONEY BY WIRE BETWEEN STATES OR BETWEEN THE UNITED STATES AND A FOREIGN COUNTRY; OR (B) ANY OTHER INTERSTATE COMMERCE INSTRUMENTALITY. IF SUCH MECHANISMS AS TRADE, TRANSPORTATION, AND COMMUNICATION ARE

142

UTILIZED BY PERSONS IN GOODS PASSING BETWEEN VARIOUS STATES, OR BETWEEN THE UNITED STATES AND A FOREIGN COUNTRY, THEY ARE INSTRUMENTALITIES OF INTERSTATE COMMERCE. I INSTRUCT YOU THAT, AS A MATTER OF LAW, SENDING AN INTERNATIONAL WIRE TRANSFER THROUGH A U.S. BANK CONSTITUTES THE USE OF A MEANS OR INSTRUMENTALITY OF INTERSTATE COMMERCE.

IT IS NOT NECESSARY FOR THE INDIVIDUAL TO BE DIRECTLY OR PERSONALLY INVOLVED IN THE CHARGED WIRE, AS LONG AS THE WIRE WAS REASONABLY FORESEEABLE IN THE EXECUTION OF THE ALLEGED BRIBERY SCHEME. A WIRE MAY BE REASONABLY

143

FORESEEABLE WHERE, AMONG OTHER CIRCUMSTANCES, THE USE OF A WIRE WOULD OCCUR IN THE ORDINARY COURSE OF BUSINESS.

## FOURTH ELEMENT – OFFER, PROMISE OR PAYMENT OF ANYTHING OF VALUE

THE FOURTH ELEMENT IS THAT THE INDIVIDUAL OFFERED, PAID, PROMISED TO PAY, OR AUTHORIZED THE PAYMENT OF MONEY OR A GIFT OR ANYTHING OF VALUE. A "THING OF VALUE" CAN TAKE ANY FORM, INCLUDING CASH, CHECK, WIRE TRANSFER, GIFTS, DONATIONS, CONTRIBUTIONS, OR ANYTHING ELSE. IT IS NOT REQUIRED THAT THE INDIVIDUAL PROVIDE OR OFFER THE THING OF VALUE HIMSELF. RATHER, AN INDIVIDUAL WHO ENGAGES IN BRIBERY OF A FOREIGN OFFICIAL

144

INDIRECTLY, THROUGH ANY OTHER PERSON OR ENTITY, IS LIABLE UNDER THE FOREIGN CORRUPT PRACTICES ACT JUST AS IF THE INDIVIDUAL HIMSELF HAD ENGAGED IN THE BRIBERY DIRECTLY. THUS, IF THE INDIVIDUAL AUTHORIZED ANOTHER PERSON TO PAY A BRIBE, THAT AUTHORIZATION ALONE IS SUFFICIENT FOR YOU TO FIND THAT THIS ELEMENT HAS BEEN PROVED.

FURTHERMORE, IT IS NOT NECESSARY THAT THE PAYMENT ACTUALLY TAKE PLACE. INSTEAD, IT IS THE OFFER OR THE AUTHORIZATION THAT COMPLETES THE CRIME. THIS ELEMENT IS SATISFIED IF YOU FIND THAT THE INDIVIDUAL PROMISED OR AUTHORIZED AN UNLAWFUL PAYMENT, EVEN IF YOU BELIEVE THAT THE

**145**

PAYMENT WAS NOT ACTUALLY MADE. IT IS SUFFICIENT SIMPLY IF THE INDIVIDUAL BELIEVED THAT A BRIBE WOULD BE OFFERED OR PAID OR THAT HE PROMISED OR AUTHORIZED THE OFFER OR PAYMENT.

## FIFTH ELEMENT – FOREIGN OFFICIAL

THE FIFTH ELEMENT IS THAT THE OFFER TO PAY, PAYMENT, PROMISE TO PAY, OR AUTHORIZATION OF PAYMENT WAS TO A FOREIGN OFFICIAL, OR TO ANY OTHER PERSON OR ENTITY, WHILE THE INDIVIDUAL KNEW THAT ALL OR A PORTION OF THE PAYMENT OR GIFT WOULD BE OFFERED, GIVEN, OR PROMISED, DIRECTLY OR INDIRECTLY, TO A FOREIGN OFFICIAL.

I HAVE ALREADY DEFINED THE TERM "KNOWINGLY,"

146

AND YOU ARE INSTRUCTED TO APPLY THAT DEFINITION HERE. I ALSO ADD THAT A PERSON'S STATE OF MIND IS KNOWING WITH RESPECT TO CONDUCT, A CIRCUMSTANCE, OR RESULT IF: (1) SUCH A PERSON IS AWARE THAT SUCH PERSON IS ENGAGING IN SUCH CONDUCT, THAT SUCH CIRCUMSTANCE EXISTS, OR THAT SUCH RESULT IS SUBSTANTIALLY CERTAIN TO OCCUR; OR (2) SUCH PERSON HAS A FIRM BELIEF THAT SUCH CIRCUMSTANCE EXISTS OR SUCH RESULT IS SUBSTANTIALLY CERTAIN TO OCCUR. A PERSON IS DEEMED TO HAVE KNOWLEDGE OF A CIRCUMSTANCE IF THE EVIDENCE SHOWS THAT HE WAS AWARE OF A HIGH PROBABILITY OF THE EXISTENCE OF SUCH

CIRCUMSTANCE, UNLESS HE ACTUALLY BELIEVES THAT SUCH CIRCUMSTANCE DOES NOT EXIST.

THE TERM "FOREIGN OFFICIAL" MEANS ANY OFFICIAL OR EMPLOYEE OF A FOREIGN GOVERNMENT, OR ANY DEPARTMENT, AGENCY, OR INSTRUMENTALITY THEREOF, OR OF A PUBLIC INTERNATIONAL ORGANIZATION, OR ANY PERSON ACTING IN AN OFFICIAL CAPACITY FOR OR ON BEHALF OF SUCH GOVERNMENT OR DEPARTMENT, AGENCY OR INSTRUMENTALITY THEREOF, OR FOR OR ON BEHALF OF ANY SUCH PUBLIC INTERNATIONAL ORGANIZATION.

THE PARTIES AGREE THAT (A) THE MINISTRY OF HYDROCARBONS WAS A DEPARTMENT OR AGENCY OF

148

THE GOVERNMENT OF ECUADOR, AND (B) THAT PETROECUADOR WAS AN INSTRUMENTALITY OF THE GOVERNMENT OF ECUADOR. ACCORDINGLY, I INSTRUCT YOU THAT ANY OFFICER OR EMPLOYEE OF THE MINISTRY OF HYDROCARBONS OR PETROECUADOR, OR ANYONE ACTING IN AN OFFICIAL CAPACITY FOR OR ON BEHALF OF THE MINISTRY OF HYDROCARBONS OR PETROECUADOR, EVEN IF NOT AN OFFICER OR EMPLOYEE OF THE MINISTRY OF HYDROCARBONS OR PETROECUADOR, WAS A "FOREIGN OFFICIAL" UNDER THE FOREIGN CORRUPT PRACTICES ACT.

149

## SIXTH ELEMENT – OFFER, PROMISE, PAYMENT OR AUTHORIZATION INTENDED FOR ONE OF THE CHARGED PURPOSES

**THE SIXTH ELEMENT IS THAT THE OFFER, PROMISE, PAYMENT OR AUTHORIZATION WAS INTENDED FOR ANY ONE OF FOUR PURPOSES: (A) TO INFLUENCE ANY ACT OR DECISION OF A FOREIGN OFFICIAL IN HIS OFFICIAL CAPACITY; (B) TO INDUCE SUCH A FOREIGN OFFICIAL TO DO OR OMIT TO DO ANY ACT IN VIOLATION OF THE LAWFUL DUTY OF SUCH FOREIGN OFFICIAL; (C) TO SECURE ANY IMPROPER ADVANTAGE; OR (D) TO INDUCE SUCH A FOREIGN OFFICIAL TO USE HIS OR HER INFLUENCE WITH A FOREIGN GOVERNMENT AND AGENCIES AND INSTRUMENTALITIES THEREOF TO**

**150**

AFFECT AND INFLUENCE ACTS AND DECISIONS OF SUCH

GOVERNMENT AND AGENCIES AND INSTRUMENTALITIES.

THE OFFER TO PAY, PAYMENT, PROMISE TO PAY, OR

AUTHORIZATION OF PAYMENT DOES NOT NEED TO HAVE

BEEN FOR ALL OF THESE PURPOSES. IF THE OFFER TO PAY,

PAYMENT, PROMISE TO PAY, OR AUTHORIZATION OF

PAYMENT WAS FOR ANY OF THESE PURPOSES, OR MORE

THAN ONE, THIS ELEMENT HAS BEEN MET.

## SEVENTH ELEMENT – OBTAINING OR RETAINING BUSINESS

THE SEVENTH AND FINAL ELEMENT IS THAT THE

OFFER, PROMISE, PAYMENT OR AUTHORIZATION WAS

MADE TO ASSIST THE DOMESTIC CONCERN — THAT IS,

EITHER THE DEFENDANT OR VITOL, INC. — IN OBTAINING

151

OR RETAINING BUSINESS FOR OR WITH, OR DIRECTING BUSINESS TO, ANY PERSON OR COMPANY. "OBTAIN BUSINESS" HAS ITS NORMAL MEANING, THAT IS, TO GET, TO ACQUIRE, OR TO SECURE A PERSON OR COMPANY'S BUSINESS. "RETAIN BUSINESS" ALSO HAS ITS NORMAL MEANING, THAT IS, TO KEEP OR CONTINUE TO HAVE A PERSON OR COMPANY'S BUSINESS.

IT IS NOT NECESSARY THAT ANY PERSON OR COMPANY ACTUALLY OBTAINED OR RETAINED ANY BUSINESS AS A RESULT OF THE UNLAWFUL OFFER, PAYMENT, PROMISE, OR GIFT, ONLY THAT THE DEFENDANT INTENDED TO ASSIST THE DOMESTIC CONCERN IN OBTAINING OR RETAINING BUSINESS FOR OR

152

**WITH ANY PERSON OR COMPANY.**

## OBJECT 2: TERRITORIAL PRONG – ELEMENTS AND DEFINITIONS

**THE ELEMENTS OF A VIOLATION OF THE FOREIGN CORRUPT PRACTICES ACT'S ANTIBRIBERY PROVISIONS UNDER THE TERRITORIAL PRONG ARE:**

**FIRST, AN INDIVIDUAL WAS NOT AN ISSUER OR A DOMESTIC CONCERN;**

**SECOND, THE INDIVIDUAL ACTED CORRUPTLY AND WILLFULLY;**

**THIRD, THE INDIVIDUAL, WHILE PHYSICALLY IN THE TERRITORY OF THE UNITED STATES, USED THE MAILS OR ANY MEANS OR INSTRUMENTALITY OF INTERSTATE COMMERCE, OR DID ANY OTHER ACT, IN FURTHERANCE OF THE OFFENSE;**

**154**

FOURTH, THE INDIVIDUAL OFFERED, PAID, PROMISED TO PAY, OR AUTHORIZED THE PAYMENT OF MONEY OR A GIFT OR OF ANYTHING OF VALUE;

FIFTH, THAT THE OFFER, PAYMENT, PROMISE TO PAY, OR AUTHORIZATION OF THE PAYMENT OF MONEY OR A GIFT OR ANYTHING OF VALUE WAS EITHER (A) TO A FOREIGN OFFICIAL, OR (B) TO ANY OTHER PERSON OR ENTITY WHILE THE INDIVIDUAL OR ANY MEMBER OF THE ALLEGED CONSPIRACY KNEW THAT ALL OR A PORTION OF THE PAYMENT WOULD BE OFFERED, GIVEN, OR PROMISED, DIRECTLY OR INDIRECTLY, TO A FOREIGN OFFICIAL;

SIXTH, THAT THE PAYMENT OFFERED, GIVEN,

PROMISED OR AUTHORIZED WAS INTENDED FOR ANY ONE

OF FOUR PURPOSES RELEVANT TO THIS ACTION: (A) TO

INFLUENCE ANY ACT OR DECISION OF A FOREIGN

OFFICIAL IN HIS OFFICIAL CAPACITY; (B) TO INDUCE SUCH

A FOREIGN OFFICIAL TO DO OR OMIT TO DO ANY ACT IN

VIOLATION OF THE LAWFUL DUTY OF SUCH FOREIGN

OFFICIAL; (C) TO SECURE ANY IMPROPER ADVANTAGE;

OR (D) TO INDUCE SUCH A FOREIGN OFFICIAL TO USE HIS

OR HER INFLUENCE WITH A FOREIGN GOVERNMENT AND

AGENCIES AND INSTRUMENTALITIES THEREOF TO

AFFECT AND INFLUENCE ACTS AND DECISIONS OF SUCH

GOVERNMENT AND AGENCIES AND INSTRUMENTALITIES;

AND

**SEVENTH, THE OFFER, PAYMENT, PROMISE OR AUTHORIZATION WAS MADE TO ASSIST THE DEFENDANT AND OTHERS IN OBTAINING OR RETAINING BUSINESS FOR OR WITH, OR DIRECTING BUSINESS TO, ANY PERSON OR COMPANY, SUCH AS THE DEFENDANT, VITOL, INC., OR VITOL, S.A.**

**AS YOU CAN SEE, MANY OF THE SAME ELEMENTS THAT APPLY TO A VIOLATION OF THE FOREIGN CORRUPT PRACTICES ACT UNDER THE DOMESTIC CONCERN PRONG (THE FIRST OBJECT OF THE CONSPIRACY) ALSO APPLY TO A VIOLATION UNDER THE TERRITORIAL PRONG (THE SECOND OBJECT OF THE CONSPIRACY). THE MAIN DIFFERENCES ARE THAT, UNDER THE SECOND OBJECT, (I)**

**THE INDIVIDUAL MUST HAVE ENGAGED IN ANY ACT IN FURTHERANCE OF A CORRUPT PAYMENT, OFFER, PROMISE, OR AUTHORIZATION TO PAY WHILE PHYSICALLY IN THE TERRITORY OF THE UNITED STATES, AND (II) THERE IS NO REQUIREMENT THAT THE INDIVIDUAL MADE USE OF THE MAILS OR ANY MEANS OR INSTRUMENTALITY OF INTERSTATE COMMERCE.**

## FIRST ELEMENT – NOT A DOMESTIC CONCERN

**THE FIRST ELEMENT IS THAT AN INDIVIDUAL WAS NOT A "DOMESTIC CONCERN." I HAVE ALREADY DEFINED THE TERM "DOMESTIC CONCERN," AND YOU SHOULD APPLY THAT DEFINITION HERE. THE INDIVIDUAL COULD STILL HAVE BEEN AN OFFICER, DIRECTOR, EMPLOYEE, OR**

158

AGENT OF A DOMESTIC CONCERN, PROVIDED THAT HE WAS NOT HIMSELF A DOMESTIC CONCERN.

## SECOND ELEMENT – "CORRUPTLY" AND "WILLFULLY"

THE SECOND ELEMENT IS THAT THE INDIVIDUAL ACTED CORRUPTLY AND WILLFULLY. I HAVE ALREADY DEFINED THESE TERMS AND YOU ARE INSTRUCTED TO APPLY THOSE DEFINITIONS HERE.

## THIRD ELEMENT – ACT IN FURTHERANCE WITHIN THE TERRITORY OF THE UNITED STATES

THE THIRD ELEMENT IS THAT THE INDIVIDUAL, WHILE PHYSICALLY IN THE TERRITORY OF THE UNITED STATES, MADE USE OF THE MAILS OR ANY MEANS OR INSTRUMENTALITY OF INTERSTATE COMMERCE, OR DID

ANY OTHER ACT, IN FURTHERANCE OF A CORRUPT PAYMENT OR OFFER. THE TERRITORY OF THE UNITED STATES INCLUDES THE FIFTY STATES AND THE DISTRICT OF COLUMBIA. I EXPLAINED EARLIER WHAT IT MEANS TO MAKE USE OF THE MAILS OR ANY MEANS OR INSTRUMENTALITY OF INTERSTATE COMMERCE. BEAR IN MIND THAT UNLIKE THE "DOMESTIC CONCERN" OBJECT OF THE CONSPIRACY, WHICH REQUIRES THAT THE INDIVIDUAL MADE USE OF THE MAILS OR ANY MEANS OR INSTRUMENTALITY OF INTERSTATE COMMERCE, THIS OBJECT OF THE CONSPIRACY DOES NOT REQUIRE SUCH PROOF. RATHER, IT IS SUFFICIENT THAT THE INDIVIDUAL, WHILE IN THE TERRITORY OF THE UNITED STATES, TOOK

160

ANY ACT (REGARDLESS OF WHETHER IT INVOLVED THE MAILS OR ANY MEANS OR INSTRUMENTALITY OF INTERSTATE COMMERCE) IN FURTHERANCE OF A CORRUPT OFFER OR PAYMENT.

## FOURTH ELEMENT – OFFER, PROMISE OR PAYMENT OF ANYTHING OF VALUE

THE FOURTH ELEMENT IS THAT THE INDIVIDUAL OFFERED, PAID, PROMISED TO PAY, OR AUTHORIZED THE PAYMENT OF MONEY OR A GIFT OR ANYTHING OF VALUE, AS I HAVE ALREADY DEFINED. SUCH OFFER, PAYMENT, PROMISE OR AUTHORIZATION NEED NOT HAVE OCCURRED IN THE TERRITORY OF THE UNITED STATES.

## FIFTH ELEMENT – FOREIGN OFFICIAL

THE FIFTH ELEMENT IS THAT THE OFFER TO PAY,

PAYMENT, PROMISE TO PAY, OR AUTHORIZATION OF PAYMENT WAS TO A FOREIGN OFFICIAL, OR TO ANY OTHER PERSON OR ENTITY, WHILE THE INDIVIDUAL KNEW THAT ALL OR A PORTION OF THE PAYMENT OR GIFT WOULD BE OFFERED, GIVEN, OR PROMISED, DIRECTLY OR INDIRECTLY, TO A FOREIGN OFFICIAL, AS I HAVE DEFINED PREVIOUSLY.

## SIXTH ELEMENT – PURPOSE OF OFFER, PAYMENT, PROMISE OR AUTHORIZATION

THE SIXTH ELEMENT IS THAT THE OFFER TO PAY, PAYMENT, PROMISE TO PAY, OR AUTHORIZATION OF PAYMENT WAS FOR ONE OR MORE OF THE FOUR PURPOSES I OUTLINED PREVIOUSLY.

**162**

## SEVENTH ELEMENT – OBTAINING OR RETAINING BUSINESS

THE SEVENTH AND FINAL ELEMENT IS THAT THE OFFER, PROMISE, PAYMENT OR AUTHORIZATION WAS MADE TO ASSIST THE DEFENDANT AND OTHERS IN OBTAINING OR RETAINING BUSINESS FOR OR WITH, OR DIRECTING BUSINESS TO, ANY PERSON OR COMPANY, SUCH AS THE DEFENDANT, VITOL, INC., OR VITOL S.A., AS I HAVE DEFINED EARLIER.

AS I SAID EARLIER, IT IS NOT NECESSARY THAT ANY PERSON OR COMPANY ACTUALLY OBTAINED OR RETAINED ANY BUSINESS WHATSOEVER AS A RESULT OF AN UNLAWFUL OFFER, PAYMENT, OR GIFT, ONLY THAT THE DEFENDANT INTENDED TO ASSIST IN OBTAINING OR

163

RETAINING BUSINESS FOR OR WITH ANY PERSON OR COMPANY.

I REMIND YOU THAT THE GOVERNMENT NEED NOT PROVE THAT THE DEFENDANT ACTUALLY VIOLATED THE FOREIGN CORRUPT PRACTICES ACT ANTIBRIBERY PROVISIONS UNDER EITHER THE DOMESTIC CONCERN PRONG OR THE TERRITORIAL PRONG, WHICH ARE THE UNLAWFUL ACTS CHARGED AS THE OBJECTS OF THE CONSPIRACY IN COUNT ONE. RATHER, WHAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE PURPOSE OF THE CONSPIRACY WAS TO VIOLATE THE FOREIGN CORRUPT PRACTICES ACT ANTIBRIBERY PROVISIONS AND THAT THE DEFENDANT

**KNOWINGLY AND INTENTIONALLY JOINED THAT CONSPIRACY.**

## SOLICITATION OF BRIBE NOT A DEFENSE

**FOR PURPOSES OF THE FOREIGN CORRUPT PRACTICES ACT, IT DOES NOT MATTER WHO FIRST SUGGESTED THAT A CORRUPT OFFER, PAYMENT, PROMISE OR GIFT BE MADE. THE FOREIGN CORRUPT PRACTICES ACT PROHIBITS ANY CORRUPT OFFER OR PAYMENT OR GIFT, IF MADE FOR ONE THE BUSINESS PURPOSES I DESCRIBED, REGARDLESS OF WHO FIRST SUGGESTED IT. IT IS NOT A DEFENSE IF THE OFFER OR PAYMENT OR GIFT WAS FIRST SUGGESTED OR REQUESTED BY SOMEONE OTHER THAN THE DEFENDANT,**

OR DEMANDED ON THE PART OF A FOREIGN OFFICIAL AS A PRICE FOR DOING BUSINESS OR FOR ANOTHER BENEFIT, OR THAT THE BUSINESS MAY HAVE BEEN HARMED IF THE PAYMENT OR GIFT WAS NOT MADE. THAT THE OFFER TO PAY, PAYMENT, PROMISE TO PAY, OR AUTHORIZATION OF PAYMENT OR GIFT MAY HAVE BEEN FIRST SUGGESTED BY SOMEONE ELSE, INCLUDING THE RECIPIENT, IS NOT AN EXCUSE IF YOU FIND THAT THE DEFENDANT DECIDED TO OFFER OR MAKE A CORRUPT PAYMENT, NOR DOES IT ALTER THE CORRUPT PURPOSE WITH WHICH THE OFFER TO PAY, PAYMENT, PROMISE TO PAY, OR AUTHORIZATION OF PAYMENT OR GIFT WAS MADE.

## COUNT TWO: VIOLATION OF THE FOREIGN CORRUPT PRACTICES ACT

COUNT TWO OF THE INDICTMENT CHARGES THE DEFENDANT JAVIER AGUILAR WITH VIOLATING THE FOREIGN CORRUPT PRACTICES ACT UNDER THE DOMESTIC CONCERN PRONG.

COUNT TWO READS:

ON OR ABOUT MAY 18, 2018, WITHIN THE SOUTHERN DISTRICT OF TEXAS, THE DEFENDANT JAVIER AGUILAR, TOGETHER WITH OTHERS, BEING A DOMESTIC CONCERN AND AN EMPLOYEE OF A DOMESTIC CONCERN, DID WILLFULLY MAKE USE OF, AND AID, ABET AND WILLFULLY CAUSE OTHERS TO MAKE USE OF, THE MAILS AND MEANS AND INSTRUMENTALITIES OF INTERSTATE

167

COMMERCE CORRUPTLY IN FURTHERANCE OF AN OFFER, PAYMENT, PROMISE TO PAY AND AUTHORIZATION OF THE PAYMENT OF ANY MONEY, OFFER, GIFT, PROMISE TO GIVE AND AUTHORIZATION OF THE GIVING OF ANYTHING OF VALUE TO A FOREIGN OFFICIAL, TO A FOREIGN POLITICAL PARTY AND OFFICIAL THEREOF, AND TO A PERSON WHILE KNOWING THAT ALL OR A PORTION OF SUCH MONEY AND THING OF VALUE WOULD BE AND HAD BEEN OFFERED, GIVEN AND PROMISED TO A FOREIGN OFFICIAL AND TO A FOREIGN POLITICAL PARTY AND OFFICIAL THEREOF, FOR PURPOSES OF: (I) INFLUENCING ACTS AND DECISIONS OF SUCH FOREIGN OFFICIAL, FOREIGN POLITICAL PARTY AND OFFICIAL THEREOF IN

168

HIS, HER OR ITS OFFICIAL CAPACITY; (II) INDUCING SUCH FOREIGN OFFICIAL, FOREIGN POLITICAL PARTY AND OFFICIAL THEREOF TO DO AND OMIT TO DO ACTS IN VIOLATION OF THE LAWFUL DUTY OF SUCH OFFICIAL AND PARTY; (III) SECURING ANY IMPROPER ADVANTAGE; AND (IV) INDUCING SUCH FOREIGN OFFICIAL, FOREIGN POLITICAL PARTY AND OFFICIAL THEREOF TO USE HIS, HER OR ITS INFLUENCE WITH A FOREIGN GOVERNMENT AND AGENCIES AND INSTRUMENTALITIES THEREOF TO AFFECT AND INFLUENCE ACTS AND DECISIONS OF SUCH GOVERNMENT AND AGENCIES AND INSTRUMENTALITIES, IN ORDER TO ASSIST AGUILAR, VITOL, [INC.] AND OTHERS IN OBTAINING AND RETAINING BUSINESS FOR AND WITH,

169

AND DIRECTING BUSINESS TO, VITOL, INC. AND OTHERS, AS SET FORTH BELOW.

MAY 18, 2018: EMAIL SENT BY AGUILAR, VIA THE FIRST AGUILAR 007 ACCOUNT, FROM WITHIN THE SOUTHERN DISTRICT OF TEXAS, REPLYING TO AN EMAIL SENT BY LIONEL HANST, WRITING TO HANST, IN SPANISH, "THAT'S CORRECT . . . MOVE AHEAD[.] BUT MAKE PAYMENTS FOR NO MORE THAN 150K . . . AND DO THEM EVERY 15 DAYS . . . THEY NEED TO BE PATIENT . . ."

I HAVE ALREADY INSTRUCTED YOU ON THE ELEMENTS OF A VIOLATION OF THE FOREIGN CORRUPT PRACTICES ACT UNDER THE DOMESTIC CONCERN PRONG IN CONNECTION WITH THE OBJECT OF THE CONSPIRACY

CHARGED IN COUNT ONE, AND YOU SHOULD APPLY THOSE INSTRUCTIONS HERE. REMEMBER THAT AS I SAID WITH RESPECT TO COUNT ONE, A CONSPIRACY AND THE SUBSTANTIVE CRIME ARE DISTINCT AND INDEPENDENT OFFENSES. THE PRINCIPAL DIFFERENCE IS THAT COUNT TWO CHARGES THE DEFENDANT WITH HAVING ACTUALLY VIOLATED THE FOREIGN CORRUPT PRACTICES ACT, AS OPPOSED TO AGREEING THAT HE OR A CO-CONSPIRATOR WOULD DO SO.

## AIDING AND ABETTING

COUNT TWO OF THE INDICTMENT ALSO CHARGES

THE DEFENDANT WITH VIOLATING TITLE 18, UNITED

STATES CODE, SECTION 2, THE FEDERAL "AIDING AND

ABETTING" STATUTE. THAT IS, IN COUNT TWO, THE

DEFENDANT IS CHARGED NOT ONLY AS A PRINCIPAL WHO

COMMITTED THE CRIME, BUT ALSO AS AN AIDER AND

ABETTOR AND AS A PERSON WHO WILLFULLY CAUSED

THE CRIMES. AS A RESULT, UNDER THIS STATUTE, THERE

ARE TWO ADDITIONAL WAYS THAT THE GOVERNMENT

MAY ESTABLISH THE DEFENDANT'S GUILT OF COUNT

TWO. ONE WAY IS CALLED "AIDING AND ABETTING," AND

THE OTHER IS CALLED "WILLFULLY CAUSING A CRIME." I

WILL EXPLAIN EACH OF THESE.

172

AIDING AND ABETTING IS DEFINED UNDER FEDERAL LAW IN TITLE 18, UNITED STATES CODE, SECTION 2, WHICH PROVIDES THAT:

WHOEVER COMMITS AN OFFENSE AGAINST THE UNITED STATES OR AIDS, ABETS, COUNSELS, COMMANDS, INDUCES OR PROCURES ITS COMMISSION, IS PUNISHABLE AS A PRINCIPAL.

UNDER THE AIDING AND ABETTING STATUTE, IT IS NOT NECESSARY FOR THE GOVERNMENT TO SHOW THAT THE DEFENDANT HIMSELF PHYSICALLY VIOLATED THE FOREIGN CORRUPT PRACTICES ACT IN ORDER FOR YOU TO FIND THE DEFENDANT GUILTY. A PERSON WHO AIDS OR ABETS ANOTHER TO COMMIT AN OFFENSE IS JUST AS

GUILTY OF THAT OFFENSE AS IF HE COMMITTED IT HIMSELF.

ACCORDINGLY, YOU MAY FIND THE DEFENDANT GUILTY OF COUNT TWO IF YOU FIND THAT THE GOVERNMENT HAS PROVEN BEYOND A REASONABLE DOUBT THAT ANOTHER PERSON ACTUALLY COMMITTED THE OFFENSE WITH WHICH THE DEFENDANT IS CHARGED, AND THAT THE DEFENDANT AIDED, ABETTED, COUNSELED, COMMANDED, INDUCED OR PROCURED THAT PERSON IN THE COMMISSION OF THE OFFENSE.

THE FIRST REQUIREMENT IS THAT YOU FIND THAT ANOTHER PERSON HAS COMMITTED THE CRIME CHARGED. NO ONE CAN BE CONVICTED OF AIDING AND

ABETTING THE CRIMINAL ACTS OF ANOTHER IF NO CRIME WAS COMMITTED BY THE OTHER PERSON IN THE FIRST PLACE. BUT IF YOU DO FIND THAT A CRIME WAS COMMITTED, THEN YOU MUST CONSIDER WHETHER THE DEFENDANT AIDED OR ABETTED THE COMMISSION OF THAT CRIME.

IN ORDER TO AID OR ABET ANOTHER TO COMMIT A CRIME, IT IS NECESSARY THAT THE DEFENDANT WILLFULLY AND KNOWINGLY ASSOCIATE HIMSELF IN SOME WAY WITH THE CRIME, AND THAT HE PARTICIPATE IN THE CRIME BY DOING SOME ACT TO HELP MAKE THE CRIME SUCCEED.

TO ESTABLISH THAT THE DEFENDANT PARTICIPATED

IN THE COMMISSION OF THE CRIME, THE GOVERNMENT MUST PROVE THAT DEFENDANT ENGAGED IN SOME AFFIRMATIVE CONDUCT OR OVERT ACT FOR THE SPECIFIC PURPOSE OF BRINGING ABOUT THAT CRIME.

PARTICIPATION IN A CRIME IS WILLFUL IF DONE VOLUNTARILY AND INTENTIONALLY, AND WITH THE SPECIFIC INTENT TO DO SOMETHING WHICH THE LAW FORBIDS OR WITH THE SPECIFIC INTENT TO FAIL TO DO SOMETHING THE LAW REQUIRES TO BE DONE; THAT IS TO SAY, WITH A BAD PURPOSE EITHER TO DISOBEY OR TO DISREGARD THE LAW.

MERELY ASSOCIATING WITH OTHERS WHO WERE COMMITTING A CRIME IS NOT SUFFICIENT TO ESTABLISH

176

AIDING AND ABETTING. ONE WHO HAS NO KNOWLEDGE THAT A CRIME IS BEING COMMITTED OR IS ABOUT TO BE COMMITTED BUT INADVERTENTLY DOES SOMETHING THAT AIDS IN THE COMMISSION OF THAT CRIME IS NOT AN AIDER AND ABETTOR. AN AIDER AND ABETTOR MUST KNOW THAT THE CRIME IS BEING COMMITTED AND ACT IN A WAY WHICH IS INTENDED TO BRING ABOUT THE SUCCESS OF THE CRIMINAL VENTURE.

TO DETERMINE WHETHER A DEFENDANT AIDED OR ABETTED THE COMMISSION OF THE CRIME WITH WHICH HE IS CHARGED, ASK YOURSELF THESE QUESTIONS:

DID HE PARTICIPATE IN THE CRIME CHARGED AS SOMETHING HE WISHED TO BRING ABOUT?

177

**DID HE KNOWINGLY ASSOCIATE HIMSELF WITH THE CRIMINAL VENTURE?**

**DID HE SEEK BY HIS ACTIONS TO MAKE THE CRIMINAL VENTURE SUCCEED?**

**IF HE DID, THEN THE DEFENDANT IS AN AIDER AND ABETTOR, AND THEREFORE GUILTY OF THE OFFENSE. IF, ON THE OTHER HAND, YOUR ANSWER TO ANY ONE OF THESE QUESTIONS IS "NO," THEN THE DEFENDANT IS NOT AN AIDER AND ABETTOR, AND YOU MAY NOT FIND HIM GUILTY AS AN AIDER AND ABETTOR.**

**ANOTHER WAY OF AIDING AND ABETTING A CRIME IS BY WILLFULLY CAUSING A CRIME. SECTION 2(B) OF THE AIDING AND ABETTING STATUTE READS AS FOLLOWS:**

**178**

**WHOEVER WILLFULLY CAUSES AN ACT TO BE DONE WHICH IF DIRECTLY PERFORMED BY HIM OR ANOTHER WOULD BE AN OFFENSE AGAINST THE UNITED STATES, IS PUNISHABLE AS A PRINCIPAL.**

**THE TERM "WILLFULLY CAUSED" DOES NOT MEAN THAT THE DEFENDANT HIMSELF NEED HAVE PHYSICALLY COMMITTED THE CRIME OR SUPERVISED OR PARTICIPATED IN THE ACTUAL CRIMINAL CONDUCT CHARGED IN THE INDICTMENT.**

**TO DETERMINE WHETHER THE DEFENDANT "WILFULLY CAUSED" THE CRIME, AS YOURSELF THESE QUESTIONS:**

**DID THE DEFENDANT INTEND FOR THE CRIME TO**

**179**

OCCUR?

DID THE DEFENDANT INTENTIONALLY CAUSE ANOTHER PERSON TO COMMIT THE CRIME?

IF YOU ARE PERSUADED BEYOND A REASONABLE DOUBT THAT THE ANSWER TO BOTH OF THESE QUESTIONS IS "YES," THEN THE DEFENDANT IS GUILTY OF COUNT TWO JUST AS IF HE HIMSELF HAD ACTUALLY COMMITTED IT. IF, ON THE OTHER HAND, YOUR ANSWER TO ANY OF THOSE QUESTIONS IS "NO," THEN YOU MAY NOT FIND HIM GUILTY AS AN AIDER AND ABETTOR.

## COUNT THREE: MONEY LAUNDERING CONSPIRACY

COUNT THREE OF THE INDICTMENT CHARGES THE

DEFENDANT WITH CONSPIRACY TO COMMIT MONEY

LAUNDERING AS FOLLOWS:

ON OR ABOUT AND BETWEEN MARCH 1, 2015 AND JULY

10, 2020, BOTH DATES BEING APPROXIMATE AND

INCLUSIVE, WITHIN THE EASTERN DISTRICT OF NEW

YORK AND ELSEWHERE, THE DEFENDANT JAVIER

AGUILAR, TOGETHER WITH OTHERS, DID KNOWINGLY

AND INTENTIONALLY CONSPIRE TO COMMIT OFFENSES

UNDER TITLE 18, UNITED STATES CODE, SECTION 1956, TO

WIT:

(A) TO TRANSPORT, TRANSMIT AND TRANSFER

MONETARY INSTRUMENTS AND FUNDS FROM ONE OR

181

MORE PLACES IN THE UNITED STATES TO AND THROUGH ONE OR MORE PLACES OUTSIDE THE UNITED STATES, AND TO ONE OR MORE PLACES IN THE UNITED STATES FROM AND THROUGH ONE OR MORE PLACES OUTSIDE THE UNITED STATES, WITH THE INTENT TO PROMOTE THE CARRYING ON OF ONE OR MORE SPECIFIED UNLAWFUL ACTIVITIES, TO WIT: (I) FELONY VIOLATIONS OF THE FCPA, IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTIONS 78DD-2 AND 78DD-3; AND (II) ONE OR MORE OFFENSES AGAINST A FOREIGN NATION INVOLVING BRIBERY OF A PUBLIC OFFICIAL, AND THE MISAPPROPRIATION, THEFT AND EMBEZZLEMENT OF PUBLIC FUNDS BY AND FOR THE BENEFIT OF A PUBLIC

OFFICIAL, IN VIOLATION OF THE ECUADORIAN PENAL

CODE, AS DEFINED IN TITLE 18, UNITED STATES CODE,

SECTION 1956(C)(7)(B)(IV) (COLLECTIVELY THE

"SPECIFIED UNLAWFUL ACTIVITIES"), CONTRARY TO

TITLE 18, UNITED STATES CODE, SECTION 1956(A)(2)(A);

AND

(B) TO TRANSPORT, TRANSMIT AND TRANSFER

MONETARY INSTRUMENTS AND FUNDS FROM ONE OR

MORE PLACES IN THE UNITED STATES TO AND THROUGH

ONE OR MORE PLACES OUTSIDE THE UNITED STATES, AND

TO ONE OR MORE PLACES IN THE UNITED STATES FROM

AND THROUGH ONE OR MORE PLACES OUTSIDE THE

UNITED STATES, KNOWING THAT SUCH MONETARY

INSTRUMENTS AND FUNDS INVOLVED IN THE TRANSPORTATION, TRANSMISSIONS AND TRANSFERS REPRESENTED THE PROCEEDS OF SOME FORM OF UNLAWFUL ACTIVITY, AND KNOWING THAT SUCH TRANSPORTATION, TRANSMISSIONS AND TRANSFERS WERE DESIGNED IN WHOLE AND IN PART TO CONCEAL AND DISGUISE THE NATURE, THE LOCATION, THE SOURCE, THE OWNERSHIP AND THE CONTROL OF THE PROCEEDS OF ONE OR MORE OF THE SPECIFIED UNLAWFUL ACTIVITIES, CONTRARY TO TITLE 18, UNITED STATES CODE, SECTION 1956(A)(2)(B)(I).

## ELEMENTS OF CONSPIRACY TO COMMIT MONEY LAUNDERING

TO PROVE THE CRIME OF CONSPIRACY TO COMMIT

184

MONEY LAUNDERING, THE GOVERNMENT MUST PROVE TWO ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST, THE EXISTENCE OF THE CONSPIRACY CHARGED, THAT IS, AN AGREEMENT OR UNDERSTANDING TO VIOLATE A CERTAIN LAW OF THE UNITED STATES; AND

SECOND, THAT THE DEFENDANT KNOWINGLY AND WILLFULLY BECAME A MEMBER OF THE CONSPIRACY CHARGED WITH KNOWLEDGE OF, AND THE INTENT TO FURTHER, ITS UNLAWFUL OBJECT.

I INSTRUCTED YOU REGARDING THESE TWO ELEMENTS IN MY INSTRUCTIONS FOR COUNT ONE. THOSE SAME INSTRUCTIONS APPLY HERE. AS YOU HEARD ME SAY A MOMENT AGO, THERE ARE ONLY TWO ELEMENTS OF

COUNT THREE. FOR THIS CONSPIRACY COUNT, UNLIKE THE CONSPIRACY CHARGED IN COUNT ONE, YOU NEED NOT FIND THAT AN OVERT ACT WAS COMMITTED BY ANYONE IN FURTHERANCE OF THE CONSPIRACY.

## OBJECTS OF THE CHARGED CONSPIRACY TO COMMIT MONEY LAUNDERING

THE INDICTMENT ALLEGES TWO OBJECTS OF THE CONSPIRACY CHARGED IN COUNT THREE:

(1) TO TRANSPORT, TRANSMIT OR TRANSFER MONEY INTERNATIONALLY WITH AN INTENT TO PROMOTE THE CARRYING ON OF SPECIFIED UNLAWFUL ACTIVITY, IN VIOLATION OF 18 U.S.C. § 1956(A)(2)(A);

AND (2) TO TRANSPORT, TRANSMIT OR TRANSFER MONEY INTERNATIONALLY KNOWING THAT THE MONEY

186

REPRESENTED PROCEEDS FROM SOME FORM OF UNLAWFUL ACTIVITY AND KNOWING THAT SUCH TRANSPORTATION, TRANSMISSION AND TRANSFER WAS DESIGNED, AT LEAST IN PART, TO CONCEAL AND DISGUISE THE NATURE, LOCATION, SOURCE, OWNERSHIP OR CONTROL OF THE PROCEEDS OF ONE OR MORE SPECIFIED UNLAWFUL ACTIVITIES, IN VIOLATION OF 18 U.S.C. § 1956(A)(2)(B)(I).

THUS, THE CONSPIRACY CHARGED IN COUNT THREE HAS TWO ALLEGED OBJECTIVES, THAT IS, TWO WAYS IN WHICH THE MEMBERS CONSPIRED TO COMMIT MONEY LAUNDERING. IF THE GOVERNMENT FAILS TO PROVE THAT AT LEAST ONE OF THESE TWO OBJECTIVES WAS AN

OBJECT OF THE CONSPIRACY, THEN YOU MUST FIND THE DEFENDANT NOT GUILTY OF COUNT THREE. THE GOVERNMENT NEED NOT PROVE THAT THE DEFENDANT ENTERED INTO AN AGREEMENT TO ACCOMPLISH BOTH THE UNLAWFUL OBJECTIVES ALLEGED. IF YOU FIND UNANIMOUSLY THAT THE DEFENDANT AGREED TO COMMIT EITHER ONE OF THESE OBJECTIVES, THEN THIS ELEMENT WOULD BE PROVED.

THE DEFENDANT IS NOT CHARGED WITH ANY OF THE SUBSTANTIVE MONEY LAUNDERING CRIMES THAT ARE THE OBJECTS OF THE CONSPIRACY. REMEMBER THAT CONSPIRACY, STANDING ALONE, IS A SEPARATE CRIME, EVEN IF THE CONSPIRACY IS NOT SUCCESSFUL AND EVEN

IF YOU FIND THAT THE DEFENDANT NEVER ACTUALLY COMMITTED THE SUBSTANTIVE CRIMES THAT WERE THE OBJECT OF THE CONSPIRACY.

## OBJECTS OF THE MONEY LAUNDERING CONSPIRACY – ELEMENTS

I WILL NOW EXPLAIN THE ELEMENTS OF THE TWO OBJECTS OF THE CONSPIRACY CHARGED IN COUNT THREE.

AS WAS THE CASE FOR COUNT ONE, I WILL DESCRIBE FOR YOU THE ELEMENTS OF THESE UNLAWFUL ACTS ONLY SO YOU CAN UNDERSTAND WHAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT WAS AN OBJECTIVE OF THE CONSPIRACY. HOWEVER, YOU MUST ALL AGREE ON THE SPECIFIC

189

OBJECT OR OBJECTS THE CONSPIRATORS AGREED TO TRY TO ACCOMPLISH, AND YOU MAY FIND THAT THEY AGREED TO TRY TO ACCOMPLISH MORE THAN ONE. YOU MUST ALL FIND UNANIMOUSLY THAT THE GOVERNMENT HAS PROVEN THE SAME OBJECT OF THE CONSPIRACY BEYOND A REASONABLE DOUBT.

IN CONSIDERING THE TWO OBJECTS OF THE CONSPIRACY CHARGED IN COUNT THREE, YOU SHOULD KEEP IN MIND THAT YOU NEED NOT FIND THAT THE CONSPIRATORS AGREED TO ACCOMPLISH BOTH OBJECTS OR GOALS. INSTEAD, AN AGREEMENT TO ACCOMPLISH EITHER ONE OF THE TWO OBJECTS IS SUFFICIENT.

IF YOU FIND THAT TWO OR MORE PERSONS AGREED

TO ACCOMPLISH EITHER ONE OF THE TWO OBJECTS CHARGED IN COUNT THREE, THE ILLEGAL PURPOSE ELEMENT WILL BE SATISFIED, REGARDLESS OF WHETHER OR NOT THAT OBJECT WAS IN FACT ACCOMPLISHED — THAT IS, REGARDLESS OF WHETHER THAT GOAL SUCCEEDED.

## OBJECT #1 - VIOLATION OF THE MONEY LAUNDERING STATUTE - INTERNATIONAL TRANSFER TO PROMOTE SPECIFIED UNLAWFUL ACTIVITY ( § 1956(A)(2)(A))

THE FIRST OBJECT OF THE MONEY LAUNDERING CONSPIRACY CHARGED IN COUNT THREE OF THE INDICTMENT IS THE TRANSPORTATION, TRANSMISSION OR TRANSFER OF FUNDS OR MONETARY INSTRUMENTS TO

191

OR FROM THE UNITED STATES, WITH AN INTENT TO PROMOTE CERTAIN OTHER CRIMES, KNOWN AS SPECIFIED UNLAWFUL ACTIVITY. THE RELEVANT STATUTE ON THIS SUBJECT IS TITLE 18, UNITED STATES CODE, SECTION 1956(A)(2)(A), WHICH READS AS FOLLOWS:

WHOEVER TRANSPORTS, TRANSMITS, OR TRANSFERS, OR ATTEMPTS TO TRANSPORT, TRANSMIT, OR TRANSFER A MONETARY INSTRUMENT OR FUNDS FROM A PLACE IN THE UNITED STATES TO OR THROUGH A PLACE OUTSIDE THE UNITED STATES OR TO A PLACE IN THE UNITED STATES FROM OR THROUGH A PLACE OUTSIDE THE UNITED STATES . . . WITH THE INTENT TO PROMOTE THE CARRYING ON OF SPECIFIED UNLAWFUL ACTIVITY

192

**[SHALL BE GUILTY OF A CRIME].**

**THE ELEMENTS OF A VIOLATION OF THIS STATUTE ARE AS FOLLOWS:**

**FIRST, THAT AN INDIVIDUAL TRANSPORTED OR TRANSFERRED OR TRANSMITTED, OR ATTEMPTED TO TRANSPORT OR TRANSFER OR TRANSMIT, A MONETARY INSTRUMENT OR FUNDS FROM A PLACE IN THE UNITED STATES TO OR THROUGH A PLACE OUTSIDE THE UNITED STATES, OR TO A PLACE IN THE UNITED STATES FROM OR THROUGH A PLACE OUTSIDE THE UNITED STATES.**

**SECOND, THAT THE INDIVIDUAL DID SO WITH THE INTENT TO PROMOTE THE CARRYING ON OF SPECIFIED UNLAWFUL ACTIVITY.**

**193**

## FIRST ELEMENT – TRANSPORTATION OF A MONETARY INSTRUMENT OR FUNDS TO OR FROM OR THROUGH THE UNITED STATES

THE FIRST ELEMENT IS THAT AN INDIVIDUAL TRANSPORTED OR TRANSFERRED OR TRANSMITTED, OR ATTEMPTED TO TRANSPORT OR TRANSFER OR TRANSMIT, A MONETARY INSTRUMENT OR FUNDS FROM A PLACE IN THE UNITED STATES TO OR THROUGH A PLACE OUTSIDE THE UNITED STATES OR TO A PLACE IN THE UNITED STATES FROM OR THROUGH A PLACE OUTSIDE THE UNITED STATES.

THE TERM "MONETARY INSTRUMENT" MEANS COIN OR CURRENCY OF THE UNITED STATES OR OF ANY OTHER COUNTRY, TRAVELERS' CHECKS, PERSONAL CHECKS,

194

BANK CHECKS, MONEY ORDERS, INVESTMENT SECURITIES IN BEARER FORM OR OTHERWISE IN SUCH FORM THAT TITLE THERETO PASSES UPON DELIVERY, AND NEGOTIABLE INSTRUMENTS IN BEARER FORM OR OTHERWISE IN SUCH FORM THAT TITLE THERETO PASSES UPON DELIVERY. THE TERM "FUNDS" REFERS TO MONEY OR NEGOTIABLE PAPER WHICH CAN BE CONVERTED INTO CURRENCY. FOR THIS OBJECT OF THE CONSPIRACY, IT DOES NOT MATTER WHETHER THE MONETARY INSTRUMENT OR FUNDS AT ISSUE WERE DERIVED FROM CRIMINAL ACTIVITY.

"TRANSPORTED" OR "TRANSFERRED" OR "TRANSMITTED" ARE NOT WORDS THAT REQUIRE A

195

DEFINITION; THEY HAVE THEIR ORDINARY, EVERYDAY MEANING. THE INDIVIDUAL NEED NOT HAVE PHYSICALLY CARRIED FUNDS OR MONETARY INSTRUMENTS IN ORDER TO PROVE THAT HE IS RESPONSIBLE FOR TRANSFERRING OR TRANSPORTING OR TRANSMITTING. ALL THAT IS REQUIRED IS THAT THE INDIVIDUAL CAUSED THE FUNDS OR MONETARY INSTRUMENT TO BE TRANSPORTED OR TRANSFERRED OR TRANSMITTED BY ANOTHER PERSON OR ENTITY. TO SATISFY THIS ELEMENT, THE FUNDS OR MONETARY INSTRUMENTS MUST HAVE BEEN TRANSPORTED, TRANSFERRED OR TRANSMITTED FROM SOMEWHERE IN THE UNITED STATES TO OR THROUGH SOMEPLACE OUTSIDE THE UNITED STATES OR TO

SOMEPLACE IN THE UNITED STATES FROM OR THROUGH

SOMEPLACE OUTSIDE THE UNITED STATES. THIS

ELEMENT IS SATISFIED WHERE FUNDS OR MONETARY

INSTRUMENTS WERE TRANSPORTED, TRANSFERRED OR

TRANSMITTED INTO OR OUT OF OR THROUGH UNITED

STATES-BASED ACCOUNTS, EVEN WHERE THE UNITED

STATES WAS NOT THE COUNTRY THE FUNDS OR

MONETARY INSTRUMENTS WERE ORIGINALLY COMING

FROM OR ULTIMATELY HEADED TO.

## SECOND ELEMENT – INTENT TO PROMOTE SPECIFIED UNLAWFUL ACTIVITY

THE SECOND ELEMENT IS THAT THE INDIVIDUAL

ACTED WITH INTENT TO PROMOTE THE CARRYING ON OF

ONE OR MORE CRIMES, REFERRED TO AS A "SPECIFIED

197

UNLAWFUL ACTIVITY" OR "SUA."

I HAVE ALREADY EXPLAINED WHAT IT MEANS TO ACT INTENTIONALLY AND YOU SHOULD APPLY THAT INSTRUCTION HERE.

I INSTRUCT YOU, AS A MATTER OF LAW, THAT FOR THIS OBJECT OF THE CONSPIRACY CHARGED IN COUNT THREE, THE TERM "SPECIFIED UNLAWFUL ACTIVITY" INCLUDES: (I) VIOLATIONS OF THE FCPA; AND (II) BRIBERY OF A PUBLIC OFFICIAL, IN VIOLATION OF ONE OR MORE OF THE LAWS OF ECUADOR.

I WILL EXPLAIN TO YOU THE ELEMENTS OF THE SPECIFIED UNLAWFUL ACTIVITIES.   KEEP IN MIND, HOWEVER, AS I INSTRUCTED EARLIER WITH RESPECT TO

THE FOREIGN CORRUPT PRACTICES ACT, THE DEFENDANT DOES NOT NEED TO BE AWARE OF THE SPECIFIC PROVISION OR PROVISIONS OF THE LAW THAT IT WAS THE OBJECT OF THE CONSPIRACY TO VIOLATE, OR ANY OTHER SPECIFIC PROVISION, PROVIDED THAT HE HAD KNOWLEDGE THAT HIS CONDUCT WAS, IN A GENERAL SENSE, UNLAWFUL. YOU NEED NOT FIND THAT THESE ACTIVITIES ACTUALLY OCCURRED, BUT MERELY THAT THE DEFENDANT JOINED THE CONSPIRACY WITH THE OBJECTIVE TO PROMOTE, FACILITATE OR ASSIST THEM TO OCCUR.

199

## FIRST SPECIFIED UNLAWFUL ACTIVITY – FOREIGN CORRUPT PRACTICES ACT VIOLATIONS WITH RESPECT TO ECUADOR OR MEXICO

I HAVE ALREADY EXPLAINED TO YOU THE ELEMENTS OF THE FIRST SPECIFIED UNLAWFUL ACTIVITY: VIOLATING THE FOREIGN CORRUPT PRACTICES ACT. IN DETERMINING WHETHER THERE WAS A MONEY LAUNDERING CONSPIRACY WITH THE INTENT TO PROMOTE A VIOLATION OF THE FOREIGN CORRUPT PRACTICES ACT, I INSTRUCT YOU TO APPLY THE SAME ELEMENTS OF THE FOREIGN CORRUPT PRACTICES ACT VIOLATION THAT I DESCRIBED IN CONNECTION WITH THE CONSPIRACY CHARGE IN COUNT ONE.

HOWEVER, UNLIKE COUNT ONE, WHICH CONCERNED

**200**

ONLY A CONSPIRACY TO BRIBE ECUADORIAN OFFICIALS, COUNT THREE ALLEGES A MONEY LAUNDERING CONSPIRACY TO PROMOTE THE BRIBERY OF ECUADORIAN OFFICIALS AND TO PROMOTE THE BRIBERY OF MEXICAN OFFICIALS. THUS, IF YOU FIND BEYOND A REASONABLE DOUBT THAT THE CONSPIRACY HAD THE OBJECT EITHER OF PROMOTING A FOREIGN CORRUPT PRACTICES ACT VIOLATION WITH RESPECT TO ECUADORIAN OFFICIALS OR PROMOTING A FOREIGN CORRUPT PRACTICES ACT VIOLATION WITH RESPECT TO MEXICAN OFFICIALS, THEN YOU SHOULD FIND THAT THIS ELEMENT IS SATISFIED.

RECALL THAT I PROVIDED YOU INSTRUCTIONS IN

201

CONNECTION WITH THE FIFTH ELEMENT OF A FOREIGN CORRUPT PRACTICES ACT VIOLATION ON HOW TO DETERMINE WHETHER CERTAIN ECUADORIAN INDIVIDUALS WERE "FOREIGN OFFICIALS" WITHIN THE MEANING OF THE FOREIGN CORRUPT PRACTICES ACT. AS YOU WILL RECALL, BECAUSE THE PARTIES AGREED THAT THE MINISTRY OF HYDROCARBONS WAS AN "AGENCY" OR "DEPARTMENT" OF THE GOVERNMENT OF ECUADOR AND THAT PETROECUADOR WAS AN "INSTRUMENTALITY" OF THE GOVERNMENT OF ECUADOR, I INSTRUCTED YOU THAT ANY OFFICER OR EMPLOYEE OF THE MINISTRY OF HYDROCARBONS OR PETROECUADOR, OR ANY PERSON ACTING IN AN OFFICIAL CAPACITY FOR OR ON BEHALF OF

**202**

THE MINISTRY OF HYDROCARBONS OR PETROECUADOR, EVEN IF NOT AN OFFICER OR EMPLOYEE OF THE MINISTRY OF HYDROCARBONS OR PETROECUADOR, WAS A "FOREIGN OFFICIAL" UNDER THE FOREIGN CORRUPT PRACTICES ACT.

THE PARTIES ALSO AGREE THAT PETRÓLEOS MEXICANOS ("PEMEX") IS AN "INSTRUMENTALITY" OF THE GOVERNMENT OF MEXICO, BUT THEY DO NOT AGREE AS TO WHETHER PEMEX PROCUREMENT INTERNATIONAL, INC. ("PEMEX PROCUREMENT INTERNATIONAL" OR "PPI") IS AN "INSTRUMENTALITY" OF THE GOVERNMENT OF MEXICO. THEREFORE, YOU WILL NEED TO DECIDE TO WHETHER PPI IS AN

**203**

"INSTRUMENTALITY" OF THE GOVERNMENT OF MEXICO IN ORDER TO DECIDE WHETHER CERTAIN INDIVIDUALS WERE "FOREIGN OFFICIALS" UNDER THE FOREIGN CORRUPT PRACTICES ACT.

THAT IS BECAUSE, AS I TOLD YOU PREVIOUSLY, THE TERM "FOREIGN OFFICIAL" UNDER THE FOREIGN CORRUPT PRACTICES ACT INCLUDES ANY OFFICER OR EMPLOYEE OF AN INSTRUMENTALITY OF A FOREIGN GOVERNMENT AS WELL AS ANY PERSON ACTING IN AN OFFICIAL CAPACITY FOR OR ON BEHALF OF AN INSTRUMENTALITY OF A FOREIGN GOVERNMENT, EVEN IF THAT PERSON IS NOT AN OFFICER OR EMPLOYEE OF THAT INSTRUMENTALITY.

AN "INSTRUMENTALITY" OF A FOREIGN GOVERNMENT IS AN ENTITY CONTROLLED BY THE GOVERNMENT OF A FOREIGN COUNTRY THAT PERFORMS A FUNCTION THE GOVERNMENT TREATS AS ITS OWN.

TO DECIDE IF PPI WAS CONTROLLED BY THE MEXICAN GOVERNMENT, YOU MAY CONSIDER THE FOLLOWING FACTORS FOR THE RELEVANT TIME PERIOD:

(1) THE MEXICAN GOVERNMENT'S FORMAL DESIGNATIONS OF THOSE ENTITIES;

(2) WHETHER THE MEXICAN GOVERNMENT HAD A MAJORITY OWNERSHIP INTEREST IN THOSE ENTITIES;

(3) THE GOVERNMENT'S ABILITY TO HIRE AND FIRE THE ENTITY'S PRINCIPALS;

**205**

**(4) THE EXTENT TO WHICH THE ENTITY'S PROFITS, IF ANY, GO DIRECTLY INTO THE GOVERNMENTAL FISC;**

**(5) THE EXTENT TO WHICH THE GOVERNMENT FUNDS THE ENTITY IF IT FAILS TO BREAK EVEN;**

**(6) THE LENGTH OF TIME THESE INDICIA HAVE EXISTED.**

**TO DECIDE IF PPI PERFORMS A FUNCTION THE GOVERNMENT TREATS AS ITS OWN, YOU MAY CONSIDER THE FOLLOWING FACTORS FOR THE RELEVANT TIME PERIOD:**

**(1) WHETHER THE ENTITY HAS A MONOPOLY OVER THE FUNCTION IT EXISTS TO CARRY OUT;**

**(2) WHETHER THE GOVERNMENT SUBSIDIZES THE**

**206**

COSTS ASSOCIATED WITH THE ENTITY PROVIDING SERVICES;

(3) WHETHER THE ENTITY PROVIDES SERVICES TO THE PUBLIC AT LARGE IN THE FOREIGN COUNTRY;

(4) WHETHER THE PUBLIC AND THE GOVERNMENT OF THE FOREIGN COUNTRY GENERALLY PERCEIVE THE ENTITY TO BE PERFORMING A GOVERNMENTAL FUNCTION.

THESE FACTORS ARE NOT EXCLUSIVE, AND NO SINGLE FACTOR WILL DETERMINE WHETHER PPI WAS AN INSTRUMENTALITY OF THE MEXICAN GOVERNMENT. TO DECIDE WHETHER PPI ARE INSTRUMENTALITIES, YOU MAY CONSIDER ALL OF THE EVIDENCE THAT HAS BEEN

RECEIVED IN THIS CASE.  YOU MAY ALSO CONSIDER THE

FOLLOWING PROVISIONS OF MEXICAN LAW:

- THE MEXICAN CONSTITUTION MAKES OIL AND
  ALL SOLID, LIQUID, AND GASEOUS
  HYDROCARBONS THE PROPERTY OF THE
  NATION.

- THE MEXICAN CONSTITUTION REQUIRES THAT
  THE EXPLORATION AND EXTRACTION OF OIL
  AND OTHER HYDROCARBONS BE CARRIED OUT
  WITH THE PURPOSE OF OBTAINING INCOME FOR
  THE MEXICAN STATE (I.E., THE MEXICAN
  GOVERNMENT) THAT CONTRIBUTES TO THE
  LONG-TERM DEVELOPMENT OF THE NATION.

**208**

- **MEXICAN LAW DESIGNATES PEMEX AS A "STATE PRODUCTIVE COMPANY." THE MEXICAN CONSTITUTION REQUIRES THAT THE MEXICAN GOVERNMENT MAINTAIN OWNERSHIP AND CONTROL OVER STATE PRODUCTIVE COMPANIES.**

- **THE MEXICAN GOVERNMENT IS THE SOLE OWNER OF PEMEX.**

- **MEXICAN LAW PROVIDES THAT PEMEX IS TO BE MANAGED BY A BOARD OF DIRECTORS AND A GENERAL DIRECTOR. THE MEXICAN PRESIDENT HAS THE POWER TO SELECT AND TO REMOVE ALL TEN MEMBERS OF PEMEX'S BOARD OF**

DIRECTORS, IN SOME INSTANCES WITH RATIFICATION BY THE MEXICAN SENATE. THE MEXICAN PRESIDENT ALSO HAS THE POWER TO PINPOINT PEMEX'S GENERAL DIRECTOR AND THE POWER TO REMOVE HIM IN HIS SOLE DISCRETION.

- MEXICAN LAW PERMITS PEMEX TO ESTABLISH AND OWN COMPANIES CALLED "AFFILIATED COMPANIES" TO CARRY OUT ITS ACTIVITIES. AN AFFILIATED COMPANY IS AT LEAST 50% OWNED BY PEMEX. MEXICAN LAW CLASSIFIES PPI AS AN AFFILIATE COMPANY OF PEMEX.

- THE MEXICAN SECRETARY OF ENERGY HAS THE

210

**POWER TO DESIGNATE AT LEAST ONE MEMBER OF THE BOARD OF DIRECTORS OF PEMEX'S AFFILIATED COMPANIES.**

- **UNDER MEXICAN LAW, AFFILIATED COMPANIES HAVE THE LEGAL NATURE AND ARE ORGANIZED IN ACCORDANCE WITH THE PRIVATE LAW OF THE PLACE OF THEIR INCORPORATION OR CREATION.**

- **EMPLOYEES OF AFFILIATE COMPANIES ARE NOT "PUBLIC SERVANTS" UNDER MEXICO'S PENAL CODE AND THEREFORE ARE NOT SUBJECT TO MEXICO'S CRIMINAL BRIBERY PROVISIONS.**

- **MEXICAN LAW DOES NOT GIVE PPI THE**

**EXCLUSIVE RIGHT TO PROVIDE PROCUREMENT SERVICES TO PEMEX.**

**IF YOU FIND THAT PPI WAS AN INSTRUMENTALITY OF THE GOVERNMENT OF MEXICO, THEN YOU MUST FIND THAT ANY OFFICER OR EMPLOYEE OF PPI, OR ANYONE ACTING IN AN OFFICIAL CAPACITY FOR OR ON BEHALF OF PPI, EVEN IF NOT AN OFFICER OR EMPLOYEE, WAS A "FOREIGN OFFICIAL" UNDER THE FOREIGN CORRUPT PRACTICES ACT.**

**SECOND SPECIFIED UNLAWFUL ACTIVITY – ECUADORIAN BRIBERY LAW**

**AS NOTED ABOVE, THE SECOND SPECIFIED UNLAWFUL ACTIVITY INVOLVED IN THE MONEY LAUNDERING CONSPIRACY THE DEFENDANT IS CHARGED**

212

WITH ARE OFFENSES AGAINST A FOREIGN NATION. THE DEFENDANT IS CHARGED WITH CONSPIRING TO PROMOTE THE BRIBERY OF A PUBLIC OFFICIAL IN VIOLATION OF ECUADORIAN LAW.

I AM NOW GOING TO DESCRIBE THE ECUADORIAN LAW OF BRIBERY, BUT IN CONSIDERING COUNT THREE, YOU NEED NOT FIND THAT THE DEFENDANT INTENDED TO PROMOTE A VIOLATION OF THE ECUADORIAN LAW OF BRIBERY. RATHER, AS I DESCRIBED PREVIOUSLY, IT IS SUFFICIENT IF YOU FIND THAT HE ACTED WITH AN INTENT TO PROMOTE A VIOLATION OF THE FOREIGN CORRUPT PRACTICES ACT IN CONNECTION WITH ECUADOR OR MEXICO BRIBERY, OR A VIOLATION OF THE

213

ECUADORIAN LAW OF BRIBERY, OR BOTH.

THE CRIME OF BRIBERY UNDER ARTICLE 280 OF THE APPLICABLE ECUADORIAN PENAL CODE HAS FIVE ELEMENTS.

FIRST, THERE MUST BE EITHER ACCEPTANCE OF AN OFFER OR PROMISE OF A BRIBE OR RECEIPT OF A BRIBE BY A PUBLIC SERVANT OR A PERSON WHO ACTS ON BEHALF OF A STATE POWER FROM ANOTHER PERSON. A BRIBE IS DEFINED BROADLY TO INCLUDE A DONATION, GIFT, PROMISE, ADVANTAGE, OR UNDUE ECONOMIC BENEFIT OR OTHER MATERIAL GOOD;

SECOND, THE PERSON TO WHOM THE BRIBE IS OFFERED OR PROMISED MUST BE EITHER A PUBLIC

SERVANT OR A PERSON ACTING ON BEHALF OF A GOVERNMENTAL INSTITUTION. I INSTRUCT YOU AS A MATTER OF LAW THAT EXECUTIVES AND SENIOR MANAGERS OF PETROECUADOR AND OFFICIALS AT THE ECUADORIAN MINISTRY OF HYDROCARBONS ARE PUBLIC SERVANTS FOR PURPOSES OF THIS ELEMENT;

THIRD, THE PUBLIC SERVANT MUST AGREE TO RECEIVE OR ACTUALLY RECEIVE AN IMPROPER ECONOMIC BENEFIT. THE BRIBE NEED NOT BE PAID TO SATISFY THIS ELEMENT. IT IS SUFFICIENT THAT THE PUBLIC SERVANT HAS BEEN PROMISED AND HAS AGREED TO ACCEPT SOMETHING OF VALUE;

FOURTH, THE PURPOSE OF THE PAYMENT MUST BE

215

TO INFLUENCE THE WAY IN WHICH THE PUBLIC SERVANT PERFORMS HIS OR HER JOB OR FUNCTION. BRIBERY INCLUDES NOT SIMPLY PAYMENTS OR PROMISES OF PAYMENTS FOR COMMITTING OR FAILING TO COMMIT ACTS, BUT ALSO EXPEDITING, DELAYING OR CONDITIONING ANY MATTERS RELATING TO THE PUBLIC SERVANT'S FUNCTIONS; AND

FIFTH, THERE MUST BE CORRUPT CONDUCT; IN OTHER WORDS, THE BRIBE PAYER MUST HAVE KNOWLEDGE THAT HE IS PAYING, OFFERING OR PROMISING NON-OWED RENUMERATION THAT THE PUBLIC SERVANT CANNOT RIGHTFULLY ACCEPT.

216

## OBJECT #2 ‑ VIOLATION OF THE MONEY LAUNDERING STATUTE ‑ TRANSPORTATION OF MONETARY INSTRUMENTS OR FUNDS TO CONCEAL OR DISGUISE PROCEEDS ( § 1956(A)(2)(B)(I))

THE SECOND OBJECT OF THE MONEY LAUNDERING CONSPIRACY CHARGED IN COUNT THREE OF THE INDICTMENT IS THE KNOWING TRANSPORTATION OF FUNDS OR MONETARY INSTRUMENTS TO CONCEAL OR DISGUISE THE ORIGIN OF THE PROPERTY. THE RELEVANT STATUTE ON THIS SUBJECT IS TITLE 18, UNITED STATES CODE, SECTION 1956(A)(2)(B)(I), WHICH READS AS FOLLOWS:

WHOEVER TRANSPORTS, TRANSMITS, OR TRANSFERS, OR ATTEMPTS TO TRANSPORT, TRANSMIT, OR TRANSFER

217

A MONETARY INSTRUMENT OR FUNDS FROM A PLACE IN

THE UNITED STATES TO OR THROUGH A PLACE OUTSIDE

THE UNITED STATES OR TO A PLACE IN THE UNITED

STATES FROM OR THROUGH A PLACE OUTSIDE THE

UNITED STATES . . . KNOWING THAT THE MONETARY

INSTRUMENT OR FUNDS INVOLVED IN THE

TRANSPORTATION, TRANSMISSION, OR TRANSFER

REPRESENT THE PROCEEDS OF SOME FORM OF

UNLAWFUL ACTIVITY AND KNOWING THAT SUCH

TRANSPORTATION IS DESIGNED IN WHOLE OR IN PART . . .

TO CONCEAL OR DISGUISE THE NATURE, THE LOCATION,

THE SOURCE, THE OWNERSHIP, OR THE CONTROL OF THE

PROCEEDS OF SPECIFIED UNLAWFUL ACTIVITY [SHALL BE

**GUILTY OF AN OFFENSE].**

THE ELEMENTS OF A VIOLATION OF THIS STATUTE ARE AS FOLLOWS:

FIRST, THAT THE INDIVIDUAL TRANSPORTED OR TRANSFERRED OR TRANSMITTED, OR ATTEMPTED TO TRANSPORT OR TRANSFER OR TRANSMIT, A MONETARY INSTRUMENT OR FUNDS FROM A PLACE IN THE UNITED STATES TO OR THROUGH A PLACE OUTSIDE THE UNITED STATES, OR TO A PLACE IN THE UNITED STATES FROM OR THROUGH A PLACE OUTSIDE THE UNITED STATES.

SECOND, THAT THE INDIVIDUAL DID SO WITH THE KNOWLEDGE THAT THE MONETARY INSTRUMENT OR FUNDS INVOLVED REPRESENTED THE PROCEEDS OF SOME

FORM OF UNLAWFUL ACTIVITY.

THIRD, THAT THE INDIVIDUAL DID SO WITH THE KNOWLEDGE THAT THE TRANSPORTATION, TRANSFER OR TRANSMISSION WAS DESIGNED, IN WHOLE OR IN PART, TO CONCEAL OR DISGUISE THE NATURE, LOCATION, SOURCE, OWNERSHIP OR CONTROL OF THE PROCEEDS OF SPECIFIED UNLAWFUL ACTIVITY.

## FIRST ELEMENT – TRANSPORTATION OF A MONETARY INSTRUMENT OR FUNDS TO OR FROM OR THROUGH THE UNITED STATES

THE FIRST ELEMENT IS THAT THE INDIVIDUAL TRANSPORTED OR TRANSFERRED OR TRANSMITTED, OR ATTEMPTED TO TRANSPORT OR TRANSFER OR TRANSMIT, A MONETARY INSTRUMENT OR FUNDS FROM A PLACE IN

220

THE UNITED STATES TO OR THROUGH A PLACE OUTSIDE

THE UNITED STATES OR TO A PLACE IN THE UNITED

STATES FROM OR THROUGH A PLACE OUTSIDE THE

UNITED STATES.

I HAVE PREVIOUSLY DEFINED THIS ELEMENT FOR

YOU IN THE CONTEXT OF THE FIRST CHARGED OBJECT OF

THE MONEY LAUNDERING CONSPIRACY, AND I INSTRUCT

YOU TO APPLY THAT DEFINITION HERE.

## SECOND ELEMENT – KNOWLEDGE THAT THE PROPERTY INVOLVED WAS THE PROCEEDS OF UNLAWFUL ACTIVITY

THE SECOND ELEMENT IS THAT THE INDIVIDUAL

KNEW THAT THE PROPERTY INVOLVED IN THE

TRANSPORTATION, TRANSMISSION OR TRANSFER WAS

221

THE PROCEEDS OF SOME FORM OF UNLAWFUL ACTIVITY.

TO SATISFY THIS ELEMENT, THE INDIVIDUAL MUST HAVE KNOWN THAT THE PROPERTY INVOLVED IN THE TRANSACTION REPRESENTED PROCEEDS FROM SOME FORM, THOUGH NOT NECESSARILY WHICH FORM, OF ACTIVITY THAT CONSTITUTES A FELONY UNDER STATE, FEDERAL, OR FOREIGN LAW. I INSTRUCT YOU AS A MATTER OF LAW THAT THE VIOLATIONS OF THE FOREIGN CORRUPT PRACTICES ACT AND THE ECUADORIAN LAW PREVIOUSLY DESCRIBED ARE FELONIES. THE TERM "PROCEEDS" MEANS ANY PROPERTY DERIVED FROM OR OBTAINED OR RETAINED, DIRECTLY OR INDIRECTLY, THROUGH SOME FORM OF UNLAWFUL ACTIVITY,

INCLUDING THE GROSS RECEIPTS OF SUCH ACTIVITY.

THE GOVERNMENT DOES NOT HAVE TO PROVE THAT THE CONSPIRATORS SPECIFICALLY KNEW THAT THE PROPERTY INVOLVED IN THE TRANSPORTATION, TRANSMISSION OR TRANSFER REPRESENTED THE PROCEEDS OF ANY SPECIFIC OFFENSE. NOR DOES THE GOVERNMENT HAVE TO PROVE THAT THE CONSPIRATORS KNEW THE PROPERTY INVOLVED IN THE OFFENSE IN FACT WAS THE PROCEEDS OF SPECIFIED UNLAWFUL ACTIVITY, INCLUDING THE VIOLATIONS OF THE FOREIGN CORRUPT PRACTICES ACT AND ECUADORIAN LAW PREVIOUSLY DESCRIBED. RATHER, IF THE GOVERNMENT PROVES THAT THE INDIVIDUALS AGREED TO TRANSPORT,

TRANSMIT OR TRANSFER PROPERTY THEY KNEW TO BE THE PROCEEDS OF SOME ILLEGAL ACTIVITY THAT WAS A FELONY, THIS ELEMENT IS SATISFIED.

KEEP IN MIND THAT IT IS NOT NECESSARY FOR ALL CONSPIRATORS TO BELIEVE THAT THE PROCEEDS CAME FROM THE SAME UNLAWFUL ACTIVITY; IT IS SUFFICIENT THAT EACH POTENTIAL CONSPIRATOR BELIEVED THAT THE PROCEEDS CAME FROM SOME UNLAWFUL ACTIVITY.

## THIRD ELEMENT – KNOWLEDGE OF THE UNLAWFUL PURPOSE OF THE TRANSPORTATION

THE THIRD ELEMENT IS THAT THE INDIVIDUAL TRANSPORTED, TRANSFERRED OR TRANSMITTED THE MONETARY INSTRUMENTS OR FUNDS WITH KNOWLEDGE THAT THE TRANSPORTATION, TRANSFER OR

224

TRANSMISSION WAS DESIGNED TO CONCEAL OR DISGUISE THE NATURE, LOCATION, SOURCE, OWNERSHIP, OR CONTROL OF THE PROCEEDS OF SPECIFIED UNLAWFUL ACTIVITY.

PROOF ONLY THAT THE FUNDS WERE CONCEALED IS NOT SUFFICIENT TO SATISFY THIS ELEMENT. INSTEAD, THE PURPOSE OF THE TRANSPORTATION NEEDS TO HAVE BEEN TO CONCEAL OR DISGUISE THE NATURE, LOCATION, SOURCE, OWNERSHIP, OR CONTROL OF THE PROCEEDS AND THAT THE INDIVIDUAL KNEW THAT THIS WAS THE PURPOSE OF THE TRANSPORTATION.

## ADDITIONAL INSTRUCTION – LAWFULNESS OR BENEFITS OF ACTS OR GOALS NO DEFENSE

WITH RESPECT TO ALL COUNTS, IT IS NOT A DEFENSE THAT, HAD THERE BEEN NO OFFER OR GIVING OF A CORRUPT PAYMENT OR OFFER OF PAYMENT, THE ALLEGED ECUADORIAN OR MEXICAN OFFICIALS MIGHT HAVE PERFORMED THE SAME ACT OR ACTS, OR THAT THE ACTIONS TAKEN BY THE ALLEGED ECUADORIAN OR MEXICAN OFFICIALS OR THE ACTS THAT THE DEFENDANT INTENDED TO BE TAKEN BY THEM MAY HAVE BEEN DESIRABLE OR BENEFICIAL TO THE PUBLIC OR TO ANY PARTICULAR COUNTRY, OR WOULD NOT HAVE HARMED THE PUBLIC, OR ANY PARTICULAR COUNTRY. NOR IS IT A DEFENSE THAT THE ACTIONS TAKEN BY THE ALLEGED

226

ECUADORIAN AND MEXICAN OFFICIALS AS A RESULT IN WHOLE OR IN PART OF THE ALLEGED BRIBES MAY HAVE BEEN ONLY THE FIRST STEP IN AN OTHERWISE LAWFUL OR PROPER PROCESS. THE LAWS IN THIS CASE ARE NOT CONCERNED WITH THE RESULTS OF AN OFFER OR GIVING OF CORRUPT PAYMENTS, BUT RATHER THAT SUCH OFFERS AND PAYMENTS NOT BE MADE.

## MULTIPLE CONSPIRACIES

AS I MENTIONED, COUNT ONE OF THE INDICTMENT CHARGES A SINGLE CONSPIRACY TO VIOLATE THE FOREIGN CORRUPT PRACTICES ACT, AND COUNT THREE CHARGES A SINGLE CONSPIRACY TO COMMIT MONEY LAUNDERING.

AS TO COUNT ONE, WHETHER THERE EXISTED A SINGLE UNLAWFUL AGREEMENT, OR MANY SUCH AGREEMENTS, OR INDEED, NO AGREEMENT AT ALL, IS A QUESTION OF FACT FOR YOU, THE JURY, TO DETERMINE. LIKEWISE, AS TO COUNT THREE, WHETHER THERE EXISTED A SINGLE UNLAWFUL AGREEMENT, OR MANY SUCH AGREEMENTS, OR NO AGREEMENT AT ALL, IS A QUESTION OF FACT FOR YOU, THE JURY, TO DETERMINE.

**228**

WHEN TWO OR MORE PEOPLE JOIN TOGETHER TO FURTHER ONE COMMON UNLAWFUL DESIGN OR PURPOSE, A SINGLE CONSPIRACY EXISTS. BY WAY OF CONTRAST, MULTIPLE CONSPIRACIES EXIST WHEN THERE ARE SEPARATE UNLAWFUL AGREEMENTS TO ACHIEVE DISTINCT PURPOSES.

YOU MAY FIND THAT THERE WAS A SINGLE CONSPIRACY DESPITE THE FACT THAT THERE WERE CHANGES IN EITHER PERSONNEL, BY THE TERMINATION, WITHDRAWAL, ADDITIONS OF NEW MEMBERS, OR ACTIVITIES, OR BOTH, SO LONG AS YOU FIND THAT SOME OF THE CO-CONSPIRATORS CONTINUED TO ACT FOR THE ENTIRE DURATION OF THE CONSPIRACY FOR THE

**PURPOSES CHARGED IN THE INDICTMENT. THE FACT THAT THE MEMBERS OF A CONSPIRACY ARE NOT ALWAYS IDENTICAL DOES NOT NECESSARILY IMPLY THAT SEPARATE CONSPIRACIES EXIST.**

**ON THE OTHER HAND, IF YOU FIND THAT THE CONSPIRACY CHARGED IN COUNT ONE DID NOT EXIST, OR THAT THE DEFENDANT WAS A MEMBER OF ANOTHER CONSPIRACY, AND NOT THE ONE CHARGED IN COUNT ONE, THEN YOU CANNOT FIND THE DEFENDANT GUILTY OF THE SINGLE CONSPIRACY CHARGED IN THAT COUNT. THIS IS SO EVEN IF YOU FIND THAT SOME CONSPIRACY OTHER THAN THE ONE CHARGED IN COUNT ONE EXISTED, EVEN THOUGH THE PURPOSES OF BOTH CONSPIRACIES**

MAY HAVE BEEN THE SAME AND EVEN THOUGH THERE MAY HAVE BEEN SOME OVERLAP IN MEMBERSHIP.

LIKEWISE, IF YOU FIND THAT THE CONSPIRACY CHARGED IN COUNT THREE DID NOT EXIST, OR THAT THE DEFENDANT WAS A MEMBER OF ANOTHER CONSPIRACY, AND NOT THE ONE CHARGED IN COUNT THREE, THEN YOU CANNOT FIND THE DEFENDANT GUILTY OF THE SINGLE CONSPIRACY CHARGED IN THAT COUNT. THIS IS SO EVEN IF YOU FIND THAT SOME CONSPIRACY OTHER THAN THE ONE CHARGED IN COUNT THREE EXISTED, EVEN THOUGH THE PURPOSES OF BOTH CONSPIRACIES MAY HAVE BEEN THE SAME AND EVEN THOUGH THERE MAY HAVE BEEN SOME OVERLAP IN MEMBERSHIP.

**231**

## <u>THEORY OF DEFENSE</u>

### MR. AGUILAR HAS PLED NOT GUILTY AND MAINTAINS

### THAT HE DID NOT COMMIT THE OFFENSES CHARGED.

# III. RULES GOVERNING JURY DELIBERATIONS

## INTRODUCTION TO DELIBERATIONS

YOU ARE ABOUT TO GO INTO THE JURY ROOM, MEMBERS OF THE JURY, TO BEGIN YOUR DELIBERATIONS. THAT BRINGS US TO THE THIRD AND FINAL PART OF MY CHARGE WHICH PROVIDES SOME GENERAL RULES REGARDING YOUR DELIBERATIONS.

## SELECTING A FOREPERSON

IN ORDER THAT YOUR DELIBERATIONS MAY PROCEED IN AN ORDERLY FASHION, FIRST YOU SHOULD HAVE A FOREPERSON.  TRADITIONALLY, JUROR NUMBER ONE ACTS AS FOREPERSON.  OF COURSE, HIS OR HER VOTE IS ENTITLED TO NO GREATER WEIGHT THAN THAT OF ANY OTHER JUROR.

## <u>DELIBERATIONS</u>

KEEP IN MIND THAT NOTHING I HAVE SAID IN THESE

INSTRUCTIONS IS INTENDED TO SUGGEST TO YOU IN ANY

WAY WHAT I THINK YOUR VERDICT SHOULD BE.  THAT IS

ENTIRELY FOR YOU TO DECIDE.

BY WAY OF REMINDER, I CHARGE YOU ONCE AGAIN

THAT IT IS YOUR RESPONSIBILITY TO JUDGE THE FACTS

IN THIS CASE FROM THE EVIDENCE PRESENTED DURING

THE TRIAL AND TO APPLY THE LAW, AS I HAVE GIVEN IT

TO YOU, TO THE FACTS AS YOU FIND THEM FROM THE

EVIDENCE.

WHEN YOU RETIRE, IT IS YOUR DUTY TO DISCUSS THE

CASE FOR THE PURPOSE OF REACHING AGREEMENT IF

YOU CAN DO SO.  EACH OF YOU MUST DECIDE THE CASE

FOR YOURSELF BUT SHOULD DO SO ONLY AFTER CONSIDERING ALL THE EVIDENCE, LISTENING TO THE VIEWS OF YOUR FELLOW JURORS, AND DISCUSSING IT FULLY. IT IS IMPORTANT THAT YOU REACH A VERDICT IF YOU CAN DO SO CONSCIENTIOUSLY. YOU SHOULD NOT HESITATE TO RECONSIDER YOUR OPINIONS FROM TIME TO TIME AND TO CHANGE THEM IF YOU ARE CONVINCED THAT THEY ARE WRONG. HOWEVER, DO NOT SURRENDER AN HONEST CONVICTION AS TO WEIGHT AND EFFECT OF THE EVIDENCE SIMPLY TO ARRIVE AT A VERDICT.

## <u>UNANIMOUS VERDICT</u>

ANY VERDICT YOU REACH MUST BE UNANIMOUS.

THAT IS, WITH RESPECT TO EACH COUNT, YOU MUST ALL

AGREE AS TO WHETHER YOUR VERDICT IS GUILTY OR

NOT GUILTY AS TO THAT COUNT.

## TIME AND PLACE OF DELIBERATIONS

DELIBERATIONS ARE TO TAKE PLACE ONLY IN THE JURY ROOM.  YOU WILL NOT DISCUSS THIS CASE WITH ANYONE OUTSIDE THE JURY ROOM.  AND THAT INCLUDES YOUR FELLOW JURORS.  YOU WILL ONLY DISCUSS THE CASE WHEN ALL 12 DELIBERATING JURORS ARE TOGETHER, IN THE JURY ROOM, WITH NO ONE ELSE PRESENT, BEHIND THE CLOSED DOOR.  AT NO OTHER TIME IS THERE TO BE ANY DISCUSSION ABOUT THE MERITS OF THE CASE.  PERIOD.

## NO CONSIDERATION OF PUNISHMENT

**FINALLY, YOU CANNOT ALLOW A CONSIDERATION OF THE PUNISHMENT WHICH MAY BE IMPOSED UPON THE DEFENDANT, IF CONVICTED, TO INFLUENCE YOUR VERDICT IN ANY WAY OR TO ENTER INTO YOUR DELIBERATIONS.**

**I INSTRUCT YOU, HOWEVER, THAT NONE OF THE COUNTS IN THIS CASE IS A CAPITAL COUNT. BY THAT I MEAN THAT THE DEATH PENALTY IS NOT A POSSIBLE PUNISHMENT FOR ANY OF THE COUNTS IN THIS CASE.**

**REGARDLESS, THE DUTY OF IMPOSING A SENTENCE RESTS EXCLUSIVELY WITH ME. YOUR DUTY IS TO WEIGH THE EVIDENCE IN THE CASE AND TO DETERMINE WHETHER THE GOVERNMENT HAS PROVEN EVERY**

**239**

**ELEMENT BEYOND A REASONABLE DOUBT SOLELY UPON SUCH EVIDENCE AND UPON THE LAW WITHOUT BEING INFLUENCED BY ANY ASSUMPTION, CONJECTURE, SYMPATHY, OR INFERENCE NOT WARRANTED BY THE FACTS.**

## NO COMMUNICATIONS RULE

AS I AM SURE YOU CAN IMAGINE, IT IS VERY IMPORTANT THAT YOU NOT COMMUNICATE WITH ANYONE OUTSIDE THE JURY ROOM ABOUT YOUR DELIBERATIONS OR ABOUT ANYTHING TOUCHING THIS CASE. THERE IS ONLY ONE EXCEPTION TO THIS RULE. IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO COMMUNICATE WITH ME, YOU MAY SEND A NOTE, THROUGH THE MARSHAL, SIGNED BY YOUR FOREPERSON OR BY ONE OR MORE MEMBERS OF THE JURY. NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH ME EXCEPT BY A SIGNED WRITING, AND I WILL NEVER COMMUNICATE WITH ANY MEMBER OF THE JURY ON ANY SUBJECT TOUCHING THE MERITS OF

241

**THE CASE OTHER THAN IN WRITING, OR ORALLY HERE IN OPEN COURT. IF YOU SEND ANY NOTES TO THE COURT, DO NOT DISCLOSE ANYTHING ABOUT YOUR DELIBERATIONS. SPECIFICALLY, DO NOT DISCLOSE TO ANYONE — NOT EVEN TO ME — HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT ON EACH COUNT OR HAVE BEEN DISCHARGED.**

## JURY RECOLLECTION AND JURY NOTES

KEEP IN MIND TOO THAT IN DELIBERATIONS, THE JURY'S RECOLLECTION GOVERNS, NOBODY ELSE'S.  NOT THE COURT'S—IF I HAVE MADE REFERENCE TO THE TESTIMONY—AND NOT COUNSEL'S RECOLLECTION.  IT IS <u>YOUR</u> RECOLLECTION THAT MUST GOVERN DURING YOUR DELIBERATIONS.  IF NECESSARY DURING THOSE DELIBERATIONS, YOU MAY REQUEST BY JURY NOTE A READING FROM THE TRIAL TRANSCRIPT THAT MAY REFRESH YOUR RECOLLECTION.

PLEASE, AS BEST YOU CAN, TRY TO BE AS SPECIFIC AS POSSIBLE IN YOUR REQUESTS FOR READ BACKS; IN OTHER WORDS, IF YOU ARE INTERESTED ONLY IN A PARTICULAR PART OF A WITNESS'S TESTIMONY, PLEASE INDICATE

243

THAT TO US.  IT MAY TAKE SOME TIME FOR US TO LOCATE THE TESTIMONY IN THE TRANSCRIPTS, SO PLEASE BE PATIENT.  AND, AS A GENERAL MATTER, IF THERE IS EVER A DELAY IN RESPONDING TO A JURY NOTE, PLEASE UNDERSTAND THERE IS A REASON FOR IT.  NONE OF US GOES ANYWHERE.   AS SOON AS A JURY NOTE IS DELIVERED TO THE COURT BY THE MARSHAL, WE TURN OUR ATTENTION TO IT IMMEDIATELY.

IN THE SAME WAY, IF YOU HAVE ANY QUESTIONS ABOUT THE APPLICABLE LAW OR YOU WANT A FURTHER EXPLANATION FROM ME, SEND ME A NOTE.  WE WILL PROVIDE A RESPONSE AS SOON AS WE CAN.

## COMPLETION OF VERDICT SHEET

I HAVE PROVIDED THE JURY WITH A VERDICT SHEET, WHICH IS SELF-EXPLANATORY. NEEDLESS TO SAY, HOWEVER, IF YOU HAVE ANY QUESTIONS ABOUT THE VERDICT SHEET, DO NOT HESITATE TO SEND THE COURT A NOTE ASKING FOR FURTHER INSTRUCTIONS.

WITH RESPECT TO EACH COUNT, YOU ARE TO RESOLVE INDIVIDUALLY THE ISSUE OF WHETHER THE GOVERNMENT HAS ESTABLISHED BEYOND A REASONABLE DOUBT THE ESSENTIAL ELEMENTS OF THE OFFENSE AS I HAVE DESCRIBED THEM TO YOU. THAT IS, YOU MUST ALL AGREE UNANIMOUSLY AS TO WHETHER YOUR VERDICT IS GUILTY OR NOT GUILTY.

WHEN YOU HAVE REACHED A DECISION, HAVE THE FOREPERSON RECORD THE ANSWERS, SIGN THE VERDICT FORM, AND PUT THE DATE ON IT—AND NOTIFY THE MARSHAL BY NOTE THAT YOU HAVE REACHED A VERDICT.  BRING THE COMPLETED VERDICT SHEET WITH YOU WHEN SUMMONED BY THE COURT.

# BIAS

KEEP IN MIND THAT YOU MUST NOT BE INFLUENCED BY SYMPATHY, PREJUDICE, OR PUBLIC OPINION.  I REMIND YOU AT THE OUTSET THAT EACH OF YOU HAS UNDERTAKEN A SOLEMN OBLIGATION, A SWORN OBLIGATION, TO DECIDE THIS CASE SOLELY ON THE EVIDENCE.  YOU MUST CAREFULLY AND IMPARTIALLY CONSIDER THE EVIDENCE, FOLLOW THE LAW AS I STATE IT, AND REACH A JUST VERDICT, REGARDLESS OF THE CONSEQUENCES.

## JUROR'S OATH OF DUTY

AS YOU BEGIN YOUR DELIBERATIONS, REMEMBER YOUR OATH SUMS UP YOUR DUTY, AND THAT IS: WITHOUT FEAR OR FAVOR TO ANY PERSON OR PARTY, YOU WILL WELL AND TRULY TRY THE ISSUES IN THIS CASE ACCORDING TO THE EVIDENCE GIVEN TO YOU IN COURT AND THE LAWS OF THE UNITED STATES.

## <u>DISMISSAL OF ALTERNATE JURORS</u>

IN A FEW MINUTES, I AM GOING TO EXCUSE OUR ALTERNATE JURORS.  AS I TOLD YOU BEFORE, YOUR SERVICES WERE REQUIRED AS A SAFEGUARD AGAINST THE POSSIBILITY THAT ONE OF THE REGULAR JURORS MIGHT BE UNABLE TO COMPLETE HIS OR HER SERVICE.  I COMMEND THE ALTERNATE JURORS FOR THEIR FAITHFUL ATTENDANCE AND ATTENTION.  ON BEHALF OF THE COURT AND THE PARTIES, I THANK YOU FOR YOUR SERVICE.

## <u>PAUSE FOR EXCEPTIONS TO CHARGE</u>

**MEMBERS OF THE JURY, I ASK YOUR PATIENCE FOR A FEW MOMENTS LONGER.  IT MAY BE NECESSARY FOR ME TO SPEND A FEW MOMENTS WITH COUNSEL AND THE REPORTER AT THE SIDE BAR.  IF SO, I WILL ASK YOU TO REMAIN PATIENTLY IN THE BOX, WITHOUT SPEAKING TO EACH OTHER, AND WE WILL RETURN IN JUST A MOMENT TO SUBMIT THE CASE TO YOU.**

**THANK YOU AGAIN FOR YOUR TIME AND ATTENTIVENESS.**